| Fill in this information to identify the case: |
|---|
| United States Bankruptcy Court for the: |
| District of __Delaware__ (State) |
| Case number (If known): _____ Chapter __11__ |

☐ Check if this is an amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy    12/15

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

**1. Debtor's name**  
Liquid Holdings Group, Inc.

**2. All other names debtor used in the last 8 years**  
Include any assumed names, trade names, and *doing business as* names  
Liquid Holdings Group, LLC

**3. Debtor's federal Employer Identification Number (EIN)**  
4 6 – 3 2 5 2 1 4 2

**4. Debtor's address**

Principal place of business:
- 111 River Street  
- Suite 1204  
- Hoboken, NJ 07030  
- Hudson County

Mailing address, if different from principal place of business: (blank)

Location of principal assets, if different from principal place of business: (blank)

**5. Debtor's website (URL)**  
www.liquidholdings.com

**6. Type of debtor**  
☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))  
☐ Partnership (excluding LLP)  
☐ Other. Specify: _____

Debtor  Liquid Holdings Group, Inc.
      Name

Case number *(if known)* _____

### 7. Describe debtor's business

**A.** *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))
☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))
☐ Railroad (as defined in 11 U.S.C. § 101(44))
☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))
☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))
☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))
■ None of the above

**B.** *Check all that apply:*

☐ Tax-exempt entity (as described in 26 U.S.C. § 501)
☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)
☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

**C.** NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes.

5 1 1 2

### 8. Under which chapter of the Bankruptcy Code is the debtor filing?

*Check one:*

☐ Chapter 7
☐ Chapter 9
■ Chapter 11. *Check all that apply:*

    ■ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,490,925 (amount subject to adjustment on 4/01/16 and every 3 years after that).

    ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

    ☐ A plan is being filed with this petition.

    ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

    ■ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

    ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

### 9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?

If more than 2 cases, attach a separate list.

■ No
☐ Yes. District _____ When ___/___/_____ Case number _____
       District _____ When ___/___/_____ Case number _____

### 10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?

List all cases. If more than 1, attach a separate list.

☐ No
■ Yes. Debtor  Liquid Prime Holdings, LLC   Relationship  Wholly-owned Subsidiary
      District  District of Delaware   When  01/27/2016
      Case number, if known _____

Official Form 201    Voluntary Petition for Non-Individuals Filing for Bankruptcy    page 2

Debtor  Liquid Holdings Group, Inc.  
      Name

Case number (if known) _____

**11. Why is the case filed in *this* district?**

Check all that apply:

☒ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒ No

☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

    Why does the property need immediate attention? (Check all that apply.)

    ☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.
        What is the hazard? _____

    ☐ It needs to be physically secured or protected from the weather.

    ☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

    ☐ Other _____

    Where is the property? _____
        Number   Street

    _____
    City              State   ZIP Code

    **Is the property insured?**
    ☐ No
    ☐ Yes. Insurance agency _____
        Contact name _____
        Phone _____

### Statistical and administrative information

**13. Debtor's estimation of available funds**

Check one:

☒ Funds will be available for distribution to unsecured creditors.
☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

**14. Estimated number of creditors**

☐ 1-49
☐ 50-99
☐ 100-199
☒ 200-999

☐ 1,000-5,000
☐ 5,001-10,000
☐ 10,001-25,000

☐ 25,001-50,000
☐ 50,001-100,000
☐ More than 100,000

**15. Estimated assets**

☐ $0-$50,000
☐ $50,001-$100,000
☐ $100,001-$500,000
☐ $500,001-$1 million

☒ $1,000,001-$10 million
☐ $10,000,001-$50 million
☐ $50,000,001-$100 million
☐ $100,000,001-$500 million

☐ $500,000,001-$1 billion
☐ $1,000,000,001-$10 billion
☐ $10,000,000,001-$50 billion
☐ More than $50 billion

Debtor  Liquid Holdings Group, Inc.                                    Case number (if known) _____
        Name

**16. Estimated liabilities**

- ☐ $0-$50,000
- ☐ $50,001-$100,000
- ☐ $100,001-$500,000
- ☐ $500,001-$1 million
- ☒ $1,000,001-$10 million
- ☐ $10,000,001-$50 million
- ☐ $50,000,001-$100 million
- ☐ $100,000,001-$500 million
- ☐ $500,000,001-$1 billion
- ☐ $1,000,000,001-$10 billion
- ☐ $10,000,000,001-$50 billion
- ☐ More than $50 billion

