# EXHIBIT A

**(Proposed Order)**

144713.01000/101877159v.3

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>LIQUID HOLDINGS GROUP, INC., <u>et al</u>.,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 16-10202 (___)<br><br>Joint Administration Requested<br><br>**Related Docket No.: ____** |

**ORDER AUTHORIZING DEBTORS TO PAY PREPETITION
WAGES, COMPENSATION, AND EMPLOYEE BENEFITS**

Upon the motion (the "<u>Motion</u>")[2] of the Debtors, for entry of an order (this "<u>Order</u>") under sections 363, 507(a)(4) and 507(a)(5), 1107(a) and 1108 and Bankruptcy Rules 6003 and 6004(h), (a) authorizing, but not directing, the Debtors, *inter alia*, to pay prepetition wages, salaries and employee benefits, and (b) authorizing, but not directing, the Debtors to continue the maintenance of all employee benefit programs in the ordinary course, all as further described in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. § 1334; and consideration of the Motion being a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and venue being proper in this District pursuant to 28 U.S.C. § 1408; and notice of the Motion being adequate and appropriate under the particular circumstances; and a hearing having been held to consider the relief requested in the Motion (the "<u>Hearing</u>"); and upon consideration of the First Day Declaration, the record of the Hearing and all proceedings had before the Court; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors' estates, their creditors and other parties in interest and that the legal

---

[1] The Debtors are the following entities (the last four digits of their respective taxpayer identification numbers follow in parentheses): Liquid Holdings Group, Inc. (2142) and Liquid Prime Holdings, LLC (2135). The address of the Debtors' corporate headquarters is 111 River Street, Ste. 1204, Hoboken, New Jersey 07030.

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

144713.01000/101877159v.3

and factual bases set forth in the Motion establish just cause for the relief granted herein; and any objections to the requested relief having been withdrawn or overruled on the merits; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED, as set forth herein.

2. Subject to the limitations contained in sections 507(a)(4) and (a)(5) of the Bankruptcy Code, the Debtors are authorized, but not directed, to pay and/or honor (including to any third parties that provide or aid in the monitoring, processing or administration of the Prepetition Employee Obligations), in their sole discretion, the Prepetition Employee Obligations as and when such obligations are due upon entry of this Order, provided, however, no payment will be made to any Employee in excess of the statutory cap of $12,475.

3. The Debtors are authorized, but not directed, in their sole discretion, to pay the Prepetition Contractor Obligations as and when such obligations are due upon entry of this Order.

4. The Debtors are authorized, but not directed, in their sole discretion to honor and continue their expense reimbursement and Employee Benefit Obligations that were in effect as of the Petition Date; provided, however, that such relief shall not constitute or be deemed an assumption or an authorization to assume any of such Employee Benefit Obligations, including, policies, plans, programs, practices, and procedures, under section 365(a) of the Bankruptcy Code.

5. The Debtors' banks shall be and hereby are authorized and directed to receive, process, honor and pay all prepetition and postpetition checks and fund transfers on account of the Prepetition Employee Obligations and Prepetition Contractor Obligations that had not been honored and paid as of the Petition Date, provided that sufficient funds are on deposit in the applicable accounts to cover such payments. The Debtors' banks are prohibited from placing any

holds on, or attempting to reverse, any automatic transfers to any account of an Employee, Contractor or other party for Prepetition Employee Obligations or Prepetition Contractor Obligations, as applicable. The Debtors shall be and hereby are authorized to issue new postpetition checks or effect new postpetition fund transfers on account of the Prepetition Employee Obligations to replace any prepetition checks or fund transfer requests that may be dishonored or rejected.

6. The Debtors may pay any and all withholding, including social security, FICA, federal and state income taxes, garnishments, union dues, health care payments, retirement fund withholding, and other types of withholding, whether these relate to the period prior to the Petition Date.

7. Any party receiving payment from the Debtors is authorized and directed to rely upon the representations of the Debtors as to which payments are authorized by this Order.

8. The Debtors are authorized to continue to reimburse Business Expenses and use their American Express Corporate Card postpetition in the ordinary course of business. American Express is authorized to continue to receive and process all postpetition transactions made by the Debtors on the Corporate Card.

9. Nothing in the Motion or this Order or the relief granted (including any actions taken or payments made by the Debtors pursuant to the relief) shall (a) be construed as a request for authority to assume any executory contract under section 365 of the Bankruptcy Code; (b) waive, affect or impair any of the Debtors' rights, claims or defenses, including, but not limited to, those arising from section 365 of the Bankruptcy Code, other applicable law and any agreement; (c) grant third party beneficiary status or bestow any additional rights on any third party; or (d) be otherwise enforceable by any third party.

-4-

10. Authorizations given to the Debtors in this Order empower but do not direct the Debtors to effectuate the payments specified herein.

11. The Court finds and determines that the requirements of Bankruptcy Rule 6003 are satisfied and that the relief requested is necessary to avoid immediate and irreparable harm.

12. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such motion, and the requirements of the Local Bankruptcy Rules are satisfied by the contents of the Motion.

13. Notwithstanding Bankruptcy Rule 6004(h), this Order and the terms and conditions hereof shall be effective and enforceable immediately upon entry hereof.

14. This Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: _____, 2016  
Wilmington, Delaware

_____  
UNITED STATES BANKRUPTCY JUDGE