## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| LIQUID HOLDINGS GROUP, INC., et al.,[1] | Case No. 16-10202 (___) |
| Debtors. | Joint Administration Requested |

## MOTION OF THE DEBTORS TO AUTHORIZE THE PAYMENT OF PREPETITION TAXES AND RELATED OBLIGATIONS; AND CONTINUE SUCH PAYMENTS POSTPETITION IN THE ORDINARY COURSE OF BUSINESS

Liquid Holdings Group, Inc. and Liquid Prime Holdings, LLC, as debtors and debtors in possession in the above-captioned chapter 11 cases (together, the "Debtors"), hereby submit this motion (the "Motion") for entry of an order, substantially in the form attached hereto as **Exhibit A**, providing for: (a) authority, but not direction, to pay prepetition taxes, including, but not limited to, employment withholding, payroll and unemployment taxes (the "Employment Taxes"), franchise and/or income taxes (the "Franchise Taxes"), sales and use taxes (the "Sales and Use Taxes"), and all other applicable taxes (together with any applicable Employment Taxes, Franchise Taxes, and Sales and Use Taxes, the "Taxes") to the respective taxing authorities (collectively, the "Taxing Authorities");[2] (b) authority to pay any prepetition Taxes for which the applicable payment was remitted, but had not cleared the Debtors' bank accounts as of the Petition Date; and (c) authorization for the Debtors' banks to receive, honor, process and pay any and all checks drawn, or electronic fund transfers requested relating to the Taxes.  In support of the

---

[1] The Debtors are the following entities (the last four digits of their respective taxpayer identification numbers follow in parentheses): Liquid Holdings Group, Inc. (2142) and Liquid Prime Holdings, LLC (2135).  The address of the Debtors' corporate headquarters is 111 River Street, Ste. 1204, Hoboken, New Jersey 07030.

[2] Such relief shall be without prejudice to the Debtors' rights to contest the amount of any Taxes on any ground they deem appropriate.

Motion, the Debtors rely upon and fully incorporate by reference the *Declaration of Peter R. Kent in Support of Chapter 11 Petitions and Various First Day Applications and Motions* (the "<u>First Day Declaration</u>"), filed with the Court concurrently herewith.  In further support of the Motion, the Debtors respectfully represent as follows:

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, and the Amended Standing Order of Reference dated February 29, 2012, from the United States District Court for the District of Delaware.  This is a core proceeding within the meaning of 28 U.S.C. § 157(b).

2. Venue is proper in this district under 28 U.S.C. §§ 1408 and 1409.

3. Pursuant to Local Rule 9013-1(f), the Debtors consent to the entry of a final judgment or order with respect to this Motion if it is determined that the Court would lack Article III jurisdiction to enter such final order or judgment absent consent of the parties.

4. The statutory predicate for the relief requested herein are sections 105(a), 363(b), 507(a)(8) and 541 of title 11 of the United States Code (the "<u>Bankruptcy Code</u>"), Rules 6003 and 6004 of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>"), and Local Rule 9013-1(m).

## BACKGROUND

5. On the date hereof (the "<u>Petition Date</u>"), the Debtors commenced these bankruptcy cases (the "<u>Chapter 11 Cases</u>") by filing voluntary petitions for relief under chapter 11 of the Bankruptcy Code.  The Debtors continue to manage and operate their businesses as debtors in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

6.      No trustee, examiner or official committee of unsecured creditors has been appointed in these Chapter 11 Cases.  Concurrently with the filing of this Motion, the Debtors filed a motion requesting joint administration of these Chapter 11 Cases.

7.      The factual background regarding the Debtors, including their business operations, their capital and debt structure, and the events leading up to the filing of these Chapter 11 Cases, as well as the facts and the circumstances supporting the relief requested herein is set forth in detail in the First Day Declaration.

## RELIEF REQUESTED

8.      By this Motion, the Debtors request the Court enter an order authorizing, but not directing: (a) the Debtors to pay prepetition taxes, including, but not limited to, the Taxes, to the respective Taxing Authorities, (b) the Debtors to pay any prepetition Taxes for which the applicable payment was remitted, but had not cleared the Debtors' bank accounts as of the Petition Date; and (c) the Debtors' banks to receive, honor, process and pay any and all checks drawn, or electronic fund transfers requested relating to the Taxes.

