# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| LIQUID HOLDINGS GROUP, INC., et al.,[1] | Case No. 16-10202 (KG) |
| Debtors. | Jointly Administered |
| | Objection Deadline: 2/22/2016 at 4:00 p.m. (ET)<br>Hearing Date: 2/29/2016 at 11:00 a.m. (ET) |

## MOTION OF DEBTORS AND DEBTORS IN POSSESSION TO CONVERT CASES FROM CHAPTER 11 TO CHAPTER 7 OF THE BANKRUPTCY CODE

Liquid Holdings Group, Inc. ("LHG") and Liquid Prime Holdings, LLC, as debtors and debtors in possession in the above-captioned chapter 11 cases (together, the "Debtors"), hereby submit this motion (the "Motion"), pursuant to section 1112(a) of title 11 of the United States Code (the "Bankruptcy Code"), for entry of an order, substantially in the form attached hereto as **Exhibit A**, converting these cases from chapter 11 of the Bankruptcy Code to cases under chapter 7 of the Bankruptcy Code and for certain related relief. In support of this Motion, the Debtors respectfully represent as follows:

### JURISDICTION AND VENUE

1. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* ("Amended Standing Order") dated February 29, 2012, from the United States District Court for the District of Delaware. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

---

[1] The Debtors are the following entities (the last four digits of their respective taxpayer identification numbers follow in parentheses): Liquid Holdings Group, Inc. (2142) and Liquid Prime Holdings, LLC (2135). The address of the Debtors' corporate headquarters is 111 River Street, Ste. 1204, Hoboken, New Jersey 07030.

144713.01600/101949598v.1

2. Pursuant to Local Rule 9013-1(f), the Debtors consent to the entry of a final judgment or order with respect to this Motion if it is determined that the Court would lack Article III jurisdiction to enter such final order or judgment absent consent of the parties.

3. The statutory predicate for the relief sought herein is section 1112(a) of the Bankruptcy Code.

## BACKGROUND

4. On January 27, 2016 (the "Petition Date"), the Debtors commenced these bankruptcy cases (the "Chapter 11 Cases") by filing voluntary petitions for relief under chapter 11 of the Bankruptcy Code. The Debtors continue to manage and operate their businesses as debtors in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

5. No trustee, examiner or official committee of unsecured creditors has been appointed in these Chapter 11 Cases.

6. The factual background regarding the Debtors, including their business operations, their capital and debt structure, and the events leading up to the filing of these Chapter 11 Cases is set forth in detail in the *Declaration of Peter R. Kent in Support of Chapter 11 Petitions and Various First Day Applications and Motions* [D.I. 7], incorporated herein by reference.

7. After substantial prepetition marketing of their assets and business, the Debtors entered these Chapter 11 Cases in discussions with at least one prospective buyer for their assets, which was also potentially willing to provide debtor in possession financing under section 364 of the Bankruptcy Code to support the Debtors' operations through a chapter 11 sale process. Further, during the pendency of the Chapter 11 Cases, the Debtors engaged in close discussions and diligence with two other prospective buyers for their assets. Unfortunately, these negotiations and discussions have all concluded and did not yield any commitment to buy the Debtors' assets, fund a chapter 11

plan process, or to provide the Debtors with post-petition financing. The Debtors lack sufficient liquidity and have been unable to secure financing that would facilitate an orderly sale, liquidation or reorganization under chapter 11 of the Bankruptcy Code.

## RELIEF REQUESTED

8. By this Motion and pursuant to 11 U.S.C. § 1112(a), the Debtors seek entry of an order authorizing the conversion of their chapter 11 bankruptcy cases to cases under chapter 7 of the Bankruptcy Code effective as of the date of entry of the Order attached hereto as **Exhibit A** (the "Conversion Date").

9. In addition, the Debtors request that the Court require each professional employed under 11 U.S.C. §§ 327, 328, or 363 in these Chapter 11 Cases (the "Professionals")[2] to file a final application for compensation for fees and expenses incurred during the chapter 11 administration by the later of (i) thirty (30) calendar days after the Conversion Date and (ii) fourteen (14) calendar days after the date of entry of an order approving the respective Professionals' employment.

