## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| LIQUID HOLDINGS GROUP, INC., et al.,[1] | Case No. 16-10202 (KG) |
| Debtors. | Jointly Administered |
| | **Objection Deadline: 2/22/2016 at 4:00 p.m. (ET)** <br> **Hearing Date: 2/29/2016 at 11:00 a.m. (ET)** |

### SECOND OMNIBUS MOTION OF THE DEBTORS
### PURSUANT TO 11 U.S.C. § 365 AND FED. R. BANKR.
### P. 6006 (I) TO REJECT CERTAIN EXECUTORY CONTRACTS AND
### UNEXPIRED LEASES AND (II) GRANTING CERTAIN RELATED RELIEF

> **THIS MOTION SEEKS TO REJECT CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES. PARTIES RECEIVING THIS MOTION SHOULD REVIEW THE MOTION TO SEE IF THEIR NAME(S) AND/OR EXECUTORY CONTRACT(S) OR UNEXPIRED LEASE(S) ARE LOCATED IN THE MOTION AND/OR THE EXHIBITS ATTACHED HERETO TO DETERMINE WHETHER THE MOTION AFFECTS THEIR EXECUTORY CONTRACT(S) OR UNEXPIRED LEASE(S).**

Liquid Holdings Group, Inc. ("LHG") and Liquid Prime Holdings, LLC, as debtors and debtors in possession in the above-captioned chapter 11 cases (together, the "Debtors"), hereby submit this motion (the "Motion") for entry of an order, substantially in the form annexed hereto as **Exhibit A**, authorizing the Debtors to reject certain executory contracts and unexpired leases effective as of the dates listed in Exhibit 1 to the proposed form of order (the "Effective Dates") and, in support of this Motion, respectfully represent as follows:

---

[1] The Debtors are the following entities (the last four digits of their respective taxpayer identification numbers follow in parentheses): Liquid Holdings Group, Inc. (2142) and Liquid Prime Holdings, LLC (2135). The address of the Debtors' corporate headquarters is 111 River Street, Ste. 1204, Hoboken, New Jersey 07030.

## JURISDICTION AND VENUE

1.      This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* ("Amended Standing Order") dated February 29, 2012, from the United States District Court for the District of Delaware.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2.      Pursuant to Local Rule 9013-1(f), the Debtors consent to the entry of a final judgment or order with respect to this Motion if it is determined that the Court would lack Article III jurisdiction to enter such final order or judgment absent consent of the parties.

3.      The statutory bases for the relief requested herein are sections 105(a) and 365(a) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 6006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

## BACKGROUND

4.      On January 27, 2016 (the "Petition Date"), the Debtors commenced these bankruptcy cases (the "Chapter 11 Cases") by filing voluntary petitions for relief under chapter 11 of the Bankruptcy Code.  The Debtors continue to manage and operate their businesses as debtors in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

5.      No trustee, examiner or official committee of unsecured creditors has been appointed in these Chapter 11 Cases.

6.      The factual background regarding the Debtors, including their business operations, their capital and debt structure, and the events leading up to the filing of these Chapter 11 Cases is set forth in detail in the *Declaration of Peter R. Kent in Support of Chapter 11 Petitions and*

*Various First Day Applications and Motions* [Docket No. 7] (the "First Day Declaration"), incorporated herein by reference.

7.      After substantial prepetition marketing of their assets and business, the Debtors entered these Chapter 11 Cases in discussions with at least one prospective buyer for their assets, which was also potentially willing to provide debtor in possession financing under section 364 of the Bankruptcy Code to support the Debtors' operations through a chapter 11 sale process.  Further, during the pendency of the Chapter 11 Cases, the Debtors engaged in close discussions and diligence with two other prospective buyers for their assets.  Unfortunately, these negotiations and discussions have all concluded and did not yield any commitment to buy the Debtors' assets, fund a chapter 11 plan process, or to provide the Debtors with post-petition financing.  The Debtors lack sufficient liquidity and have been unable to secure financing that would facilitate an orderly sale, liquidation or reorganization under chapter 11 of the Bankruptcy Code.  Accordingly, on February 8, 2016, the Debtors filed the *Motion of Debtors and Debtors in Possession to Convert Cases from Chapter 11 to Chapter 7 of the Bankruptcy Code* [Docket No. 28], which is scheduled to be heard at the February 29, 2016 hearing.

