**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 7 |
| LIQUID HOLDINGS GROUP, INC., <u>et al.</u>,[1] | Case No. 16-10202 (KG) |
| Debtors. | Jointly Administered |
| | **Objection Deadline: 4/8/2016 at 4:00 p.m. (ET)**<br>**Hearing Date:  To Be Determined** |

**SUMMARY COVER SHEET TO FIRST AND FINAL FEE APPLICATION OF**
**BLANK ROME LLP, COUNSEL TO THE DEBTORS AND DEBTORS IN POSSESSION,**
**FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES INCURRED**
<u>**FOR THE PERIOD FROM JANUARY 27, 2016 THROUGH MARCH 25, 2016**</u>

*Name of Applicant*:  Blank Rome LLP ("Applicant")

*Authorized to Provide Professional Services to*:  Debtors and Debtors in Possession

*Date of Retention*:  February 25, 2016, *nunc pro tunc* to January 27, 2016

*Final Period for which Compensation*
*and Reimbursement is Sought*:  January 27, 2016 through March 25, 2016

*Final Amount of Compensation Sought*
*as Actual, Reasonable, and Necessary*:  $137,698.15[2]

*Final Amount of Expense Reimbursement*
*Sought as Actual, Reasonable, and Necessary*:  $8,288.53[3]

This is a(n):  ____  monthly  ____  interim  ✓  final application
This is Applicant's first and final fee application in these bankruptcy cases.

---

[1] The Debtors are the following entities (the last four digits of their respective taxpayer identification numbers follow in parentheses): Liquid Holdings Group, Inc. (2142) and Liquid Prime Holdings, LLC (2135).  The Debtors' mailing address is P.O. Box 2114, Hoboken, New Jersey 07030.

[2] This total compensation request seeks allowance and payment of (i) Applicant's fees during the period from January 27, 2016 through February 25, 2016, totaling $116,145.45; (ii) Applicant's fees during the post-conversion date period from February 26, 2016 through the date hereof for various services rendered to the Debtors, but also to the Debtors' estates, benefiting and assisting chapter 7 case administration, totaling $17,552.70; and (iii) $4,000.00 for estimated fees incurred by Applicant in connection with, among other things, (a) the preparation, filing and prosecution of this fee application, including attendance at any hearing thereon, and (b) preparing for and attending the Debtors' section 341 meeting currently scheduled for April 8, 2016.  Applicant's total actual fees during (i) the period from January 27, 2016 through February 25, 2016 are $129,050.50 and (ii) the period from February 26, 2016 through the date hereof are $19,503.00; <u>however</u>, as an accommodation to the Debtors, Applicant has agreed to a 10% ($14,855.35) voluntary reduction of this requested final compensation.  The final compensation figures requested herein are net of the 10% voluntary reduction.

[3] Applicant reserves the right to supplement this application and request reimbursement of any additional expenses incurred after January 27, 2016, as such expenses may not have been accounted for yet in Applicant's billing system.

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 7 |
| LIQUID HOLDINGS GROUP, INC., <u>et al.</u>,[1] | Case No. 16-10202 (KG) |
| Debtors. | Jointly Administered |
| | **Objection Deadline: 4/8/2016 at 4:00 p.m. (ET)**<br>**Hearing Date:  To Be Determined** |

### FIRST AND FINAL FEE APPLICATION OF BLANK ROME LLP, COUNSEL TO THE DEBTORS AND DEBTORS IN POSSESSION, FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES INCURRED FOR THE PERIOD FROM JANUARY 27, 2016 THROUGH MARCH 25, 2016

This first and final fee application for compensation and reimbursement of expenses (this "***Final Fee Application***") is filed by Blank Rome LLP ("***Blank Rome***") requesting the entry of an order authorizing the allowance on a final basis, and payment by the above-captioned debtors (collectively, the "***Debtors***"), to the extent not previously paid, of compensation in the amount of $137,698.15 for professional services rendered and reimbursement of expenses incurred in the amount of $8,288.53 as counsel to the Debtors during the period from January 27, 2016 through March 25, 2016.  In support of this Final Fee Application, Blank Rome respectfully states as follows:

