**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 7 |
| LIQUID HOLDINGS GROUP, INC., <u>et al.</u>,[1] | Case No. 16-10202 (KG) |
| Debtors. | Jointly Administered |
| | **Objection Deadline: 4/8/2016 at 4:00 p.m. (ET)**<br>Hearing Date:  To Be Determined |

**SUMMARY COVER SHEET TO FIRST AND FINAL**
**FEE APPLICATION OF CARL MARKS ADVISORY GROUP LLC,**
**FINANCIAL ADVISOR TO THE DEBTORS AND DEBTORS IN POSSESSION**
**FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE**
**PERIOD FROM JANUARY 27, 2016 THROUGH FEBRUARY 25, 2016**

| | |
|---|---|
| *Name of Applicant*: | Carl Marks Advisory Group LLC ("CMAG") |
| *Authorized to Provide Professional Services to*: | Debtors and Debtors in Possession |
| *Date of Retention*: | February 25, 2016, *nunc pro tunc* to January 27, 2016 |
| *Final Period for which Compensation and Reimbursement is Sought*: | January 27, 2016 through February 25, 2016 |
| *Final Amount of Compensation Sought as Actual, Reasonable, and Necessary*: | $ 84,129.03 |
| *Final Amount of Expense Reimbursement Sought as Actual, Reasonable, and Necessary*: | $ 990.43[2] |

This is a(n):   ___ monthly   ___ interim   ✓ final application

This is CMAG's first and final fee application in these bankruptcy cases.

---

[1] The Debtors are the following entities (the last four digits of their respective taxpayer identification numbers follow in parentheses): Liquid Holdings Group, Inc. (2142) and Liquid Prime Holdings, LLC (2135).  The Debtors' mailing address is P.O. Box 2114, Hoboken, New Jersey 07030.

[2] CMAG reserves the right to supplement this application and request reimbursement of any additional expenses incurred after January 27, 2016, as such expenses may not have been accounted for yet in CMAG's billing system.

144713.01600/102091289v.2

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>LIQUID HOLDINGS GROUP, INC., et al.,<br><br>Debtors. | Chapter 7<br><br>Case No. 16-10202 (KG)<br><br>Jointly Administered<br><br>Objection Deadline: 4/8/2016 at 4:00 p.m. (ET)<br>Hearing Date:  To Be Determined |

**FIRST AND FINAL FEE APPLICATION OF CARL MARKS ADVISORY GROUP LLC, FINANCIAL ADVISOR TO THE DEBTORS AND DEBTORS IN POSSESSION FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD FROM JANUARY 27, 2016 THROUGH FEBRUARY 25, 2016**

This first and final fee application for compensation and reimbursement of expenses (this "*Final Fee Application*") is filed by Carl Marks Advisory Group LLC ("*CMAG*") requesting the entry of an order authorizing the allowance on a final basis, and payment by the above-captioned debtors (collectively, the "*Debtors*"), to the extent not previously paid, of compensation in the amount of $84,129.03 for professional services rendered and reimbursement of expenses incurred in the amount of $990.43 as financial advisor to the Debtors during the period from January 27, 2016 through February 25, 2016 (the "*Final Application Period*").  In support of this Final Fee Application, CMAG respectfully states as follows:

**Jurisdiction**

1.       The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. § 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b).  Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

144713.01600/102091289v.2

## General Background

2.  On January 27, 2016 (the "***Petition Date***"), each of the Debtors filed a voluntary petition under chapter 11 of title 11 of the United States Code (the "***Bankruptcy Code***") in the United States Bankruptcy Court for the District of Delaware (the "***Court***").

3.  On February 25, 2016 (the "***Conversion Date***"), upon prior motion of the Debtors [Docket No. 28] (the "***Conversion Motion***"), the above-captioned cases were converted from cases under chapter 11 of the Bankruptcy Code to cases under chapter 7 of the Bankruptcy Code. *See* Docket No. 56.

