IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>LIQUID HOLDINGS GROUP, INC., et al.,<br><br>*Debtors*. | Chapter 7<br><br>Case No. 16-10202 (KG)<br><br>Re: Docket No. 136 |

**LIMITED OBJECTION OF TRUSTEE TO FORMER OFFICERS AND DIRECTORS'
MOTION FOR MODIFIED ORDER AUTHORIZING INSURANCE ADVANCEMENTS**

Alfred T. Giuliano, in his capacity as Chapter 7 Trustee for the jointly administrated Chapter 7 bankruptcy estates of Liquid Holdings Group, Inc. and Liquid Prime Holdings, LLC (the "Trustee"), by and through undersigned counsel, hereby makes a Limited Objection to the Motion of Darren Davy, Brian Ferdinand, David Francescani, Peter R. Kent, Thomas Ross, Richard Schaeffer, Kenneth D. Shifrin, Victor Simone, Jr., Brian M. Storms, Dennis Suskind, Jay Bernstein, and Allan Zavarro (collectively, the "Former Officers and Directors") for entry of a modified order granting relief from the automatic stay to the extent necessary to permit AXIS Insurance Company ("AXIS") to advance insurance funds. In support of his Limited Objection, the Trustee hereby respectfully states as follows:

1. On August 30, 2016, this Court entered an Order (D.I. 124) granting relief from the automatic stay to the extent necessary to permit AXIS to advance certain defense costs incurred or yet to be incurred in connection with the defense of the DeVito and Deutsch Actions[1] (the "Original Order").

---

[1] The Deutsche Action was initiated by a Complaint filed in the New York Supreme Court on August 18, 2015 against, *inter alia*, certain of the Former Officers and Directors. The DeVito action was initiated by a Complaint filed in the United States District Court for the District of New Jersey on September 21, 2015 against, *inter alia*, the Former Officers and Directors.

2. The Trustee did not object to entry of the Original Order due to the inclusion of the following condition, which was necessary to protect the Debtors' interests as co-insured under the AXIS policy and to ensure that defense costs did not run out of control:

> once the amount of Defense Costs disbursed totals $2,000,000, no further disbursements shall be made without the consent of the chapter 7 Trustee or further order of this Court[.]

3. On August 9, 2017, the Former Officers and Directors filed a Motion for Modified Order Authorizing Advancement By Insurer of Defense Expenses and Settlement Costs of Insured Individuals Pursuant to Directors and Officers Liability Insurance Policy (the "Modification Motion," D.I. 136).

4. The Modification Motion seeks to expand the scope of the Original Order to grant relief from the automatic stay to, *inter alia*: 1) allow advancement of costs incurred in connection with inquiries or investigations from governmental authorities; 2) allow advancement of costs incurred in connection with an Adversary Proceeding filed by the Trustee; and 3) allow advancement of costs to pay unspecified amounts to settle the DeVito and/or Deutsch Actions.

5. Despite significantly expanding the scope of the Original Order, the Former Officers and Directors seek entry of a modified order which does not include the protective language detailed *supra* in paragraph 2.

6. The AXIS Policy is a multi-coverage insurance policy – i.e., a policy which provides both D & O coverage and corporate liability coverage – and clearly provides, *inter alia*, that "[t]he Insurer shall pay on behalf of the Insured Organization[2] all Loss for which the Insured Organization becomes legally obligated to pay on account of a Securities Claim" and "the Insurer

---

[2] The AXIS Policy defines the "Insured Organization" as Liquid Holdings Group, Inc. and its subsidiaries.  *See* Ex. A to Modification Motion at Section III.J. and Declarations, Item 1.

2

shall pay on behalf of the Insured Organization all Investigation Costs arising from any Securityholder Derivative Demand." *See* Ex. A to Modification Motion, Section I.C. and I.D.

