UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | Case No. 16-10202-KG |
| Liquid Holdings Group, Inc., | ) | |
| | ) | |
| Debtor. | ) | Re: D.I. *136* |

**MODIFIED ORDER AUTHORIZING ADVANCEMENT BY INSURER OF DEFENSE COSTS AND SETTLEMENT COSTS OF INSURED INDIVIDUALS PURSUANT TO DIRECTORS AND OFFICERS LIABILITY INSURANCE POLICY**

Upon consideration of the motion (the "Motion") of Darren Davy, Brian Ferdinand, David Francescani, Peter R. Kent, Thomas Ross, Richard Schaeffer, Kenneth D. Shifrin, Victor Simone, Jr., Brian M. Storms, Dennis Suskind, Jay Bernstein, and Allan Zavarro for relief from the automatic stay to the extent necessary, to permit AXIS[1] to advance Defense Costs and Insured Inquiry Costs and to make Settlement Payments up to the Limit of Liability of the AXIS Policy, and for good cause shown, it is hereby:

ORDERED, that the Motion is granted; and it is further

ORDERED, that, to the extent the automatic stay under 11 U.S.C. § 362(a) is applicable, it is hereby modified to the extent necessary to permit the disbursement of proceeds of the AXIS Policy; and it is further

ORDERED, that, subject to the terms of this Order, AXIS is permitted to follow the express terms of the AXIS Policy by advancing Defense Costs and Insured Inquiry Costs incurred or that may be incurred in the future by the Insured Individuals, (subject to the terms and conditions of, and subject to the coverage limits set forth in, the AXIS Policy) in connection with the defense of the Litigations; and it is further

---

[1] Capitalized terms not defined herein shall have the same meaning as in the Motion.

ORDERED, that, subject to the terms of this Order, the Defense Costs and Insured Inquiry Costs incurred and to be incurred by defense counsel of the Insured Individuals in the Litigations, and any service providers or expert consultants, may be advanced and reimbursed by AXIS ("Defense Cost Advancements") in the ordinary course, pursuant to normal and customary billing policies and practices of AXIS and the law firms, service providers, and consultants in question; and it is further

ORDERED, that, subject to the terms of this Order, AXIS is permitted to advance Settlement Payments ("Settlement Payments") as reasonable and necessary to settle Claims arising from the Litigations; and it is further

ORDERED, that, prior to making any Defense Cost Advancements or Settlement Payments (jointly "Payments") that would exceed the $2,000,000 threshold set forth in this Court's August 30, 2016 Original Order, written notice of any proposed Payment ("Payment Notice") shall be provided to the Chapter 7 Trustee, along with a report showing the aggregate amount of Defense Costs and Insured Inquiry Costs to be advanced, or (as applicable) a summary of the terms of any settlement for which a Settlement Payment is to be made; and it is further

ORDERED, that if, within fifteen (15) days of receipt of a Payment Notice, the Chapter 7 Trustee files an objection to a proposed Payment, such Payment may not be made until further order of this Court; provided however, that nothing in this Order shall be deemed to recognize, adjudicate or otherwise acknowledge any right or standing of the Chapter 7 Trustee to object to any proposed Payments; and it is further

ORDERED, that, if an objection is filed by the Chapter 7 Trustee in accordance with this Order, such objection shall not disclose any confidential information related to any proposed

settlement without consent of the Movants or further Order of this Court, except that such objection may be filed under seal; and it is further

ORDERED, that nothing in this Order shall modify or alter the contractual rights and obligations provided for under the terms and provisions of the AXIS Policy; and it is further

ORDERED, that this Court shall retain jurisdiction to adjudicate any disputes arising under or with respect to any other matters related to the implementation of this Order; and it is further

ORDERED, that the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

Dated: September 7, 2017

_____
UNITED STATES BANKRUPTCY JUDGE

#05337881v2