**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 7 |
| LIQUID HOLDINGS GROUP, INC., *et al.*,[1] | Case No. 16-10202 (KG) (Jointly Administered) |
| Debtors. | **Objection Deadline: October 4, 2017 @ 4:00 p.m.** **Hearing Date: October 11, 2017 @ 10:00 a.m.** |

**MOTION OF CHAPTER 7 TRUSTEE FOR AN ORDER APPROVING SETTLEMENT AGREEMENT BETWEEN CHAPTER 7 TRUSTEE AND JAMES P. LEE**

Alfred T. Giuliano, the chapter 7 trustee (the "Trustee") of the estates of the above-captioned debtors, Liquid Holdings Group, Inc., *et al.* (the "Debtors"), hereby moves the Court (this "Motion") for entry of an order (the "Proposed Order") approving a Settlement Agreement (the "Settlement Agreement")[2] between the Chapter 7 Trustee and James P. Lee ("Lee"). In support of the Motion, the Trustee respectfully represents as follows:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

2. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory and legal predicates for the relief sought herein are section 105 of title 11 of the United States Code (the "Bankruptcy Code") and Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

---

[1] The Debtors are the following entities (the last four digits of their respective taxpayer identification numbers follow in parentheses): Liquid Holdings Group, Inc. (2142) and Liquid Prime Holdings, LLC (2135).
[2] A copy of the Settlement Agreement is attached hereto as **Exhibit A**.

**BACKGROUND**

**A. The Bankruptcy Case**

4.     On January 27, 2016 (the "Petition Date"), the Debtors each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code (the "Chapter 11 Cases").

5.     On January 29, 2016, the Court entered an order jointly administering the Debtors' cases.

6.     On February 25, 2016, the Court entered an order (the "Conversion Order") converting the Chapter 11 Cases to cases administered under chapter 7 of the Bankruptcy Code (the "Chapter 7 Cases").

7.     On March 1, 2016, the Trustee was appointed as chapter 7 trustee of the Debtors' estates pursuant to section 701(a) of the Bankruptcy Code.

8.     On April 5, 2016, Lee filed a Proof of Claim against Liquid Holdings Group, Inc. ("Liquid") [Claim No. 18-1]. Pursuant to his Proof of Claim, Lee asserts that he has an unsecured claim against Liquid for $189,640.14. Lee's claim is based on unpaid amounts he alleges are owed to him under a Separation Agreement (defined below).

**B. The Debtor's Relationship with Lee**

9.     Prior to the Petition Date, from April 9, 2013 through September 30, 2014, Lee was employed by Liquid and ADP TotalSource as co-employers. On October 2, 2014, Lee and Liquid entered into a Separation and Release Agreement whereby Lee would receive, *inter alia*, a severance package (the "Separation Agreement").

10.    After Lee's employment with Liquid was terminated, Liquid discovered that Lee had used his company credit card, issued to him by Liquid, for his personal benefit. The charges that Lee made on that company credit card for his personal benefit totaled approximately

$37,000 (the "Credit Card Charges").[3] Lee never reimbursed Liquid for the Credit Card Charges.

11. On March 3, 2017, counsel for the Trustee issued a demand letter to Lee demanding repayment of Liquid's funds used for Lee's personal benefit. Subsequent to the issuance of that letter, the Trustee and Lee have come to a mutually agreeable resolution of Lee's obligation to Liquid.

### REQUESTED RELIEF

12. The Trustee seeks approval of the Settlement Agreement which provides in material part as follows:[4]

    (a) The Settlement Agreement is subject to Court approval. The date upon which an Order entered by the Court approving the Settlement Agreement becomes a final, non-appealable order, shall be referred to as the "Effective Date."

    (b) Lee shall pay the Trustee $37,000 (the "Settlement Payment"), which the Trustee shall hold in escrow until the Effective Date. The Settlement Payment represents the amount owed by Lee to Liquid in connection with the Credit Card Charges.

    (c) Except for the obligations set forth in the Settlement Agreement, the Trustee agrees to release Lee from all claims and causes of action, known or unknown, that the Trustee may have against Lee relating, directly or indirectly, to the Credit Card Charges.

    (d) Except for the obligations set forth in the Settlement Agreement, Lee agrees to release and discharge the Trustee and Liquid's estate from any and all claims and causes of action, whether known or unknown, that Lee has or may have against the Trustee or Liquid, including but not limited to any claims related to the Separation Agreement or any proof of claim filed by Lee against Liquid.

---

[3] This amount reflects the personal charges that the Trustee believes it would be able to prove in any action regarding the same.

[4] The description of the Settlement Agreement set forth in this section is intended to be summary in nature only. To the extent anything contained herein conflicts with the Settlement Agreement, the terms of the Settlement Agreement shall control.

