## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | : | Chapter 7 |
|  | : |  |
| LIQUID HOLDINGS GROUP, INC., et al.,[1] | : | Case No. 16-10202 (KG) |
|  | : |  |
|  | : | (Jointly Administered) |
| Debtors | : |  |
|  | : |  |
|  | : |  |
|  | : |  |
| ALFRED T. GIULIANO, solely in his capacity as | : |  |
| Chapter 7 Trustee for the jointly administered | : |  |
| Chapter 7 bankruptcy estates of Liquid Holdings | : |  |
| Group, Inc. and Liquid Prime Holdings, LLC, | : | **Adv. No. Refer to Summons** |
|  | : |  |
| Plaintiff, | : |  |
|  | : |  |
| v. | : |  |
|  | : |  |
| AMERICAN EXPRESS, | |  |
|  | |  |
| Defendant. | |  |

## COMPLAINT TO AVOID AND RECOVER TRANSFERS PURSUANT TO 11 U.S.C. §§ 547, 548, AND 550 AND TO DISALLOW CLAIMS PURSUANT TO 11 U.S.C § 502

Alfred T. Giuliano, solely in his capacity as chapter 7 trustee for the jointly administered chapter 7 bankruptcy estates of Liquid Holdings Group, Inc. and Liquid Prime Holdings, LLC (the "Trustee" or "Plaintiff"), by and through his undersigned counsel, files this complaint (the "Complaint") to avoid and recover certain transfers made

---

[1] The Debtors, along with the last four digits of each reorganized debtor's tax identification number, as applicable, are: Liquid Holdings Group, Inc. (2142), Liquid Prime Holdings, LLC (2135).  The address of the Debtors' corporate headquarters if 111 River Street, Ste. 1204, Hoboken, New Jersey 07030.

by Liquid Holdings Group, Inc. and Liquid Prime Holdings, LLC (the "Debtors"), to or for the benefit of American Express (the "Defendant"), and states as follows:

## NATURE OF THE ACTION

1.    Plaintiff seeks a money judgment relating to certain avoidable transfers identified on Exhibit A attached hereto that were made by Debtors to Defendant during the ninety (90) day period preceding the commencement of the Debtors' bankruptcy cases (each transfer, an "Avoidable Transfer" and, collectively, the "Avoidable Transfers").

2.    Plaintiff seeks entry of a judgment against Defendant: (i) avoiding (a) pursuant to 11 U.S.C. (the "Bankruptcy Code") § 547(b), preferential transfers to or for the benefit of the Defendant, or, in the alternative, subject to proof, (b) pursuant to Bankruptcy Code § 548(a)(1)(B) any transfers that may have been fraudulent transfers; (ii) pursuant to Bankruptcy Code § 550(a), directing Defendant to pay to Plaintiff an amount to be determined at trial that is not less than the amount of the Avoidable Transfers, plus interest and costs; and (iii) pending such payment, disallowing any claim of Defendant against Debtors pursuant to Bankruptcy Code § 502(a)-(j) ("Section 502").

3.    To the extent that Defendant has filed a proof of claim or has a claim listed on the Debtors' schedules as undisputed, liquidated, and not contingent, or has otherwise requested payment from the Debtors' estates (collectively, the "Claims"), this Complaint is not intended to be, nor should it be construed as, a waiver of Plaintiff's rights to object to such Claims for any reason including, but not limited to, Bankruptcy Code § 502, and such rights are expressly reserved.

**JURISDICTION AND VENUE**

4.      This adversary proceeding relates to the chapter 7 cases of Liquid Holdings Group, Inc. and Liquid Prime Holdings, LLC, jointly administered under Case No. 16-10202 (KG), pending in the United States Bankruptcy Court for the District of Delaware (the "Court").

5.      The Court has subject matter jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157, 1331 and 1334(b).

6.      The statutory and legal predicates for the relief sought herein are Bankruptcy Code Sections 502, 547, 548 and 550 and Rules 3007 and 7001 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

7.      This proceeding is a "core" proceeding pursuant to 28 U.S.C. § 157(b)(2).

8.      The Plaintiff consents to entry of final orders and judgments by the Court in this adversary proceeding.

9.      Venue in this district is proper pursuant to 28 U.S.C. § 1409.

**PROCEDURAL AND FACTUAL BACKGROUND**

10.      On January 27, 2016, (the "Petition Date"), the Debtors each commenced voluntary cases under chapter 11 of the Bankruptcy Code (collectively, the "Chapter 11 Cases"). Thereafter, the Debtors continued to operate their businesses and manage their properties as debtors-in-possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

11.      By Order entered January 29, 2016, these cases are being jointly administered.

12.     On February 25, 2016, an Order was entered by the Court converting the Chapter 11 Cases to cases under chapter 7.