### Request for Relief, Declaration, and Signatures

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  1/27/2016
             MM / DD / YYYY

X _____        Peter R. Kent
Signature of authorized representative of debtor    Printed name

Title  Chief Executive Officer

**18. Signature of attorney**

X _____        Date  1/27/2016
Signature of attorney for debtor                          MM / DD / YYYY

Victoria A. Guilfoyle
Printed name

BLANK ROME LLP
Firm name

1201      N. Market Street, Suite 800
Number    Street

Wilmington                                Delaware        19801
City                                      State           ZIP Code

(302) 425-6404                            Guilfoyle@BlankRome.com
Contact phone                             Email address

5183                                      Delaware
Bar number                                State

Official Form 201A (12/15)

*[If debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11 of the Bankruptcy Code, this Exhibit "A" shall be completed and attached to the petition.]*

*[Caption as in Form 416B]*

## Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11

1. If any of the debtor's securities are registered under Section 12 of the Securities Exchange Act of 1934, the SEC file number is  1-36024  .

2. The following financial data is the latest available information and refers to the debtor's condition on December 31, 2015 **.

    a. Total assets      $ 5,568,857

    b. Total debts (including debts listed in 2.c., below)      $ 1,481,700

    c. Debt securities held by more than 500 holders

Approximate number of holders:

| | | | | |
|---|---|---|---|---|
| secured ☐ | unsecured ☐ | subordinated ☐ | $ | |
| secured ☐ | unsecured ☐ | subordinated ☐ | $ | |
| secured ☐ | unsecured ☐ | subordinated ☐ | $ | |
| secured ☐ | unsecured ☐ | subordinated ☐ | $ | |
| secured ☐ | unsecured ☐ | subordinated ☐ | $ | |

    d. Number of shares of preferred stock      0
    e. Number of shares common stock      60,696,879

Comments, if any: ** The total assets and total debts listed represent their net book value at December 31, 2015 in accordance with U.S. Generally Accepted Accounting Principles and may not be representative of the fair market value for these assets and debts.

3. Brief description of debtor's business: Liquid Holdings Group, Inc. is a SaaS provider of investment management solutions to the buy side. The Liquid platform combines multi-asset order, execution and risk management with shadow NAV and investor reporting capabilities.

4. List the names of any person who directly or indirectly owns, controls, or holds, with power to vote, 5% or more of the voting securities of debtor:
Douglas J. Von Allmen - 21.40%
Robert W. Pereira - 7.54%

Official Form 201A      Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11

## CERTIFICATE OF THE SECRETARY
## OF LIQUID HOLDINGS GROUP, INC.

I, Jose Ibietatorremendia, the undersigned Secretary of Liquid Holdings Group, Inc., a Delaware corporation (the "**Company**"), do hereby certify that: (a) I am the duly elected, qualified Secretary of the Company; (b) the following resolutions were duly adopted by the Board of Directors (the "**Board of Directors**") of the Company, as of January 24, 2016, in accordance with the requirements of applicable law; and (c) said resolutions have not been amended, modified or rescinded and are in full force and effect as of the date hereof.

### LIQUID HOLDINGS GROUP, INC. BOARD OF DIRECTORS' RESOLUTIONS DULY ADOPTED AT A MEETING OF THE BOARD OF DIRECTORS HELD ON JANUARY 24, 2016

**WHEREAS**, the meeting of the Board of Directors was called to order for the purpose, among others, of discussing the Company's current circumstances regarding financial liquidity and authorizing the Company's filing of a petition (a "**Petition**") seeking relief under the provisions of Chapter 11 of title 11 of the United States Bankruptcy Code, 11 U.S.C. §§ 101, *et seq.* (the "**Bankruptcy Code**"); and

**WHEREAS**, the Board of Directors has been evaluating and considering a sale or liquidation of the Company's business in consultation with professional advisors of the Company; and

**WHEREAS**, the Board of Directors has determined that it is in the best interest of the Company and its stakeholders for the Company to file a Petition, and, if possible, consummate one or more sale or other restructuring transactions (collectively, the "**Sale and Restructuring Transactions**") and file a Chapter 11 plan implementing, among other things, the distribution of proceeds among stakeholders, on the terms outlined to the Board of Directors on the date hereof; and

**WHEREAS**, after discussion and review of the current circumstances regarding the financial liquidity of the Company with the Company's executive officers and financial and legal advisors and after evaluating and considering the information provided by and the recommendations of the Company's executive officers and financial and legal advisors, the following resolutions, among others, were duly made and seconded and unanimously adopted by the Board of Directors.