9.      In the ordinary course of business, and as part of their operations, the Debtors incur or collect various Taxes, including, but not limited to, the Employment Taxes, Franchise Taxes, and Sales and Use Taxes.  As more fully explained herein, the relief requested should be granted as: (a) certain Taxes may constitute "trust fund" taxes and thus are not property of the Debtors' estates; (b) the failure to pay certain Taxes could result in a lien being placed on the Debtors' property; and/or (c) such Taxes constitute priority claims under the Bankruptcy Code.  The failure to pay the Taxes could disrupt the Debtors' operations and their efforts in these Chapter 11 Cases. As such, the immediate payment of the Taxes is in the best interest of the Debtors, their estates and creditors.

144713.01000/101916353v.1

10.      **Employment Taxes.**    The Debtors (through their professional employer organization, TriNet HR Corporation) pay various Employment Taxes assessed by different entities for such items, including, but not limited to, federal unemployment, Medicare, Social Security, and applicable state unemployment taxes.  Upon information and belief, no payroll taxes are currently due with respect to the prepetition period.  Accordingly and as requested in the Wage Motion, the Debtors seek authority, out of an abundance of caution, to continue to pay Employment Tax obligations, if and when they become due and payable during the pendency of these Chapter 11 Cases.

11.      **Franchise Taxes.**    Additionally, the Debtors have Franchise Tax obligations that must be paid to certain taxing authorities in jurisdictions where the Debtors operate or are authorized to do business.  The Franchise Taxes are assessed annually and must be paid to maintain the Debtors in good standing.  Given the Debtors payment of estimated Franchise Taxes to certain Taxing Authorities, as of the Petition Date, the Debtors estimate less than $5,000.00 of Franchise Taxes will be due and owing to the Taxing Authorities.  Thus, the Debtors request authority to pay the Debtors' minimal Franchise Tax obligations.

12.      **Sales and Use Taxes**.    Certain Taxing Authorities may require the Debtors to collect from their customers and/or for the Debtors to pay as a customer Sales and Use Taxes that are based on percentages of sales prices.  If applicable, and in most cases, the Sales and Use Taxes are paid in arrears once collected.  Given the current state of the Debtors' operations, the Debtors estimate they are obligated to pay approximately $1,000.00 in prepetition Sales and Use Taxes. The Debtors request authority to continue their ordinary business practices of invoicing and paying invoices that account for the applicable Sales and Use Taxes, whether such invoices are prepetition or postpetition invoices.

-4-

144713.01000/101916353v.1

13.   **Other Taxes and Fees**.  The Debtors also seek authority to pay all other applicable taxes and regulatory fees not specifically described above, including, but not limited to, personal property taxes, business licensing and annual reporting fees, fees related to compliance with securities laws and regulations, and fees related to the participation in state regulatory agencies.

## BASIS FOR RELIEF REQUESTED

14.   To the extent the Debtors have collected any taxes from third parties, such amounts may be held in trust for the benefit of the appropriate Taxing Authorities and the amounts so collected are not property of these estates.  *See, e.g.*, *Begier v. IRS*, 496 U.S. 53, 59 (1990); *In re Calabrese*, 689 F.3d 312, 321 (3d Cir. 2012) (holding that "sales taxes collected by a retailer never become the property of the retailer" but are retained in trust for the state); *DiChiaro v. NY State Tax Comm'n*, 760 F.2d 432, 433–34 (2d Cir. 1985) (holding that a sales tax that is required by state law to be collected from sellers from their customers is a "trust fund" tax); *In re Megafood Stores, Inc.*, 163 F.3d 1063, 1067–68 (9th Cir. 1998); *In re Al Copeland Enters., Inc.*, 991 F.2d 233, 237 (5th 1993); *In re Equalnet Comm. Corp.*, 258 B.R. 368, 370 (Bankr. S.D. Tex. 2001) ("[c]ertain prepetition tax claims, such as sales tax, could be trust fund claims."); *Malcuit v. Texas*, 134 B.R. 185, 187 (N.D. Tex. 1991) (sales taxes were trust fund taxes covered by section 507(a)(7)(C)); *see also Shank v. Washington State Dep't of Revenue (In re Shank)*, 792 F.2d 829 (9th Cir. 1986) (Bankruptcy Code's "trust fund" tax provisions, not "excise" tax provisions, govern priority and dischargeability of creditor claims for sales tax required by state law to be collected from sellers from their customers.).