## BASIS FOR RELIEF

10. Section 1112(a) of the Bankruptcy Code governs the voluntary conversion from chapter 11 to chapter 7. Section 1112(a) provides that a debtor may convert a chapter 11 case to a case under chapter 7 at any time as of right. Specifically, section 1112(a) states:

> The debtor may convert a case under this chapter to one under chapter 7 of this title unless –
>
> (1) the debtor is not a debtor in possession;
>
> (2) the case originally was commenced as an involuntary case under this chapter; or

---

[2] The Professionals include Blank Rome LLP ("Blank Rome"), proposed counsel to the Debtors, and Carl Marks Advisory Group LLC ("CMAG"), proposed financial advisor to the Debtors. The Debtors' applications to employ Blank Rome and CMAG are being filed substantially contemporaneously herewith and are scheduled for hearing on February 29, 2016 at 2:00 p.m. (ET).

>  (3) the case was converted to a case under this chapter other than on the debtor's request.

11 U.S.C. § 1112(a).

11. Section 1112(a), therefore, gives a chapter 11 debtor an absolute right to convert to chapter 7 unless one of the enumerated exceptions in section 1112(a)(1)-(3) is applicable. *See, e.g., In re Dieckhaus Stationers of King of Prussia, Inc.*, 73 B.R. 969, 971 (Bankr. E.D. Pa. 1987) (stating that section 1112(a) gives a debtor in possession an absolute right to convert unless one of the statutory exceptions applies); *Abbott v. Blackwelder Furniture Co.*, 33 B.R. 399, 401 (W.D.N.C. 1983); *see also* 7 Lawrence P. King, *Collier on Bankruptcy* ¶ 1112.02[1], at 1112-9 (15th ed. rev. 2004).

12. In these Chapter 11 Cases, none of the enumerated exceptions of section 1112(a) of the Bankruptcy Code apply. Here, the Debtors are debtors in possession under sections 1107 and 1108 of the Bankruptcy Code, these cases were voluntary chapter 11 filings, and these cases were not converted to chapter 11 from another chapter of the Bankruptcy Code. Thus, the Debtors are entitled, as a matter of right, to convert these cases to cases under chapter 7 of the Bankruptcy Code.

13. The Debtors believe that a request for conversion is the appropriate action at this time. As set forth above, the Debtors lack sufficient liquidity to make pursuit of a sale or liquidating plan an appropriate exercise. Moreover, despite extensive prepetition marketing, no party has committed to serve as a stalking horse bidder in a sale process. Should the Chapter 11 Cases not convert, the Debtors believe that they will be unable to continue to pay administrative expenses as they come due.

14. Engaging in a chapter 11 liquidating plan process will unnecessarily deplete the Debtors' remaining assets and would be unlikely to provide a meaningful return to unsecured creditors. Rather, the interests of the Debtors' estates will best be served by conversion of these

Chapter 11 Cases to cases under chapter 7 of the Bankruptcy Code. By converting the cases, the remaining assets of the estates can be efficiently and effectively liquidated by a chapter 7 trustee and distributed to stakeholders.

15. To that end, on January 29, 2016, the Debtors filed the *Omnibus Motion of Debtors Pursuant to 11 U.S.C. § 365 and Fed. R. Bankr. P. 6006 to Reject a Certain Unexpired Lease and Related Sublease of Nonresidential Real Property Located at 800 Third Avenue, New York, New York, Nunc Pro Tunc to the Petition Date* [D.I. 23]. Substantially contemporaneously herewith, the Debtors are filing the *Second Omnibus Motion of the Debtors Pursuant to 11 U.S.C. § 365 and Fed. R. Bankr. P. 6006 (I) to Reject Certain Executory Contracts and Unexpired Leases and (II) Granting Certain Related Relief*, which seeks authority to reject the Debtors' remaining unexpired non-residential real property leases, customer contracts, employee and consultant agreements, and other executory contracts.