## RELIEF REQUESTED

8.      The Debtors have identified certain executory contracts (the "Executory Contracts") and unexpired real estate leases (the "Leases" and together with the Executory Contracts, the "Contracts")[2] that no longer provide meaningful value to them or their estates, especially in light of the wind down of the Debtors' business operations.  By this Motion, the Debtors seek authority, pursuant to section 365 of the Bankruptcy Code and Bankruptcy Rule 6006, to reject the Contracts, effective as of the Effective Dates.  A proposed form of order granting

---

[2] Nothing contained herein is intended or shall be construed as an admission as to whether the Contracts are executory.

the relief requested herein is annexed hereto as **Exhibit A** (the "Proposed Order").  A schedule

identifying and describing the Contracts is attached to the Proposed Order as

**Exhibit 1** (the "Contracts Schedule").  The Debtors also request that the deadline to file a proof of

claim with respect to any claim for damages arising from the rejection of the Contracts pursuant

to this Motion be the date fixed by this Court as the deadline to file other general unsecured proofs

of claim.

A.    **The Leases**

9.    The Debtors' corporate headquarters and offices are currently located at 111 River

Street, Suite 1204, Hoboken, New Jersey (the "Hoboken Premises").  Prior to relocating to the

Hoboken Premises, the Debtors' corporate headquarters were located at 800 Third Avenue, New

York, New York (the "New York Premises").[3]  LHG subleases the entire rentable area of the 38th

floor of the New York Premises to a third party.  By prior motion of the Debtors filed in this Court

on January 29, 2016, the Debtors have sought to reject its lease and related sublease of the New

York Premises.  *See* Docket No. 23.

10.    In addition to the Hoboken Premises and the New York Premises, LHG leases

office space at 20801 Biscayne Boulevard, Suite 303, Aventura, Florida (the "Aventura

Premises").  In light of the wind down of the Debtors' operations and the impending conversion

of the Chapter 11 Cases to chapter 7 cases, by this Motion, the Debtors seek to reject, effective as

of the applicable Effective Dates, the Leases listed on the Contracts Schedule, which include the

real estate leases for the Hoboken Premises and Aventura Premises.  As of the applicable Effective

Dates, the Debtors will have vacated and surrendered the Hoboken Premises and Aventura

---

[3] Debtor Liquid Holdings Group, Inc. ("LHG") leases the entire rentable area of the 38th floor and a portion of the 37th floor of the New York Premises.

Premises and will remove all of their personal property of more than *de minimis* value therefrom, subject to some possible trailing document retrieval activities.

**B.**     **The Executory Contracts**

11.     The Debtors are a party to dozens of executory contracts, including, but not limited to, customer contracts, employee contracts, consultant contracts and contracts with various vendors.  As a result of the wind down of the Debtors' operations, the Debtors seek to reject, effective as of the applicable Effective Dates, the Executory Contracts listed on the Contracts Schedule, which include most of the executory contracts relating to the Debtors' business operations.[4]

## BASIS FOR RELIEF REQUESTED

**Rejection of the Contracts is a Sound Exercise of the Debtors' Business Judgment**

12.     Section 365(a) of the Bankruptcy Code provides that a debtor, "subject to the court's approval, may assume or reject any executory contract or unexpired lease." 11 U.S.C. § 365(a).  Courts routinely approve motions to reject executory contracts or unexpired leases upon a showing that the debtor's decision to take such action will benefit the debtor's estate and is an exercise of sound business judgment.  *N.L.R.B. v. Bildisco & Bildisco*, 465 U.S. 513, 523 (1984) (stating that the traditional standard applied by courts to authorize the rejection of an executory contract is that of "business judgment"); *see also In re Taylor*, 913 F.2d 102 (3d. Cir. 1990); *In re Buckhead America Corp.*, 180 B.R. 83 (Bankr. D. Del. 1995).

13.     Courts generally will not second-guess a debtor's business judgment concerning the rejection of an executory contract or unexpired lease. *See In re Trans World Airlines, Inc.*, 261

---

[4] It should be noted that the Debtors' various insurance policies are not executory contracts and will remain in force and effect and/or will be otherwise disposed of pursuant to their terms benefiting the Debtors' estates post-conversion, notwithstanding Bankruptcy Code section 365(d)(1).