### <u>Jurisdiction</u>

1.      The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. § 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b).  Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

---

[1] The Debtors are the following entities (the last four digits of their respective taxpayer identification numbers follow in parentheses): Liquid Holdings Group, Inc. (2142) and Liquid Prime Holdings, LLC (2135).  The Debtors' mailing address is P.O. Box 2114, Hoboken, New Jersey 07030.

**General Background**

2.     On January 27, 2016 (the "***Petition Date***"), each of the Debtors filed a voluntary petition under chapter 11 of title 11 of the United States Code (the "***Bankruptcy Code***") in the United States Bankruptcy Court for the District of Delaware (the "***Court***").

3.     On February 25, 2016 (the "***Conversion Date***"), upon prior motion of the Debtors [Docket No. 28] (the "***Conversion Motion***"), the above-captioned cases were converted from cases under chapter 11 of the Bankruptcy Code to cases under chapter 7 of the Bankruptcy Code.  *See* Docket No. 56.

4.     Prior to the Conversion Date, the Debtors managed and operated their businesses as debtors in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.  No examiner or official committee of unsecured creditors has been appointed in these cases.

5.     On March 1, 2016, Alfred T. Giuliano was appointed chapter 7 trustee (the "***Chapter 7 Trustee***") of the estates of the Debtors.  *See* Docket No. 62.

**Retention and Employment of Blank Rome**

6.     Blank Rome is a nationally recognized law firm with extensive experience and expertise in bankruptcy and reorganization proceedings, particularly with respect to the representation of debtors and creditors.

7.     On February 9, 2016 the Debtors filed an application for an order authorizing the Debtors to employ Blank Rome as its counsel effective *nunc pro tunc* to the Petition Date [Docket No. 31] (as supplemented, the "***Employment Application***").

8.     Among other things, the Employment Application disclosed that Blank Rome held, as of the date of the filing of the Employment Application, a retainer balance in the amount of $236,543.70.   Subsequent  to  the  filing  of  the  Employment  Application,  on  or  about

February 10, 2016, after the Debtors filed the Conversion Motion, Blank Rome refunded $50,000.00 to the Debtors. As such, Blank Rome currently holds a retainer balance in the amount of $186,543.70 (the "***Retainer Balance***"). Blank Rome will apply the Retainer Balance as a credit towards allowed post-Petition Date fees and expenses, as requested by this Final Fee Application. After Blank Rome's allowed post-Petition Date fees and expenses are paid, Blank Rome will refund the remaining Retainer Balance to the Chapter 7 Trustee, in his capacity as trustee of the Debtors' estates.[2]

9.    On February 25, 2016, the Court entered an order approving the Employment Application [Docket No. 55] (the "***Employment Order***"). The Employment Order authorized Blank Rome to provide the following services, among other services, to the Debtors, as enumerated in the Employment Application:

(a)    advising the Debtors with respect to their rights, powers and duties as debtors and debtors in possession in the continued management and operation of their remaining business and properties;

(b)    attending meetings and negotiating with representatives of creditors and other parties-in-interest;

(c)    advising and consulting the Debtors regarding the conduct of these cases, including all of the legal and administrative requirements of operating under chapter 11 of the Bankruptcy Code;

(d)    advising the Debtors on matters relating to the evaluation of the assumption, rejection or assignment of unexpired leases and executory contracts;

(e)    assist the Debtors in obtaining the Court's approval of the post-petition debtor in possession financing facility;

(f)    advise the Debtors in connection with any potential sale of assets;

(g)    advise the Debtors in connection with securities, regulatory, corporate governance matters;