4.  Prior to the Conversion Date, the Debtors managed and operated their businesses as debtors in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code. No examiner or official committee of unsecured creditors has been appointed in these cases.

5.  On March 1, 2016, Alfred T. Giuliano was appointed chapter 7 trustee (the "***Chapter 7 Trustee***") of the estates of the Debtors. *See* Docket No. 62.

## Retention and Employment of CMAG

6.  CMAG is a nationally recognized financial advisory firm with extensive experience and expertise in bankruptcy and reorganization proceedings, particularly with respect to the representation of debtors and creditors.

7.  On February 9, 2016 the Debtors filed an application for an order authorizing the Debtors to employ CMAG as its financial advisor effective *nunc pro tunc* to the Petition Date [Docket No. 32] (as supplemented, the "***Employment Application***"). As disclosed in the Employment Application, CMAG held, as of the date of the filing of the Employment Application, a retainer balance in the amount of $120,000. Subsequent to the filing of the Employment Application, on or about February 10, 2016, after the Debtors filed the Conversion Motion, CMAG refunded $15,000 to the Debtors. Additionally, because the invoice period in connection with the $60,000

-2-

Monthly Advisory Fee (as set forth in the Financial Advisory Agreement) commenced on January 25, 2016, CMAG applied from its retainer balance $3,870.97 for pro-rated fees and $916.48 for expenses incurred prior to the Petition Date.[1]  As such, CMAG currently holds a retainer balance in the amount of $100,212.55 (the "***Retainer Balance***").  CMAG will apply the Retainer Balance as a credit towards allowed post-Petition Date fees and expenses, as requested by this Final Fee Application.  After CMAG's allowed post-Petition Date fees and expenses are paid, CMAG will refund the remaining Retainer Balance to the Chapter 7 Trustee, in his capacity as trustee of the Debtors' estates.[2]

8. On February 25, 2016, the Court entered an order approving the Employment Application [Docket No. 53] (the "***Employment Order***").  The Employment Order authorized CMAG to provide the following services, among other services, to the Debtors, as enumerated in the Employment Application:

（a) Assist management and work with the Debtors' advisors in structuring a value maximizing transaction, auction and bidding procedures as appropriate;

(b) Identify additional prospective acquirers and provide such contact information to the Debtors' advisors for the advisors to approach them in ascertaining their level of interest in a transaction;

(c) Participate in discussions with acquirers in coordination with the advisors as necessary;

(d) Evaluate the Debtors' liquidity by analyzing the business plan and 13-week cash flow forecasts to assist in liquidity planning alternatives including identifying and budgeting potential administrative expenses pursuant to a restructuring;

(e) Identify financing needs of the Debtors in contemplation of a transaction and assist in developing a timeline for the realization of a transaction;

---

[1] The pro-rated balance of compensation due and owing to CMAG is requested herein.

[2] Nothing in this Final Fee Application shall be construed as an admission by CMAG that any portion of the Retainer Balance is property of the Debtors' estates.

-3-

(f) Assist the Debtors and its professionals in the review of and implementation of any proposed transaction or other transaction, in responding thereto and, if directed, evaluating potential alternatives for a transaction;

(g) Review and analyze any proposed third party transactions or other transactions, including, without limitation, any proposals for debtor-in-possession financing;

(h) Assist the Debtors in identifying alternative financing sources for debtor-in-possession financing including from acquirers if necessary;

(i) Assist the Debtors in review of risks and benefits of considering a transaction;

(j) Participate in negotiations with parties in interest and/or their respective representatives in connection with a transaction with advisors and management as necessary and appropriate;

(k) Advise the Debtors on and attend meetings of the board of directors, creditor groups, official constituencies and other interested parties;

(l) Participate in hearings before the Bankruptcy Court and provide relevant testimony with respect to matters defined herein and issues arising in connection with any proposed plan including bid protections and procedures;

(m) Assist the Debtors with the coordination, data collection, preparation, and filing of the necessary schedules, administrative claims, and appropriate documentation, both pre-and post-petition, with regard to bankruptcy protection, including, but not limited to, statement of financial affairs, schedule of assets and liabilities, debtor-in-possession cash flow statements, monthly operating reports, preliminary claims administration; and monthly court reporting requirements; and

(n) Perform other such services as are directed by the Debtors and reasonably acceptable to CMAG.