7. It is well-established that "when there is [insurance] coverage for the directors and officers and the debtor, the proceeds will be property of the estate if depletion of the proceeds would have an adverse effect on the estate to the extent the policy actually protects the estate's other assets from diminution." *SN Liquidation, Inc. v. Icon Int'l, Inc.* (*In re SN Liquidation, Inc.*), 388 B.R. 579, 584 (Bankr. D. Del. 2008); *accord In re Eastwind Grp., Inc.*, 303 B.R. 743, 747 (Bankr. E.D. Pa. 2004); *cf. In re Allied Digital Techs., Corp.*, 306 B.R. 505, 514 (Bankr. D. Del. 2004) (holding that an insurance policy was not property of the estate only because "the Trustee . . . [was] not an insured and [was] not seeking to protect direct coverage to the debtor").

8. Given the AXIS Policy's $5 million Limit of Liability, see Ex. A to Modification Motion at Declarations, Item 3, depletion of the AXIS Proceeds on behalf of the Former Officers and Directors will have an adverse effect on the estate, and the AXIS Policy is thus property of the estate.

9. As the AXIS Policy constitutes property of the estate, disbursements under the AXIS Policy to the Former Officers and Directors should be subject to review of this Court to ensure that they are necessary, reasonable, and appropriate, and stay relief should be conditioned on such review.

10. The concept of prior review and approval of disbursements made under a multi-coverage insurance policy has been endorsed by other bankruptcy courts across the country. *See, e.g., In re Laminate Kingdom*, LLC, 07-10279-BKC-AJC, 2008 WL 1766637, at *5 (Bankr. S.D. Fla. Mar. 13, 2008) ("Notwithstanding the allowance of the payment of the Costs of Defense under the Policy, the Court conditions the granting of stay relief to pay such costs upon Court approval,

after notice and hearing."); *In re Beach First Nat. Bancshares, Inc.*, 451 B.R. 406, 411–12 (Bankr. D.S.C. 2011) (providing relief from the automatic stay for disbursement of insurance funds but requiring the insurer to give the Trustee five business days' notice prior to disbursement and stating that "the recipients of any disbursed funds [which] are unreasonable or unnecessary . . . may be subject to disgorgement"); *In re Arter & Hadden, L.L.P.*, 335 B.R. 666, 674 (Bankr. N.D. Ohio 2005) (requiring submission of a fee application prior to disbursement of insurance proceeds).

11. The rationale for the protective provisions in the Original Order is even greater given the expanded scope of disbursements sought by the Modification Motion.

12. The Trustee respectfully requests that any relief granted pursuant to the Modificiation Motion should be conditioned on the following:

   a. Prior to any disbursements from the AXIS Policy to settle litigation claims, notice of the proposed settlement with a summary of the terms should be filed with the Court and provided to the Trustee. The Trustee (and other parties in interest) should have not less than 15 days to review the notice and object (the "Settlement Objection Period"), as needed. If no objection is filed within the Settlement Objection Period, the proposed disbursements may be made without further Court order.

   b. Prior to any disbursements from the AXIS Policy to pay defense fees and expenses (beyond the $2 million already covered in the Original Order), notice of the amounts to be paid (not the invoices themselves) should be filed with the Court and provided to the Trustee. The Trustee (and other parties in interest) should have not less than 15 days to review the notice and object (the "Fee Objection Period"),

as needed. If no objection is filed within the Fee Objection Period, the proposed disbursements may be made without further Court order.

## CONCLUSION

For the foregoing reasons, the Trustee respectfully requests that this Court grant his limited objection to the Modification Motion filed by the Former Officers and Directors and condition any relief that expands the scope of stay relief sought by the Former Officers and Directors on including language in a form of order which protects the property of the estate by requiring that disbursement of insurance proceeds be subject to the proposed procedures outlined above.

| Dated: September 5, 2017 | */s/ David W. Carickhoff* <br> David W. Carickhoff (DE 3715) <br> ARCHER & GREINER, P.C. <br> 300 Delaware Ave., Suite 1100 <br> Wilmington, DE 19801 <br> Telephone: 302-777-4350 <br> Facsimile: 302-777-4352 <br> Email: dcarickhoff@archerlaw.com <br><br> Attorneys for Alfred T. Giuliano, Ch. 7 Trustee |
|---|---|

213168782v2