3

**BASIS FOR RELIEF**

13. The Court has the authority to grant the relief requested in this Motion pursuant to section 105 of the Bankruptcy Code and Bankruptcy Rule 9019. Section 105 of the Bankruptcy Code provides that "[t]he court may issue any order . . . that is necessary or appropriate to carry out the provisions of this title." Bankruptcy Rule 9019 grants the Court authority to approve settlements of claims in controversy after notice and a hearing. Under this authority, the Third Circuit has emphasized that "to minimize litigation and expedite the administration of a bankruptcy estate, '[c]ompromises are favored in bankruptcy'." Myers v. Martin (In re Martin), 91 F.3d 389, 393 (3d Cir. 1996). In addition, this District has recognized that the approval of a proposed compromise in settlement is committed to the sound discretion of the bankruptcy court. See In re Louise's, Inc., 211 B.R. 798, 801 (D. Del. 1997).

14. Before approving a settlement under Bankruptcy Rule 9019, a court must determine whether "the compromise is fair, reasonable, and in the interests of the estate." In re Marvel Entertainment Group, Inc., 222 B.R. 243, 249 (D.Del. 1998) (quoting In re Louise's Inc., 211 B.R. at 801). To reach such a determination, the Court must assess the value of the claim that is being settled and balance it against the value to the estate of the approval of the settlement. In re Martin, 91 F.3d at 393. In striking this balance, the Court should consider the following factors:

    a)    The probability of success in the litigation;

    b)    The complexity, expense and likely duration of the litigation;

    c)    The possibilities of collecting on any judgment which might be obtained;

    d)    All other factors relevant to making a full and fair assessment of the wisdom of the proposed compromise; and

  e)  Whether the proposed compromise is fair and equitable to the debtors, their creditors, and other parties in interest.

<u>Protective Comm. For Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson</u>, 390 U.S. 414, 424-5 (1968); <u>see</u> <u>also</u> <u>In re Martin</u>, 91 F.3d at 393.

 15. Basic to the process of evaluating proposed settlements is "the need to compare the terms of the compromise with the likely rewards of litigation." <u>TMT Trailer Ferry</u>, 390 U.S. at 425. This does not require the Court to hold a full evidentiary hearing before a compromise can be approved; rather, the Court's obligation is only "to canvas the issues and see whether the settlement 'falls below the lowest point in a range of reasonableness.'" 10 Collier on Bankruptcy, ¶ 9019.2, 9019-4 (15th ed.) (quoting <u>In re Drexel Lambert Group, Inc.</u>, 134 B.R. 493 (Bankr. S.D.N.Y. 1991)); <u>see</u> <u>also</u> <u>In re W.T. Grant Co.</u>, 699 F.2d 599, 608 (2d Cir. 1983).

 16. When considering the terms of the Settlement Agreement, the Trustee considered the various <u>TMT Trailer Ferry</u> factors. After weighing the factors and in light of the expense, inconvenience and delay of litigation over the Credit Card Charges and other claims and defenses which the Trustee and/or Lee could potentially raise under the Separation Agreement, the Trustee determined that the Settlement Agreement is a fair compromise and meets all of the standards set forth in <u>TMT Trailer Ferry</u>. Indeed, litigation over the extent, priority and allowability of Lee's alleged claim and over Lee's obligation to Liquid's estate for the Credit Card Charges would be time consuming and expensive, with uncertain results.

 17. In contrast, the Settlement Agreement avoids costly and uncertain litigation, on terms beneficial to the Liquid estate and, therefore, should be approved. <u>See</u> e.g. <u>In re A & C Props.</u>, 784 F.2d 1377, 1380-81 (9th Cir.1986) (courts should approve compromises "to allow the trustee and the creditors to avoid the expenses and burdens associated with litigating sharply

contested and dubious claims.") Specifically, the Settlement Agreement releases the Liquid estate from all claims by Lee – eliminating Lee's recovery under the Separation Agreement. Additionally, the Settlement Agreement provides that Lee will reimburse the Liquid estate for the Credit Card Charges. Absent the Settlement Agreement, Lee would continue to hold a general unsecured claim under the Separation Agreement, thereby potentially diluting recoveries to unsecured creditors. Lee would also gain the benefit of the Credit Card Charges pending the outcome of a potential adversary action against him.

18. Given the favorable results obtained in the Settlement Agreement, the Trustee asserts that it falls well within the range of reasonableness for approval under Bankruptcy Rule 9019. See e.g. W.T. Grant, 699 F.2d at 608 (courts should only deny a proposed compromise when it "falls below the lowest point in the range of reasonableness.")

## **NOTICE**

19. Notice of this Motion has been given to: (a) the Office of the United States Trustee; and (b) all parties that have previously requested notice in these cases pursuant to Bankruptcy Rule 2002. Such notice is reasonable in light of the circumstances of these chapter 7 cases and the nature of the relief sought herein.

[*Remainder of Page Intentionally Left Blank*]

WHEREFORE, the Trustee, respectfully requests that this Court enter an Order granting the relief sought herein and such other relief as the Court deems just and appropriate under the circumstances.

Dated: September 19, 2017

By: */s/ David W. Carickhoff*
David W. Carickhoff (No. 3715)
S. Alexander Faris (No. 6278)
ARCHER & GREINER, P.C.
300 Delaware Avenue, Suite 1100
Wilmington, DE 19801
Telephone: 302-777-4350
Facsimile: 302-777-4352
Email: dcarickhoff@archerlaw.com

*Counsel to the Chapter 7 Trustee*

114682721v1