13.     On March 1, 2016, the Trustee was appointed as chapter 7 trustee of the Debtors' estates pursuant to section 701(a) of the Bankruptcy Code.

14.     During the ninety (90) days before the Petition Date, that is between October 29, 2015 through and including January 27, 2016, (the "Preference Period"), Debtors continued to operate their business affairs, including the transfer of property, either by checks, cashier checks, wire transfers, ACH transfers, direct deposits or otherwise to certain entities, including the Defendant.

15.     During the course of their relationship, the Debtors and Defendant entered into agreements, evidenced by invoices, communications and other documents (collectively, the "Agreements"), pursuant to which the Debtors and Defendant conducted business with one another.

16.     The Debtors purchased goods and/or services from Defendant pursuant to the Agreements, and paid Defendant certain amounts for such goods and/or services.

17.     Plaintiff is seeking to avoid all of the transfers of an interest of the Transferor Debtors' property made by Transferor Debtors to Defendant within the Preference Period.

18.     Plaintiff has determined that Debtors made transfers of an interest of their property to or for the benefit of Defendant during the Preference Period through the payments set forth on **Exhibit A** (the "Transfers"). The details of each Transfer are set forth on **Exhibit A** attached hereto and incorporated by reference.

4

19.    During the course of this proceeding, Plaintiff may learn (through discovery or otherwise) of additional transfers made to Defendant during the Preference Period. Plaintiff reserves its right to amend this original Complaint to include: (i) further information regarding the Transfers, (ii) additional transfers, (iii) modifications of and/or revision to Defendant's name, (iv) additional defendants, and/or (v) additional causes of action; *e.g.*, but not exclusively, 11 U.S.C. §§ 542, 544, 545, and/or 549 (collectively, the "Amendments"), that may become known to Plaintiff at any time during this adversary proceeding, through formal discovery or otherwise, and for the Amendments to relate back to this original Complaint

### COUNT I - TO AVOID PREFERENTIAL TRANSFERS PURSUANT TO 11 U.S.C. 547(B)

20.    Plaintiff repeats and re-alleges all preceding paragraphs as if fully set forth herein.

21.    During the Preference Period, Debtors made transfers to, or for the benefit of, Defendant in the amounts set forth on **Exhibit A**, which is incorporated by reference herein.

22.    During the Preference Period, Defendant was a creditor of the Debtors within the meaning of Section 547(b)(1) of the Bankruptcy Code at the time of each Avoidable Transfer by virtue of supplying goods and/or services for which Debtors were obligated to pay.

23.    The Avoidable Transfers were transfers of an interest in Debtors' property.

24.     According to the Debtors' books and records, the Avoidable Transfers were made to, or for the benefit of, the Defendant because each Avoidable Transfer either reduced or fully satisfied a debt or debts then owed by Debtors to Defendant.

25.     The Avoidable Transfers were made for or on account of antecedent debts owed by Debtors and described in **Exhibit A**.

26.     The Avoidable Transfers were made while Debtors were insolvent. The Plaintiff is entitled to the presumption of insolvency for each Avoidable Transfer made during the Preference Period pursuant to Section 547(1) of the Bankruptcy Code. Further, as evidenced by, among other things: (i) the Debtors' bankruptcy petitions; and (ii) the proofs of claim that have been filed against the Debtors' estates, the Debtors' liabilities exceeded the value of the Debtors' assets during the Preference Period.

27.     Debtors' general unsecured creditors will receive less than full value on account of their allowed claims against Debtors' estates.

28.     The Avoidable Transfers were made on or within ninety (90) days prior to the Petition Date.

29.     The Avoidable Transfers enabled Defendant to receive more than it would receive if (a) the Debtors' cases were under Chapter 7 of the Bankruptcy Code, (b) the Avoidable Transfers had not been made, and (c) Defendant received payment of such debt to the extent provided by the provisions of the Bankruptcy Code.

30.     Defendant was either the initial transferee of the Avoidable Transfers, the entity for whose benefit the Avoidable Transfers were made, or was the immediate or mediate transferee of the initial transferee receiving the Avoidable Transfers.

31.     By reason of the foregoing, each Avoidable Transfer should be avoided and set aside as a preferential transfer pursuant to Section 547(b) of the Bankruptcy Code.