**NOW, THEREFORE, BE IT**

**RESOLVED**, that, in the judgment of the Board of Directors, it is desirable and in the best interests of the Company and its creditors, members and other interested parties that the Company file a Petition; and

**FURTHER RESOLVED**, that Peter R. Kent, Chief Executive Officer (the "**Authorized Officer**") is authorized and instructed to cause preparation of an appropriate voluntary Petition as determined by him under Chapter 11 of the Bankruptcy Code on behalf of the Company; and

**FURTHER RESOLVED**, the Authorized Officer is hereby authorized, on behalf of and in the name of the Company, to execute the Petition in such form as such Authorized Officer deems appropriate and that, upon such execution, the Authorized Officer is hereby authorized to cause the Company to file the petition with the United States Bankruptcy Court for the District of Delaware to commence a case (a "***Bankruptcy Case***") under Chapter 11 of the Bankruptcy Code on January 27, 2016; and

**FURTHER RESOLVED**, the Authorized Officer is hereby authorized to sign a written consent on behalf of the Company, in its capacity as the sole member of Liquid Prime Holdings, LLC ("***LPH***"), to authorize the commencement on January 27, 2016 of a Bankruptcy Case for LPH; and

**FURTHER RESOLVED**, that the Authorized Officer, on terms consistent with those presented to the Board of Directors, is authorized to execute and file (or direct others to do so on behalf of the Company as provided herein) all necessary documents, including, without limitation, all petitions, affidavits, schedules, motions, lists, applications, pleadings, and other papers, including the first day pleadings as described to the Board of Directors, and in connection therewith, to employ and retain all assistance by legal counsel, accountants, or other professionals and to take any and all action that he deems necessary and proper in connection with the Bankruptcy Case; and

**FURTHER RESOLVED**, the Authorized Officer is hereby authorized, on behalf of and in the name of the Company, to enter into the Sale and Restructuring Transactions, substantially in accordance with the summary presented to the Board of Directors, subject to such modifications thereto as the Authorized Officer may deem necessary or advisable in order to give effect to and carry out the general purposes of the Sale and Restructuring Transactions as presented to the Board of Directors; and

**FURTHER RESOLVED**, that the Authorized Officer is hereby authorized, on behalf of and in the name of the Company, to take actions and negotiate or cause to be prepared and negotiated and to execute, deliver, perform and cause the performance of any agreements, certificates, instruments, receipts, petitions, motions or other papers or documents in furtherance of the Sale and Restructuring Transactions to which the Company is or will be a party, including, but not limited to, any term sheet, agency agreement, management agreement, consulting agreement, support agreement, Chapter 11 plan, disclosure statement, asset purchase agreement, and all exhibits and/or ancillary documents related thereto; and

**FURTHER RESOLVED**, that the Company, as debtor and debtor in possession under Chapter 11 of the Bankruptcy Code, shall be, and it hereby is, authorized to (a) enter into a new debtor in possession financing facility and any associated documents and consummate the transactions contemplated therein (collectively, the "***Financing Transactions***") with such lenders and on such terms as may be approved, modified or amended by the Authorized Officer, as may be reasonably necessary or desirable for the continuing conduct of the affairs of the Company; and (b) pay related fees and grant security interests in and liens upon some, all or substantially all of the Company's assets, in such case, as may be deemed necessary or desirable by the Authorized Officer in connection with the Financing Transactions; and