15.   Under applicable state law, officers and directors may be held personally liable for the payment of certain trust fund taxes to Taxing Authorities.  Thus, the Debtors' officers and

144713.01000/101916353v.1

directors may be liable for Taxes that accrue and are unpaid.  To permit the Debtors' officers and directors to be subjected to such liability is not in the best interest of these estates.

16.    The Taxes largely are entitled to priority status under Bankruptcy Code § 507(a)(8). *See* 11 U.S.C. § 507(a)(8).  If the Taxes are entitled to priority status, Bankruptcy Code § 1129(a)(9)(C) requires payment through regular installment payments: (a) of the total value as of the effective date of a plan of reorganization, equal to the amount of each such claim; (b) over a period not exceeding five years after the Petition Date; and (c) in a manner no less favorable than the most favorable non-priority claim provided for by a plan (other than a convenience class under § 1122(b)).  *See* 11 U.S.C. § 1129(a)(9)(C).  Accordingly, the payment of Taxes now simply will accelerate the timing of the payment of such taxes and will reduce the amount of Taxes that would be owed later, if such Taxes were instead paid under a chapter 11 plan (due to the high interest rates and late fees attributable to delinquent tax payments).  Therefore, other creditors and parties-in-interest will not be prejudiced, and, in fact, will benefit, if this Court grants the requested relief and the Taxes are paid now.

17.    Payment of Taxes also may be authorized under Bankruptcy Code § 363(b)(1), which provides "[t]he trustee, after notice and a hearing, may use, sell, or lease, other than in ordinary course of business, property of the estate." 11 U.S.C. § 363(b)(1).  Such payment can be made if a debtor has a valid business justification.  *See In re Velocity Express Corp.*, No. 09-13294 (MFW), 2009 WL 6690931 at *4 (Bankr. D. Del. Nov. 3, 2009); *In re Ionosphere Clubs Inc.*, 98 B.R. 174, 175 (Bankr. S.D.N.Y. 1989).  Here, the Debtors' failure to pay the Taxes could have a material adverse impact on their ability to operate in the ordinary course.

18.    Finally, payment of such Taxes may be authorized pursuant to Bankruptcy Code § 105(a).  This section provides, in relevant part, "[t]he court may issue any order, process, or

-6-

judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). Thus, Bankruptcy Code § 105(a) codifies the bankruptcy court's inherent equitable powers. *See In re Combustion Eng'g Inc.*, 391 F.3d 190, 235 (3d Cir. 2004); *Management Tech Corp. v. Pardo*, 56 B.R. 337, 339 (Bankr. D.N.J. 1985); *In re Unoil*, 948 F.2d 678, 682 (10th Cir. 1991). A bankruptcy court may use such equitable powers to authorize the payment of a prepetition debt when such payment is necessary to facilitate the rehabilitation of a debtor. *See In re Just for Feet, Inc.*, 242 B.R. 821, 824–25 (D. Del. 1999) (acknowledging § 105(a) provides the statutory basis for the payment of those prepetition claims as needed to facilitate a successful reorganization); *see also In re Lehigh & New England Ry. Co.,* 657 F.2d 570, 581 (3d Cir. 1981).

19.     Payment of the Taxes is necessary to avoid potential administrative difficulties. If the Taxes are not paid, the Taxing Authorities may take precipitous actions, including additional state audits, lien filings, and notices of levy upon bank accounts and assets or lifting stay motions. Only the prompt and regular payment of the Taxes will avoid such actions. The Debtors submit present circumstances warrant such relief.