16. The Debtors currently are taking certain other and necessary actions in this context (collectively, the "Actions"). Effective as of February 19, 2016, Peter Kent, the current Chief Executive Officer and Chief Financial Officer of LHG, will be the sole officer and will become the sole director of LHG for the sole purpose of implementing the Actions until the conclusion of the Bankruptcy Code section 341 meeting. The Debtors have reduced their workforce to a skeletal crew and will have no employees once certain transition tasks are completed on or about February 19, 2016. In the meantime, the remaining employees are currently supporting the transition of the Debtors' customers. They are also organizing and preserving business records and other documents so the chapter 7 trustee can respond to all outstanding discovery and other information requests. A static, escrowed version of the Debtors' intellectual property assets will be readily available to buyers should the chapter 7 trustee determine it is in the estates' best interests to sell those assets and

for other purposes. The Debtors' servers will be stored in a safe facility that will be accessible to the chapter 7 trustee. Among other things, in light of the pending securities-related investigation and lawsuits and the distress suffered by the Debtors, which occasioned the chapter 11 filing, substantially contemporaneously with the filing of this Motion, the Debtors are acquiring certain insurance products (on a tail basis) relating to their general liability and directors and officers liability insurance program in order to ensure that the Debtors' estates are properly insured against claims. The Debtors are also vacating their leased offices. Finally, the remaining employees are busy preparing the Debtors' schedules of assets and liabilities, statements of financial affairs and other reports. The Debtors have sufficient liquidity to pay, in full, the costs associated with these Actions. While the Debtors believe these Actions fall under Bankruptcy Code section 363(c)(1) in that they are being done in the ordinary course of business, in an abundance of caution and to the extent necessary, the Debtors seek confirming authority under Bankruptcy Code section 363 to implement these Actions.

17. Further, the Debtors respectfully request that the Court set a deadline for all Professionals retained in these Chapter 11 Cases under sections 327, 328, 363 or 1103 of the Bankruptcy Code to file their final fee applications or requests for compensation on or before the later of (i) thirty (30) calendar days after the Conversion Date and (ii) fourteen (14) calendar days after the date of entry of an order approving the respective Professionals' employment.

## **NOTICE**

18. Notice of this Motion has been provided to the following parties or, in lieu thereof, their counsel: (i) the Office of the United States Trustee for the District of Delaware; (ii) the parties included on the Debtors' lists of twenty (20) largest unsecured creditors filed pursuant to Bankruptcy Rule 1007(d); (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v)

the Debtors' equity security holders, and (vi) those persons who have requested notice pursuant to Rule 2002 of the Federal Rules of Bankruptcy Procedure. In light of the nature of the relief requested herein, the Debtors respectfully submit that no further notice of this Motion is required.

## NO PRIOR REQUEST

19.     No previous request for the relief sought in this Motion has been made to this or any other court.

## CONCLUSION

WHEREFORE the Debtors respectfully request that the Court enter an Order substantially in the form attached as **Exhibit A** hereto (i) converting these Chapter 11 Cases to cases under chapter 7 of the Bankruptcy Code; (ii) requiring the Professionals to file a final application for compensation for fees and/or expenses incurred during the administration of the Chapter 11 Cases on or before the later of (a) thirty (30) calendar days after the Conversion Date and (b) fourteen (14) calendar days after the date of entry of an order approving the respective Professionals' employment; (iii) authorizing, to the extent necessary, the Actions; and (iv) the granting the Debtors such other and further relief as is just and proper.

Dated: February 8, 2016
       Wilmington, Delaware

**BLANK ROME LLP**

 */s/ Victoria Guilfoyle*
Victoria A. Guilfoyle (DE No. 5183)
1201 N. Market Street, Suite 800
Wilmington, Delaware 19801
Telephone:   (302) 425-6404
Facsimile:   (302) 425-6464
E-mail:      guilfoyle@blankrome.com

       -and-

Michael B. Schaedle (admitted *pro hac vice*)
One Logan Square
130 North 18th Street
Philadelphia, Pennsylvania 19103-6998
Telephone:   (215) 569-5762
Facsimile:   (215) 832-5762
E-mail:   schaedle@blankrome.com

*Proposed Counsel to the Debtors and Debtors in Possession*