B.R. 103, 121 (Bankr. D. Del. 2001) ("A debtor's decision to reject an executory contract must be summarily affirmed unless it is the product of bad faith, or whim or caprice." (internal quotations omitted)).  The "business judgment" test is not a strict standard; it merely requires a showing that either assumption or rejection of the executory contract or unexpired lease will benefit the debtor's estate.  *N.L.R.B. v. Bildisco (In re Bildisco)*, 682 F.2d 72, 79 (3rd Cir. 1982) (noting that the "usual test for rejection of an executory contract is simply whether rejection would benefit the estate"), *aff'd*, 465 U.S. 513.  Further, "[s]ection 365 enables the trustee to maximize the value of the debtor's estate by assuming executory contracts and unexpired leases that benefit the estate and rejecting those that do not."  *L.R.S.C. Co. v. Rickel Home Centers, Inc. (In re Rickel Home Centers, Inc.)*, 209 F.3d 291, 298 (3d Cir. 2000); *see also Stewart Title Guar. Co. v. Old Republic Nat'l Title Ins. Co.*, 83 F.3d 735, 741 (5th Cir. 1996) (section 365 of the Bankruptcy Code "allows a trustee to relieve the bankruptcy estate of burdensome agreements which have not been completely performed").

14.    The rejection of the Executory Contracts is an appropriate exercise of the Debtors' business judgment and will reduce the administrative burdens on their estates.  The Executory Contracts are financially burdensome and no longer necessary to the wind down of the Debtors' businesses.  Further, the Debtors believe that the Executory Contracts have no marketable value that could be generated through assumption and assignment.  Accordingly, the Debtors' continued performance under the Executory Contracts would constitute an unnecessary depletion of value of the Debtors' estates.  Moreover, the Debtors lack the liquidity necessary to continue to perform their obligations under the Executory Contracts.

15.    Likewise, the Debtors believe that, in their business judgment, rejection of the Leases on the Contracts Schedule is in the best interest of their estates.  The Debtors have reviewed

the Leases and believe that the Leases would not be attractive to other third parties, especially considering that the carrying costs likely would outweigh any potential benefit.  Furthermore, the Debtors do not have the funds necessary to pay the rent accruing under the Leases.  Accordingly, the Debtors' continued performance under the Leases would constitute an unnecessary depletion of value of the Debtors' estates.

16.     Section 554(a) of the Bankruptcy Code provides that "[a]fter notice and a hearing, the trustee may abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate."  11 U.S.C. § 554(a).  Courts generally give great deference to a debtor's decision to abandon property.  *See In re Vel Rey Props., Inc.*, 174 B.R. 859, 867 (Bankr. D.D.C. 1994) ("Clearly, the court should give deference to the trustee's judgment in such matters.").  The Debtors have removed all of their personal property of more than *de minimis* value from the Hoboken Premises and the Aventura Premises as of the applicable Effective Dates.  To the extent any property remains at those premises, the Debtors have determined that such property is of inconsequential value and benefit to the Debtors and their estates.  Accordingly, the Debtors request that any of their property remaining when the premises are surrendered to the respective landlords be deemed abandoned pursuant to section 554 of the Bankruptcy Code.

**Retroactive Rejection of the Contracts is Appropriate**

17.     Pursuant to section 365 of the Bankruptcy Code, the Debtors seek to effectuate rejection of the Contracts prior to the date an order approving rejection is entered by the Court. The Debtors respectfully aver that this Court has the requisite authority to grant such retroactive rejection of the Contracts.  Permitting rejection of the Contracts to occur as of the Effective Date is consistent with prior rulings in this and other circuits.  *See*, *e.g.*, *In re Proliance International, Inc.*, No. 09-12278 (CSS) (Bankr. D. Del. Jul. 20, 2009); *In re Diamond Glass, Inc.*, No. 08-10601