(h)    taking all necessary action to protect and preserve the Debtors' estates, including the prosecution of actions on their behalf, the defense of any actions commenced against the estates, negotiations concerning all litigation in which

---

[2] Nothing in this Final Fee Application shall be construed as an admission by Blank Rome that any portion of the Retainer Balance is property of the Debtors' estates.

the Debtors may be involved and objections to claims filed against the estates;

(i)    assisting in preparing on behalf of the Debtors motions, applications, answers, orders, reports, and papers in connection with the administration of the Debtors' estates, coordinating service of the same and prosecuting the same;

(j)    assisting in prosecuting a plan and accompanying disclosure statement and all related agreements and/or documents and taking any necessary action on behalf of the Debtors to obtain confirmation of such a plan;

(k)    appearing before this Court, any appellate courts, and the Office of the United States Trustee (the "<u>OUST</u>"), and protecting the interests of the Debtors' estates before such courts and the OUST; and

(l)    performing all other necessary legal services and providing all other necessary legal advice to the Debtors in connection with these chapter 11 cases to bring the Debtors' chapter 11 cases to a conclusion.

10.    The professionals at Blank Rome having the day-to-day responsibility for this matter are Alan L. Zeiger, Michael B. Schaedle, Victoria A. Guilfoyle and paralegal Christopher A. Lewis. Blank Rome has drawn upon the knowledge and skills of other firm professionals to provide services to the Debtors as necessary.

## Relief Requested

11.    Blank Rome submits this Final Fee Application pursuant to Bankruptcy Code sections 330 and 331, the Federal Rules of Bankruptcy Procedure (the "***Bankruptcy Rules***") and DEL. BANKR. L.R. 2016-2. By this Final Fee Application, Blank Rome seeks entry of an order authorizing the allowance on a final basis, and payment by the Debtors to the extent not previously paid, of compensation in the amount of $137,698.15[3] for professional services rendered and

---

[3] As set forth on the summary cover sheet to this Final Fee Application, this total compensation request seeks allowance and payment of (i) Blank Rome's fees during the period from January 27, 2016 through February 25, 2016, totaling $116,145.45; (ii) Blank Rome's fees during the post-Conversion Date period from February 26, 2016 through the date hereof for various services rendered to the Debtors, but also benefiting the Debtors' estates and chapter 7 case administration, totaling $17,552.70; and (iii) $4,000.00 for estimated fees incurred by Blank Rome in connection with, among other things, (a) the preparation, filing and prosecution of this fee application, including attendance at any hearing thereon, and (b) preparing for and attending the Debtors' section 341 meeting currently scheduled for April 8, 2016. Applicant's total actual fees during (i) the period from January 27, 2016 through February 25, 2016 are $129,050.50 and (ii) the period from February 26, 2016 through the date hereof are $19,503.00; <u>however</u>, as an accommodation to the Debtors, Applicant has agreed to a 10% ($14,855.35) voluntary reduction of this requested final compensation. The final compensation figures requested herein are net of the 10% voluntary reduction.

reimbursement of expenses incurred in the amount of $8,288.53 as counsel to the Debtors.

<u>**Summary of Fees for the Final Application Period**</u>

12.     The total number of hours expended by Blank Rome professionals and paraprofessionals in performing professional services for the Debtors during the pre-Conversion Date period from January 27, 2016 through February 25, 2016 (the "***Final Application Period***") was **252.70** hours at a blended billing rate of **$510.69** per hour.  The value of these services has been computed at the rates Blank Rome customarily charges for similar services provided to other clients.

13.     Attached hereto as <u>**Exhibit A-1**</u> is (i) a summary of timekeepers for Blank Rome for these chapter 11 cases during the Final Application Period and (ii) a summary of the compensation requested during the Final Application Period categorized by project code.  Additionally, a detailed chronological itemization of the services rendered by each attorney and paraprofessional during the Final Application Period, calculated by tenths of an hour and categorized in accordance with the appropriate project codes, is included in the exhibit attached hereto as <u>**Exhibit A-1**</u>.  Every effort has been made by Blank Rome to categorize daily time entries in accordance with the correct project code.  However, in some instances, services overlap between project codes.  Thus, some services may appear under more than one code, although in no instance is a specific time entry recorded more than once.