9. The Employment Order approved, subject to review and final approval under Bankruptcy Code section 328(a), the proposed compensation to CMAG, *i.e.*, monthly fees at the rate of $95,000 ($60,000 with respect to the services listed in the Financial Advisory Agreement (as defined in the Employment Application) and $35,000[3] with respect to the services listed in the First

---

[3] Of this amount, CMAG seeks allowance and payment of $28,000.

Amendment to the Financial Advisory Agreement (as defined in the Employment Application) for each monthly period in which financial advisory services are provided.

10. The professionals at CMAG who had the day-to-day responsibility for this matter were Christopher Wu, Anthony Accordino, Scott Webb, David Endo, and Parker Condie.

### Relief Requested

11. CMAG submits this Final Fee Application pursuant to Bankruptcy Code sections 330 and 331, the Federal Rules of Bankruptcy Procedure (the "*Bankruptcy Rules*") and DEL. BANKR. L.R. 2016-2. By this Final Fee Application, CMAG seeks final allowance of compensation for actual and necessary professional services rendered in the amount of $84,129.03 and reimbursement of expenses incurred in the amount of $990.43 as financial advisor to the Debtors during the Final Application Period.

### Summary of Fees and Expenses

12. The total number of hours expended by CMAG professionals in performing professional services for the Debtors during the Final Application Period was 179.50 hours at a blended billing rate of approximately $473.50 per hour. The value of these services has been computed at the rates CMAG customarily charges for similar services provided to other clients.

13. A schedule of the time expended by all CMAG professionals engaged in the representation of the Debtors during the Final Application Period is attached hereto as **Exhibit A**.[4]

14. CMAG also seeks reimbursement of out-of-pocket expenses during the Final Application Period of $990.43. A schedule of expenses by all CMAG professionals engaged in the representation of the Debtors during the Final Application Period is attached hereto as **Exhibit B**.

---

[4] CMAG's professionals are required only to keep summary time records in half-hour increments. *See* Employment Order, ¶6.

**Compliance with the Bankruptcy Code, the Bankruptcy Rules and Local Rules**

15. In compliance with DEL. BANKR. L.R. 2016-2, a summary schedule of hours and fees as well as background information for each of the CMAG professionals is included in **Exhibit A**.

16. CMAG submits that the services rendered and expenses incurred during the Final Application Period were actual and necessary and that the compensation sought is reasonable and in accordance with the standards of Bankruptcy Code section 330 and 331.

17. The undersigned submits that this Final Fee Application complies with DEL. BANKR. L.R. 2016-2.

18. No agreement or understanding exists between CMAG and any other entity (other than members or employees of CMAG) for the sharing of compensation received or to be received for services rendered in or in connection with these cases.

**Notice**

19. A copy of this Final Fee Application has been served upon: (a) the Debtors, (b) counsel to the Chapter 7 Trustee and (c) the Office of the United States Trustee. Notice of this Final Fee Application has been served upon all parties requesting notice pursuant to Rule 2002 of the Federal Rules of Bankruptcy Procedure.

**WHEREFORE**, CMAG respectfully requests that this Court: (i) approve, on a final basis, this Final Fee Application for services for the Final Application Period and authorize and direct payment of all such amounts not previously paid; and (ii) enter any other and further relief as the Court deems proper and just.

Dated: March 25, 2016    **CARL MARKS ADVISORY GROUP LLC**

*/s/ Christopher Wu*
Christopher Wu
900 3rd Avenue
New York, New York 10022
*Financial Advisor to the Debtors*

-6-

144713.01600/102091289v.2