## COUNT II - TO AVOID FRAUDULENT
## TRANSFERS PURSUANT TO 11 U.S.C. & 548

32.     Plaintiff repeats and re-alleges all preceding paragraphs as if fully set forth herein.

33.     The Avoidable Transfers were made within two (2) years prior to the Petition Date.

34.     The Avoidable Transfers were made to, or for the benefit of, the Defendant.

35.     Subject to proof, Plaintiff pleads, in the alternative, that to the extent that Defendant demonstrates that one or more of the Avoidable Transfers were not on account of an antecedent debt or were prepayments for goods and/or services, Debtors did not receive reasonably equivalent value in exchange for the Avoidable Transfers; and were: (i) insolvent on the dates of the Avoidable Transfers or became insolvent as a result of the Avoidable Transfers; and/or (ii) engaged in business or a transaction for which any property remaining with such Debtors was unreasonably small capital at the time of, or as a result of, the Avoidable Transfers; and/or (iii) intended to incur, or believed that it would incur, debts that would be beyond their ability to pay as such debts matured (the "Potentially Fraudulent Transfers").

36.     By reason of the foregoing, the Avoidable Transfers should be avoided and set aside as fraudulent transfers.

## COUNT III - TO RECOVER AVOIDABLE
## TRANSFERS PURSUANT TO 11 U.S.C. 550

37.     Plaintiff repeats and re-alleges all preceding paragraphs as if fully set forth herein.

38.     Plaintiff is entitled to avoid the Avoidable Transfers pursuant to Section 547(b) of the Bankruptcy Code, or, alternatively, the Potentially Fraudulent Transfers (together, the "Transfers") pursuant to Section 548 of the Bankruptcy Code.

39.     Defendant was the initial transferee of the Transfers, the immediate or mediate transferee of such initial transferee, or the person for whose benefit the Transfers were made.

40.     Pursuant to Section 550(a) of the Bankruptcy Code, Plaintiff is entitled to recover from Defendant an amount to be determined at trial that is not less than the total amount of the Transfers, plus interest thereon to the date of payment and the costs of this action.

## COUNT IV - TO DISALLOW
## CLAIMS PURSUANT TO 11 U.S.C. § 502(d)

41.     Plaintiff repeats and re-allege all preceding paragraphs as if fully set forth herein.

42.     Defendant is an entity from which property is recoverable under Section 550 of the Bankruptcy Code.

43.     Defendant was the initial transferee of the Transfers, the immediate or mediate transferee of such initial transferee, or the person for whose benefit the Transfers were made.

44.     Defendant has not paid to Plaintiff the amount of the Transfers, or turned over such property to Plaintiff, for which Defendant is liable under Section 550 of the Bankruptcy Code.

45.     Pursuant to Section 502(d) of the Bankruptcy Code, any and all Claims of Defendant and/or its assignee, against the Debtors' estates, or the Plaintiff, must be disallowed until such time as Defendant pays to Plaintiff all amounts sought herein.

**WHEREFORE,** for the foregoing reasons, Plaintiff respectfully requests that this Court enter judgment against Defendant:

a)     avoiding all Avoidable Transfers pursuant to Section 547(b) of the Bankruptcy Code, or, in the alternative, pursuant to Section 548 of the Bankruptcy Code;

b)     pursuant to Section 550(a) of the Bankruptcy Code, directing Defendant to pay to Plaintiff an amount to be determined at trial that is not less than the full amount of the Transfers, plus interest and costs;

c)     disallowing any Claim of Defendant pursuant to Section 502(d) of the Bankruptcy Code;

d)     awarding pre-judgment interest at the maximum legal rate running from the date of the Plaintiff's first demand to return all Avoidable Transfers to the date of judgment with respect to this Complaint (the "Judgment") herein;

e)     awarding post-judgment interest at the maximum legal rate running from the date of the Judgment until the date the Judgment is paid in full, plus costs;

f)     requiring Defendant to pay forthwith the amount of the Judgment; and

g)     granting Plaintiff such other and further relief as the Court deems just and proper.

Date:  January 25, 2018

GELLERT SCALI BUSENKELL & BROWN, LLC

By: */s/  Ronald S. Gellert*
Ronald S. Gellert (DE 4259)
1201 N. Orange St., Suite 300
Wilmington, DE 19801
Telephone: (302) 425-5800
Fax: (302) 425-5814
E-mail: rgellert@gsbblaw.com

*ATTORNEY FOR PLAINTIFF*