**FURTHER RESOLVED**, that: (a) the Authorized Officer is hereby authorized, on behalf of and in the name of the Company, as debtor and debtor in possession, to take such actions and execute, acknowledge, deliver and verify such agreements, certificates, instruments, guaranties, notices and any and all other documents as the Authorized Officer may deem necessary or appropriate to facilitate the Financing Transactions (collectively, the "Financing Documents"); (b) Financing Documents containing such provisions, terms, conditions, covenants, warranties and representations as may be deemed necessary or desirable by the Authorized Officer are hereby approved; and (c) the actions of the Authorized Officer taken pursuant to this Resolution, including the execution, acknowledgment, delivery and verification of all agreements, certificates, instruments, guaranties, notices and other documents, shall be conclusive evidence of the Authorized Officer's approval thereof and the necessity or desirability thereof; and

**FURTHER RESOLVED**, that the Authorized Officer is hereby authorized to retain, on behalf of and in the name of the Company, the following professionals: (a) Blank Rome LLP; (b) Carl Marks Advisory Group LLC; (c) SenaHill Partners LP; (d) a claims agent selected by the Authorized Officer; and (e) such additional professionals, including attorneys, accountants, financial advisors, investment bankers, actuaries, consultants or brokers, in each case as in the Authorized Officer's judgment may be necessary or desirable in connection with the Company's and LPH's Bankruptcy Case and other related matters, on such terms as the Authorized Officer shall approve and the Authorized Officer's retention thereof to constitute conclusive evidence of the Authorized Officer's approval and the necessity and desirability thereof; and

**FURTHER RESOLVED**, that the Authorized Officer is authorized and directed, in the name of and on behalf of the Company, under the Company's corporate seal or otherwise, to make, enter into, execute, deliver and file any and all other or further agreements, documents, certificates, materials and instruments, to sell assets of the Company, to disburse funds of the Company, to take or cause to be taken any and all other actions, and to incur all such fees and expenses as such officer deems to be necessary, appropriate or advisable to carry out the purposes of the foregoing resolutions and the transactions contemplated thereunder and/or in connection with a Bankruptcy Case, the taking of any such action or execution of any such documents and/or agreements to constitute conclusive evidence and the exercise of such discretionary authority; and

**FURTHER RESOLVED**, that all acts lawfully done or actions lawfully taken by the Authorized Officer or any other officer of the Company to seek relief under Chapter 11 of the Bankruptcy Code or in connection with the Bankruptcy Case, or any matter related thereto, be, and hereby are, adopted, ratified, confirmed and approved in all respects as the acts and deeds of the Company; and

**FURTHER RESOLVED**, that each member of the Board of Directors hereby waives any and all irregularities of notice, with respect to the time and place of meeting, and consents to the transaction of all business described herein.

-4-

IN WITNESS WHEREOF, the undersigned has executed this certificate on January 27, 2016.

By: _____
Name:  Jose Ibietatorremendia
Title:  Secretary

**Fill in this information to identify the case:**

Debtor name __Liquid Holdings Group, Inc.__

United States Bankruptcy Court for the: _____ District of __Delaware__
(State)