20.     For the foregoing reasons, the Debtors seek entry of an order authorizing, but not directing, them to pay, perform or otherwise honor, any or all obligations with respect to the Taxes and to pay those Taxes for which checks were issued but failed to clear the Debtors' bank accounts before the Petition Date. The Debtors also seek authority to issue new postpetition checks, or effect new electronic fund transfers, on account of such claims to replace prepetition checks or electronic fund transfers that may be dishonored or rejected as a result of the commencement of these Chapter 11 Cases. The Debtors submit the Debtors have sufficient liquidity to pay such amounts as they become due in the ordinary course of business.

## RESERVATION OF RIGHTS

21.     Nothing in this Motion is intended to, nor should, be construed to impair the Debtors' right to contest the amount, basis, or validity of any Taxes that may be alleged to be due, and the Debtors expressly reserve all rights with respect thereto.

22.     Nothing contained herein is intended or should be construed as (a) an admission as to the validity of any claim against the Debtors; (b) a waiver of the Debtors' or any party-in-interest's rights to dispute any claim; or (c) an approval or assumption of any agreement, contract, program, policy or lease under Bankruptcy Code section 365.  Likewise, if this Court grants the relief sought herein, any payment made pursuant to the Court's order is not intended and should not be construed as an admission to the validity of any claim or waiver of the Debtors' right to subsequently dispute such claim.

## REQUEST FOR IMMEDIATE RELIEF

23.     Bankruptcy Rule 6003 provides that to the extent relief is necessary to avoid immediate and irreparable harm, a bankruptcy court may approve a motion to pay a prepetition claim.  Fed. R. Bankr. P. 6003.  For the reasons stated previously herein, the Debtors submit the requested relief is absolutely necessary to prevent immediate and irreparable harm to these estates.

24.     Further, to successfully implement the foregoing, the Debtors request a waiver of the notice requirement of Bankruptcy Rule 6004(a) and the 14-day stay under Bankruptcy Rule 6004(h).  The exigent nature of the relief sought herein justifies immediate relief which is necessary for the Debtors to be able to continue to operate the Debtors' businesses and preserve the value of these estates.

144713.01000/101916353v.1

## NOTICE

25.     Notice of this Motion has been provided to the following parties, or, in lieu thereof, their counsel:  (i) the Office of the United States Trustee for the District of Delaware; (ii) the parties included on the Debtors' lists of twenty (20) largest unsecured creditors filed pursuant to Bankruptcy Rule 1007(d); (iii) the Internal Revenue Service; and (iv) the United States Attorney for the District of Delaware; and (v) all parties entitled to notice pursuant to Local Rule 9013-1(m).  In light of the nature of the relief requested herein, the Debtors respectfully submit that no further notice of this Motion is required.

## NO PRIOR REQUEST

26.     No previous request for the relief sought herein has been made to this Court or any other court.

*[Remainder of page intentionally left blank.]*

## CONCLUSION

WHEREFORE, the Debtors respectfully request that this Court enter an order, substantially in the form attached as **Exhibit A**, authorizing, but not directing, the Debtors to pay the Taxes to the Taxing Authorities in the ordinary course of the Debtors' business and such other and further relief as this Court may deem proper, both at law and in equity.

Dated: January 27, 2016        **BLANK ROME LLP**
   Wilmington, Delaware

         */s/ Victoria A. Guilfoyle*
         Victoria A. Guilfoyle (DE No. 5183)
         1201 N. Market Street, Suite 800
         Wilmington, Delaware 19801
         Telephone: (302) 425-6404
         Facsimile: (302) 425-6464
         E-mail:  guilfoyle@blankrome.com

           -and-

         Michael B. Schaedle (*pro hac vice* admission pending)
         One Logan Square
         130 North 18th Street
         Philadelphia, Pennsylvania 19103-6998
         Telephone: (215) 569-5762
         Facsimile: (215) 832-5762
         E-mail:  schaedle@blankrome.com

         *Proposed Counsel to the Debtors and*
         *Debtors in Possession*