144713.01600/101941691v.2

(CSS) (Bankr. D. Del. Apr. 24, 2008); *In re Buffets Holdings, Inc.*, No. 08-10141 (MFW) (Bankr. D. Del. Feb. 13, 2008); *see also Thinking Mach. Corp. v. Mellon Fin. Servs. (In re Thinking Mach. Corp.)*, 67 F.3d 1021, 1028 (1st Cir. 1995) (approving retroactive orders of rejection where the balance of the equities favors such relief); *Pacific Shores Development, LLC v. At Home Corp. (In re At Home Corp.*), 392 F.3d 1064 (9th Cir. 2004) (applying the *In re Thinking Mach. Corp.* ruling and approving a retroactive order to reject an unexpired lease even though the lessor has not retaken the premises); *BP Energy Co. v. Bethlehem Steel Corp.*, 49 Collier Bankr. Cas. 2d (MB) 1148 (S.D.N.Y. Nov. 14, 2002) (holding that a bankruptcy court's assignment of a retroactive rejection date does not fall outside of its authority when the balance of the equities favors this solution).   An order approving rejection of the Contracts as of the Effective Dates will expedite the Debtors' relief from onerous obligations, and is fair and equitable to all parties because the Debtors have vacated and surrendered the Hoboken Premises and the Premises as of the Effective Date and because Debtors will not have received any alleged benefits of and from the Contracts after the Effective Dates.   In light of these circumstances, the Debtors assert that retroactive rejection of the Contracts is warranted here.

18.     The Debtors request that the deadline to file a proof of claim with respect to any claim for damages arising from the rejection of the Contracts pursuant to this Motion be the date fixed by this Court as the deadline to file other general unsecured proofs of claim, which has not yet been established.

## COMPLIANCE WITH BANKRUPTCY RULE 6006(f)

19.     Rule 6006(f) of the Bankruptcy Rules establishes requirements for a motion to reject multiple executory contracts or unexpired leases that are not between the same parties.  Rule 6006(f) states, in part, that such a motion shall:

     (a)    state in a conspicuous place that parties receiving the omnibus motion should locate their names and their contracts or leases listed in the motion;

     (b)    list parties alphabetically and identify the corresponding contract or lease;

     (c)    specify the terms, including the curing of defaults, for each requested assumption or assignment;

     (d)    specify the terms, including the identity of each assignee and the adequate assurance of future performance by each assignee, for each requested assignment;

     (e)    be numbered consecutively with other omnibus motions to assume, assign, or reject executory contracts or unexpired leases; and

     (f)    be limited to no more than 100 executory contracts or unexpired leases.

Bankr. R. 6006(f). The Debtors respectfully submit that the relief requested in this Motion complies with the requirements of Rule 6006(f).

## REQUEST FOR IMMEDIATE RELIEF AND WAIVER OF STAY

20.    Pursuant to Bankruptcy Rule 6004(h), the Debtors seek a waiver of any stay of the effectiveness of an order granting this Motion, to the extent that it applies to the relief requested in this Motion. Bankruptcy Rule 6004(h) provides that "[a]n order authorizing the use, sale, or lease of property other than cash collateral is stayed until the expiration of 14 days after entry of the order, unless the court orders otherwise." The relief requested herein is essential to avoid the potential accrual of unnecessary administrative expenses. Accordingly, the Debtors submit that, to the extent that Bankruptcy Rule 6004(h) applies, ample cause exists to justify a waiver of the fourteen-day stay.

## NOTICE

21.    Notice of this Motion has been provided to the following parties or, in lieu thereof, their counsel: (i) the Office of the United States Trustee for the District of Delaware; (ii) the parties included on the Debtors' lists of twenty (20) largest unsecured creditors filed pursuant to

Bankruptcy Rule 1007(d); (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the non-debtor counterparties to each of the Contracts; and (vi) those persons who have requested notice pursuant to Rule 2002 of the Federal Rules of Bankruptcy Procedure.  In light of the nature of the relief requested herein, the Debtors respectfully submit that no further notice of this Motion is required.

### NO PREVIOUS REQUEST

22.    No previous request for the relief sought herein has been made to this Court or any other court.

### CONCLUSION

WHEREFORE, the Debtors respectfully request the Court enter an order, substantially in the form attached hereto as **Exhibit A**, granting the relief sought herein and such other and further relief as the Court may deem proper.

Dated: February 9, 2016
      Wilmington, Delaware

**BLANK ROME LLP**

*/s/ Victoria Guilfoyle*
Victoria A. Guilfoyle (DE No. 5183)
1201 N. Market Street, Suite 800
Wilmington, Delaware 19801
Telephone:    (302) 425-6404
Facsimile:    (302) 425-6464
E-mail:        guilfoyle@blankrome.com

-and-

Michael B. Schaedle (admitted *pro hac vice*)
One Logan Square
130 North 18th Street
Philadelphia, Pennsylvania 19103-6998
Telephone:    (215) 569-5762
Facsimile:    (215) 832-5762
E-mail:        schaedle@blankrome.com

*Proposed Counsel to the Debtors and*
*Debtors in Possession*

-10-