14.     Specifically, the services rendered by Blank Rome during the Final Application Period included the following, without limitation:

**(Project Code 0003)**   <u>**Asset Disposition**</u>**:**

**Total Hours: 13.70          Total Fees: $8,896.50**

The time billed to this project code during the Final Application Period includes Blank Rome's work advising the Debtors with respect to a potential sale of the Debtors' assets and includes

time negotiating with various parties interested in purchasing certain assets of the Debtors and potentially providing debtors-in-possession financing in connection therewith.

**(Project Code 0004)    Assumption and Rejection of Leases and Contracts:**

**Total Hours: 29.80        Total Fees: $13,718.00**

The time billed to this project code during the Final Application Period includes Blank Rome's work advising the Debtors with respect to the rejection of various real property leases and executory contracts and includes time spent by Blank Rome, among other things, preparing, filing and prosecuting the Debtors' (i) *Omnibus Motion of Debtors Pursuant to 11 U.S.C. § 365 and Fed. R. Bankr. P. 6006 to Reject a Certain Unexpired Lease and Related Sublease of Nonresidential Real Property Located at 800 Third Avenue, New York, New York, Nunc Pro Tunc to the Petition Date* [Docket No. 23] and (ii) *Second Omnibus Motion of the Debtors Pursuant to 11 U.S.C. § 365 and Fed. R. Bankr. P. 6006 (i) to Reject Certain Executory Contracts and Unexpired Leases and (ii) Granting Certain Related Relief* [Docket No. 33].  Blank Rome also communicated with various contract counterparties regarding the Debtors' bankruptcy cases.

**(Project Code 0007)    Business Operations:**

**Total Hours: 19.50        Total Fees: $10,055.50**

The time billed to this project code during the Final Application Period includes Blank Rome's work advising the Debtors with respect to various business operations and wind-down issues.  The time billed to this project code also includes time spent by Blank Rome in connection with the Debtors' first-day motion regarding cash management.

**(Project Code 0008)    Case Administration:**

**Total Hours: 32.30        Total Fees: $14,742.00**

This category includes time spent by Blank Rome advising the Debtors during the Final Application Period in connection with issues which do not fall within any of the more specific categories. Time in this category was incurred by Blank Rome, among other things, (i) maintaining a critical dates calendar and service lists, (ii) preparing and filing the Conversion Motion and researching various issues related thereto, and (iii) communicating with the Debtors and the Debtors' professionals regarding various issues and strategy.

**(Project Code 0009)   Claims Administration and Objections:**

**Total Hours: 0.60        Total Fees: $282.00**

The time billed to this project code during the Final Application Period includes time spent by Blank Rome reviewing proofs of claim filed by purported creditors of the Debtors.

**(Project Code 0010)   Corporate Governance and Board Matters:**

**Total Hours: 36.40        Total Fees: $24,276.50**

The time billed to this project code during the Final Application Period includes Blank Rome's work advising the Debtors in connection with various regulatory and corporate governance matters. Time billed to this category includes time spent by Blank Rome, among other things, (i) preparing and filing Form 8-Ks with the Securities and Exchange Commission (the "*SEC*"); (ii) communicating with the SEC regarding various regulatory and investigation issues; (iii) preparing various board resolutions and corporate documents; (iv) preparing for and participating in the Debtors' board meetings; and (v) attending to matters related to the production of documents requested by the SEC.

**(Project Code 0011)   Employee Benefits and Pension:**

**Total Hours: 4.90        Total Fees: $2,346.00**

The time billed to this project code during the Final Application Period includes Blank Rome's work advising the Debtors with respect to employee wages, benefits and payroll issues and

-7-

includes time spent by Blank Rome in connection with the Debtors' first-day motion in respect of the same.