Case number (If known): _____

☐ Check if this is an amended filing

# Official Form 204

## Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders

12/15

A list of creditors holding the 20 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an *insider,* as defined in 11 U.S.C. § 101(31).  Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 20 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | BRIAN M. STORMS<br>67 ROXITICUS RD.<br>FAR HILLS, NJ 07931 | (T) (908) 719-7519<br>(E) storms.brian@gmail.com | INDEMNITY | DISPUTED | | | $225,274.99 |
| 2 | ACTIV FINANCIAL SYSTEMS INC.<br>120 EAST LIBERTY DRIVE<br>SUITE 200<br>WHEATON, IL 60187 | Attn: Joseph Gallegos, Billing Specialist<br>(T) (630) 682-5700<br>(F) (630) 682-5800<br>(E) Joseph.Gallegos@activfinancial.com | SERVICE PROVIDER | DISPUTED | | | $116,486.61 |
| 3 | SALESFORCE.COM INC.<br>THE LANDMARK @ ONE MARKET, SUITE 300<br>SAN FRANCISCO, CA 94105 | Attn: Juan Pablo Rodriguez<br>(T) (415) 901-7000<br>(F) (415) 901-7040<br>(E) j.rodriguez@salesforce.com | SERVICE PROVIDER | DISPUTED | | | $104,732.32 |
| 4 | EQUINIX, INC. - #7742524252<br>311 S. WACKER DRIVE<br>SUITE 1675<br>CHICAGO, IL 60606 | Attn: Mary McCormick<br>(T) (866) 979-3749<br>(F) (650) 513-7900<br>(E) billing@equinix.com | SERVICE PROVIDER | | | | $53,367.41 |
| 5 | ZUORA, INC.<br>1051 EAST HILLSDALE BLVD.<br>SUITE 600<br>FOSTER CITY, CA 94404 | (T) (650) 587-0772<br>(F) (650) 551-1500<br>(E) ar@zuora.com | SERVICE PROVIDER | DISPUTED | | | $39,739.38 |
| 6 | GM ANALYTIC SOFTWARE<br>STR. MARTIN LUTHER, NR.2,<br>ET.6, TIMIŞOARA 300054 | (T) +40-(0)256-295967<br>(E) officetm@gmanalytics.com | PROFESSIONAL SERVICES | | | | $32,992.50 |
| 7 | JOSEPH P. DAY REALTY CORP.<br>9 EAST 40TH STREET<br>NEW YORK, NY 10016 | Attn: Melissa A. Davis, Accts Receivable<br>(T) (212) 889-7460 (ext. 218)<br>(F) (212) 779-9691<br>(E) melissa@jpday.com | LANDLORD | | | | $27,243.83 |
| 8 | HUB PROPERTIES TRUST<br>C/O CBRE, INC  DEPT. 1700<br>P.O. BOX 826466<br>PHILADELPHIA, PA 19182-6466 | Attn: Kim M. Green<br>(T) (201) 798-0404<br>(F) (201) 610-0592<br>(E) kim.green@CBRE.COM | LANDLORD | | | | $24,963.30 |

Debtor  Liquid Holdings Group, Inc.
_____
Name

Case number (*if known*)_____

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim  If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 9 | LEVEL 3 COMMUNCIATIONS, LLC 1025 ELDORADO BLVD. BROOMFIELD, CO 80021 | Attn: Jack Klinebaker (T) (954) 749-6944 (ext. 1284) (F) (954) 749-8729 (E) jkline@bgnbusa.com; billing@level3.com | SERVICE PROVIDER | DISPUTED | | | $21,410.90 |
| 10 | THOMSON REUTERS 3 TIMES SQUARE, 3RD FLOOR NEW YORK, NY 10036 | (T) (646) 223-4000 (F) (646) 223-5494 (E) customercare@thomsonreuters.com | SERVICE PROVIDER | | | | $14,599.92 |
| 11 | LIGHTOWER FIBER NETWORKS 80 CENTRAL STREET BOXBOROUGH, MA 01719 | (T) (978) 264-6032 (F) (978) 264-6132 (E) billing-li@lightower.com | SERVICE PROVIDER | | | | $12,837.80 |
| 12 | ACC/GP DEVELOPMENT 20803 BISCAYNE BLVD SUITE 200 AVENTURA , FL 33180 | (T) (305) 891-7987 (F) (305) 891-6854 | LANDLORD | | | | $12,531.35 |
| 13 | VINTAGE 350 HUDSON STREET SUITE 300 NEW YORK, NY 10014 | (T) (866) 683-5252 (F) (866) 594-7386 (E) accounting@thevintagegroup.com | SERVICE PROVIDER | | | | $11,260.00 |
| 14 | LYONS, BENENSON & CO. INC. 777 THIRD AVENUE 33RD FLOOR NEW YORK, NEW YORK  10017 | Attn: Kerri Barsamian (T) (212) 750-2200 (F) (212) 865-4700 (E) kbarsamian@lyonsbenenson.com | PROFESSIONAL SERVICES | | | | $10,500.00 |
| 15 | BELLSOLVE LTD. 71 WOOD RIDE PETTS WOOD, ORPINGTON KENT, BR5 1QA, UK | (T) +44 (0)203-589-7187 (E) info@bellsolve.co.uk | PROFESSIONAL SERVICES | | | | $9,271.30 |
| 16 | AMERICAN EXPRESS COMPANY 200 VESEY STREET NEW YORK, NY 10285-3106 | (T) (212) 640-2000 (F) (212) 640-0404 | SERVICE PROVIDER | | | | $8,671.22 |
| 17 | NYSE MARKET, INC. 11 WALL STREET NEW YORK, NY 10005 | (T) (212) 656-3000 (F) (212) 656-5549 (E) ar-marketdata@theice.com | SERVICE PROVIDER | | | | $8,463.62 |
| 18 | OLSHAN FROME WOLOSKY LLP PARK AVENUE TOWER 65 EAST 55TH STREET NEW YORK, NY 10022 | Attn: Kyle C. Bisceglie (T) (212) 451-2207 (F) (212) 451-2222 (E) kbisceglie@olshanlaw.com | PROFESSIONAL SERVICES | | | | $8,330.10 |
| 19 | DATAART SOLUTIONS, INC. 475 PARK AVENUE SOUTH 15TH FLOOR NEW YORK, NY 10016 | (T) (212) 378-4108 (F) (212) 937-2210 (E) new-york@dataart.com | PROFESSIONAL SERVICES | | | | $6,800.00 |
| 20 | FPL FIBERNET 9250 W. FLAGLER STREET MIAMI, FL 33174 | (T) (305) 522-2316 (F) (305) 229-5820 (E) billing@fplfibernet.com | SERVICE PROVIDER | | | | $4,551.62 |