**(Project Code 0012)    Employment and Fee Applications:**

**Total Hours: 37.50        Total Fees: $15,803.50**

The time billed to this project code during the Final Application Period includes time spent by Blank Rome preparing, filing and performing various other tasks in connection with the Debtors' applications to retain and employ (i) Blank Rome as counsel to the Debtors [Docket No. 31], (ii) Carl Marks Advisory Group LLC and financial advisor to the Debtors [Docket No. 32] and (iii) Prime Clerk LLC as claims and noticing agent [Docket No. 26].

**(Project Code 0014)    Financing and Cash Collateral:**

**Total Hours: 2.90        Total Fees: $1,513.50**

The time billed to this project code during the Final Application Period includes Blank Rome's work advising the Debtors with respect to debtor in possession financing and includes time spent preparing a draft motion to approve debtor in possession financing and a draft financing term sheet.

**(Project Code 0015)    Litigation:**

**Total Hours: 8.60        Total Fees: $5,088.50**

The time billed to this project code during the Final Application Period includes Blank Rome's work advising the Debtors with respect to litigation matters and includes time spent preparing and filing suggestions of bankruptcy and communicating with counsel to litigation parties with respect to the Debtors' bankruptcy and the imposition of the automatic stay.

**(Project Code 0017)   Non-Working Travel:**

**Total Hours: 1.20         Total Fees: $822.00**

The time billed to this project code during the Final Application Period was spent traveling to and from Wilmington, Delaware for the first-day hearing on January 29, 2016.  Time in this category was billed at 50% of the actual time spent traveling.

**(Project Code 0018)   Plan and Disclosure Statement:**

**Total Hours: 1.40         Total Fees: $1,134.00**

The time billed to this project code during the Final Application Period includes Blank Rome's work advising the Debtors with respect to plan strategy and related issues.

**(Project Code 0021)   Reporting:**

**Total Hours: 30.90         Total Fees: $14,334.50**

The time billed to this project code during the Final Application Period includes Blank Rome's work advising the Debtors with respect to (i) the Debtors' initial operating report and initial debtor interview and relating reporting requirements, (ii) the Debtors' schedules and statements of financial affairs, (iii) the Debtors' final report and account pursuant to Bankruptcy Rule 1019(5)(A)(ii), and (iv) the Debtors' creditors' matrix.

**(Project Code 0022)   Tax:**

**Total Hours: 1.20         Total Fees: $564.00**

The time billed to this project code during the Final Application Period includes Blank Rome's work advising the Debtors with respect to tax-related issues and includes time spent by Blank Rome in connection with the Debtors' first-day motion in respect of the same.

144713.01600/102075163v.2

**(Project Code 0025)    Omnibus Court Hearings:**

**Total Hours: 25.50        Total Fees: $11,521.00**

The time billed to this project code during the Final Application Period includes time spent by Blank Rome, among other things, (i) preparing hearing agendas and hearing binders in connection with the January 29, 2016 first-day hearing and February 29, 2016 omnibus hearings and (ii) preparing for and attending the January 29, 2016 first-day hearing.

**(Project Code 0026)    Insurance Issues:**

**Total Hours: 6.30        Total Fees: $3,953.00**

The time billed to this project code during the Final Application Period includes Blank Rome's work advising the Debtors with respect to insurance related issues.

**Reasonable and Necessary Services Provided by Blank Rome**

**A.        Reasonable and Necessary Fees Incurred in Providing Services to the Debtors**

15.        The foregoing summary descriptions of services rendered are not intended to be exhaustive descriptions of the scope of Blank Rome's services rendered to the Debtors during the Final Application Period.    The time records included in the exhibit attached hereto as **Exhibit A-1** set forth the specific work performed by Blank Rome in each billing category during the Final Application Period.