Fill in this information to identify the case and this filing:

Debtor Name __Liquid Holdings Group, Inc.__

United States Bankruptcy Court for the: _____ District of __Delaware__
(State)

Case number (If known): _____

## Official Form 202
## Declaration Under Penalty of Perjury for Non-Individual Debtors     12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)

☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)

☐ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)

☐ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)

☐ *Schedule H: Codebtors* (Official Form 206H)

☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)

☐ Amended *Schedule* ____

☒ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)

☐ Other document that requires a declaration _____

I declare under penalty of perjury that the foregoing is true and correct.

Executed on __01/27/2016__         X _____[signature]_____
MM / DD / YYYY                        Signature of individual signing on behalf of debtor

Peter R. Kent
Printed name

Chief Executive Officer
Position or relationship to debtor

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>LIQUID HOLDINGS GROUP, INC.,<br><br>Debtor. | Chapter 11<br><br>Case No. 16-[_____] (___) |

**CORPORATE OWNERSHIP STATEMENT PURSUANT TO**
**FEDERAL RULES OF BANKRUPTCY PROCEDURE 1007(A)(1) AND 7007.1**

Pursuant to Rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure, I, Peter R. Kent, Chief Executive Officer of Liquid Holdings Group, Inc., a Delaware corporation ("Liquid Holdings"), named as the debtor in this case, declare under penalty of perjury that, to the best of my knowledge, information and belief, no corporation directly or indirectly owns 10% or more of any class of Liquid Holdings' equity interests.

LIQUID HOLDINGS GROUP, INC.

By: _____
Name: Peter R. Kent
Title:  Chief Executive Officer

144713.01000/101917669v.1

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>LIQUID HOLDINGS GROUP, INC.,<br><br>Debtor. | Chapter 11<br><br>Case No. 16-[_____] (__) |

### DECLARATION CONCERNING MASTER CREDITORS LIST

I, Peter R. Kent, Chief Executive Officer of Liquid Holdings Group, Inc., a Delaware corporation, named as the debtor in this case (the "Debtor"), declare under penalty of perjury that (i) I have reviewed the master creditors list (the "Master Creditors List"), electronically filed contemporaneously herewith, and (ii) as best as could be ascertained after diligent inquiry, such Master Creditors List is a full and complete list of all creditors and parties with whom the Debtor conducts business, including their mailing addresses. The Debtor will update the Master Creditors List as more information becomes available. To the extent practicable, the Master Creditors List complies with Local Rule 1007-2 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware.

The information contained herein is based upon a review of the Debtor's books and records. However, no comprehensive legal or factual investigation with regard to possible defenses to any claims set forth in this document have been completed. Therefore, this listing does not and should not be deemed to constitute: (1) a waiver of any defense to any below-listed claim; (2) an acknowledgement of the allowability of any below-listed claim; or (3) a waiver of any other right or legal position of the Debtor.

144713.01000/101923937v.1

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief.

Dated: January 27, 2016

**LIQUID HOLDINGS GROUP, INC.**

By: _____
Name: Peter R. Kent
Title: Chief Executive Officer