16.        The foregoing professional services provided by Blank Rome on behalf of the Debtors during the Final Application Period were reasonable, necessary and appropriate to the administration of the Debtors' chapter 7 and 11 cases and related matters.    The blended hourly rate for all services rendered by Blank Rome during the Final Application Period is $510.69.

-10-

**B.      Reasonable and Necessary Expenses Incurred in Providing Services to the Debtors**

17.      Reimbursement of expenses incurred by Blank Rome in the amount of $8,288.53 is sought herein.   A categorized summary of the actual and necessary costs and expenses incurred by Blank Rome, and an itemization of each expense within each category, is included in the exhibit attached hereto as **Exhibit B**.   The actual expenses incurred by Blank Rome in providing professional services were necessary, reasonable and justified under the circumstances to serve the needs of the Debtors.   Blank Rome reserves the right to supplement this application and request reimbursement of any additional expenses incurred by Blank Rome after the Petition Date, as such expenses may not have been accounted for yet in Blank Rome's billing system.

## Services Provided to the Debtors After the Conversion Date

18.      After the Conversion Date, Blank Rome continued to provide certain necessary services to the Debtors in connection with, among other things, transitioning the Debtors' estates to the control of the Chapter 7 Trustee.   These services included interviews and other interactions with the Chapter 7 Trustee and his counsel on various matters relating to estate administration. Accordingly, in addition to the compensation for services rendered by Blank Rome during the Final Fee Application Period, totaling $116,145.45, Blank Rome, to the extent required,[4] hereby requests allowance and payment of (i) Blank Rome's fees during the post-Conversion Date period from February 26, 2016 through the date hereof for various services rendered to the Debtors, totaling $17,552.70; and (ii) $4,000.00 for estimated fees incurred by Blank Rome in connection with, among other things, (a) the preparation, filing and prosecution of this Final Fee Application, including attendance at any hearing thereon, and (b) preparing for and attending the

---

[4] Blank Rome likewise served its clients, the Debtors, in connection with the post-Conversion Date period and reserves all of its rights in respect of its retainer, which secures Debtor obligations to Blank Rome in both chapter 11 and chapter 7 contexts.  Arguably, Blank Rome fees and expenses in connection with post-Conversion Date services to the Debtors need

Debtors' section 341 meeting currently scheduled for April 8, 2016.   Attached hereto as **Exhibit A-2** is a detailed chronological itemization of the services rendered by Blank Rome during the post-Conversion Date period from February 26, 2016 through the date hereof.

### Blank Rome's Requested Compensation and Reimbursement Should Be Allowed

44.     Section 331 of the Bankruptcy Code provides for compensation of professionals and incorporates the substantive standards of section 330 of the Bankruptcy Code to govern the Court's award of such compensation.   Section 330 of the Bankruptcy Code provides that a court may award a professional employed under section 327 of the Bankruptcy Code "reasonable compensation for actual necessary services rendered . . . and reimbursement for actual, necessary expenses." 11 U.S.C. § 330(a)(1).   Section 330 of the Bankruptcy Code also sets forth the criteria for the award of such compensation and reimbursement:

> In determining the amount of reasonable compensation to be awarded, the court should consider the nature, extent, and the value of such services, taking into account all relevant factors, including—
>
> (a)     the time spent on such services;
>
> (b)     the rates charged for such services;
>
> (c)     whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;
>
> (d)     whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed; and
>
> (e)     whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. § 330(a)(3).

---

not be allowed and approved by this Court, but such allowance and approval is sought given the undoubted benefit of such transition services to the chapter 7 estates and in an abundance of caution in respect of the applicable bankruptcy law.

144713.01600/102075163v.2

45.     Blank Rome respectfully submits that the services for which it seeks compensation in this Final Application Period were, at the time rendered, necessary for and beneficial to the Debtors and were rendered to protect and preserve the Debtors' rights.  Blank Rome further believes that it performed the services for the Debtors economically, effectively and efficiently, and the services rendered benefitted the Debtors' estates.  Blank Rome further submits that the compensation requested herein is reasonable in light of the nature, extent and value of such services to the Debtors.

46.     During the course of the Final Application Period and after the Conversion Date, Blank Rome's billing rates for attorneys ranged from $470 to $820.  The hourly rates and corresponding rate structure utilized by Blank Rome in these cases are equivalent to the hourly rates and corresponding rate structure used by Blank Rome for other corporate restructuring and bankruptcy matters, as well as similar complex corporate, securities, and litigation matters whether in court or otherwise, regardless of whether a fee application is required.  Blank Rome strives to be efficient in the staffing of matters.  Blank Rome's hourly rates are set at a level designed to compensate Blank Rome fairly for the work of its attorneys and paraprofessionals and to cover fixed and routine expenses.  Hourly rates vary with the experience and seniority of the individuals assigned.

47.     In sum, Blank Rome respectfully submits that the professional services provided by Blank Rome on behalf of the Debtors during these cases were necessary and appropriate given the complexity of these cases, the time expended by Blank Rome, the nature and extent of Blank Rome's services provided, the value of Blank Rome's services, and the cost of comparable services outside of bankruptcy, all of which are relevant factors set forth in section 330 of the Bankruptcy Code.  Accordingly, Blank Rome respectfully submits that approval of the compensation sought herein is warranted and should be approved.

144713.01600/102075163v.2

### Compliance with the Bankruptcy Code, the Bankruptcy Rules and Local Rules

19.     In accordance with DEL. BANKR. L.R. 2016-2, a summary schedule of hours and fees for each attorney and paraprofessional, as well as a summary of the hours and fees categorized by project code, during the Final Application Period is included in the exhibit attached hereto at **Exhibit A-1**.  The undersigned submits that this Final Fee Application complies with DEL. BANKR. L.R. 2016-2.

20.     Blank Rome submits that the services rendered and expenses incurred during the Final Application Period and after the Conversion Date were actual and necessary and that the compensation sought is reasonable and in accordance with the standards of Bankruptcy Code section 330.

21.     No agreement or understanding exists between Blank Rome and any other entity (other than members or employees of Blank Rome) for the sharing of compensation received or to be received for services rendered in or in connection with these cases.

### Notice

A copy of this Final Fee Application has been served upon: (a) the Debtors; (b) the Chapter 7 Trustee; (c) counsel to the Chapter 7 Trustee; and (d) the Office of the United States Trustee.  Notice of this Final Fee Application has been served upon all parties requesting notice pursuant to Rule 2002 of the Federal Rules of Bankruptcy Procedure.

*[Remainder of page intentionally left blank.]*

144713.01600/102075163v.2

WHEREFORE, Blank Rome prays this Court enter an order (A) allowing on a final basis (i) compensation in the aggregate amount of $137,698.15 for professional services rendered by Blank Rome to the Debtors and (ii) reimbursement of expenses in the aggregate amount of $8,288.53 incurred by Blank Rome; (B) directing prompt payment of the same by the Debtors to the extent not previously paid; and (C) granting such other and further relief as may be just, proper and necessary.

Dated:  March 25, 2016
      Wilmington, Delaware

**BLANK ROME LLP**

*/s/ Victoria Guilfoyle*
Victoria A. Guilfoyle (DE No. 5183)
1201 N. Market Street, Suite 800
Wilmington, Delaware 19801
Telephone:    (302) 425-6404
Facsimile:    (302) 425-6464
E-mail:    guilfoyle@blankrome.com

    -and-

Michael B. Schaedle (admitted *pro hac vice*)
One Logan Square
130 North 18th Street
Philadelphia, Pennsylvania 19103-6998
Telephone:    (215) 569-5762
Facsimile:    (215) 832-5762
E-mail:    schaedle@blankrome.com

*Counsel to the Debtors*

-15-