## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>LIQUID HOLDINGS GROUP, INC., *et al.*,[1]<br><br><br>Debtors. | Chapter 7<br><br>Case No. 16-10202 (KG)<br>(Jointly Administered)<br><br>**Hearing Date:  October 15, 2018 @ 11:00 a.m. ET**<br>**Objection Deadline:  October 8, 2018 @ 4:00 p.m. ET** |
| ALFRED T. GIULIANO, solely as Chapter 7 Trustee of the Estates of Liquid Holdings Group, Inc., et al.,<br><br>Plaintiff,<br><br>v.<br><br>See List of Defendants Attached as Exhibit "A" | Adv. Proc. No.:  **See Defendants on Exhibit A** |

## CHAPTER 7 TRUSTEE'S FIRST OMNIBUS MOTION FOR AN ORDER APPROVING SETTLEMENTS OF AVOIDANCE ACTIONS PURSUANT TO FED. R. BANKR. P. 9019

Alfred T. Giuliano, Chapter 7 Trustee (the "Trustee") for the bankruptcy estates (the "Estates") of Liquid Holdings Group, Inc., et al. (the "Debtors"), hereby moves this Court for entry of an Order Approving Settlements of Avoidance Actions Pursuant to Fed. R. Bankr. P. 9019 (the "Motion"), and in support thereof, states as follows:

## JURISDICTION

---

1    The Debtors, along with the last four digits of each reorganized debtor's tax identification number, as applicable, are: Liquid Holdings Group, Inc. (2142), Liquid Prime Holdings, LLC (2135).  The address of the Debtors' corporate headquarters is 111 River Street, Ste. 1204, Hoboken, New Jersey 07030.

1.      The Court has jurisdiction over this Motion pursuant to 28 U.S.C. § 1334.  This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2.      Venue of this proceeding and this Motion is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.  The predicates for relief sought herein are section 105(a) of Title 11 of the United States Code (the "Bankruptcy Code") and Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

## BACKGROUND

3.      On January 27, 2016 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware (the "Chapter 11 Cases").  On January 29, 2016, the Court entered an Order for the Joint Administration of the Debtors' bankruptcy cases.

4.      On January 24, 2018 and January 25, 2018, the Debtors commenced adversary proceedings against approximately 22 Defendants seeking, *inter alia*, to avoid and recover, pursuant to Bankruptcy Code sections 547, 548, and 550, alleged preferential transfers made during the Preference Period (the "Avoidance Actions").

5.      On February 25, 2016, an Order was entered by the Court converting the Debtors' Chapter 11 cases to cases under chapter 7.

6.      On March 1, 2016, the Trustee was appointed as chapter 7 trustee of the Debtors' Estates pursuant to section 701(a) of the Bankruptcy Code.  The section 341(a) meeting of creditors was conducted on March 1, 2018, and concluded.

7.      The Trustee has since obtained Court approval to retain Shook, Hardy & Bacon L.L.P. ("Shook") as special counsel to pursue the Avoidance Actions.  (*See* Dkt. No. 183).

8.      Subject to Bankruptcy Court approval, the Trustee has settled 10 of the Avoidance Actions with the Defendants thereto (the "Settling Defendants").

## SETTLEMENT DETAILS

9.      Both prior to and since filing the Avoidance Actions, the Trustee and each of the Settling Defendants conducted negotiations concerning the amount owed by each Settling Defendant to the Estates.  The negotiations were conducted at arm's length and in good faith.  The Settling Defendants asserted defenses to the Avoidance Actions which the Trustee has analyzed.  The settlements with the 10 Settling Defendants total of $81,000.00.  The details of these settlements are summarized below.[2]

**A.      Activ Financial Systems (Adv. P. No. 18-50140)**

10.      On January 24, 2018, the Trustee initiated an Avoidance Action and asserted, *inter alia*, that he is entitled to avoid and recover from Activ Financial Systems, pursuant to Bankruptcy code sections 547, 548, and 550, alleged preferential transfers made by the Debtors during the Preference Period in an amount of not less than $64,994.13.

11.      Activ Financial Systems asserts a significant new value defense as well as an ordinary course defense.  After considering Activ Financial Systems' defenses, the parties resolved the matter such that Active Financial Systems will pay the Trustee $2,500.00 in settlement of the preferential transfers.  A copy of the settlement agreement with Activ Financial Systems is attached as Exhibit B hereto.

**B.      Ballard Spahr LLP (Adv. P. No. 18-50143)**

---

[2]      The terms of each settlement agreement summarized in this Motion in no way alter, change, or amend the actual terms set forth in the applicable settlement agreement with each of the Settling Defendants.  In the event that there are any inconsistencies between this summary and the actual terms of any settlement agreement, the language set forth in that settlement agreement shall control.

12.     On January 24, 2018, the Trustee initiated an Avoidance Action and asserted, *inter alia*, that he is entitled to avoid and recover from Ballard Spahr LLP, pursuant to Bankruptcy code sections 547, 548, and 550, alleged preferential transfers made by the Debtors during the Preference Period in an amount of not less than $37,375.20.

13.     Ballard Spahr LLP asserts a complete ordinary course defense.  After considering Ballard Spahr LLP's defenses, the parties resolved the matter such that Ballard Spahr LLP will pay the Trustee $5,000.00 in settlement of the preferential transfers.  A copy of the settlement agreement with Ballard Spahr LLP is attached as Exhibit C hereto.

**C.     Bloomberg Finance LP (Adv. P. No. 18-50142)**

14.     On January 24, 2018, the Trustee initiated an Avoidance Action and asserted, *inter alia*, that he is entitled to avoid and recover from Bloomberg Finance LP, pursuant to Bankruptcy code sections 547, 548, and 550, alleged preferential transfers made by the Debtors during the Preference Period in an amount of not less than $6,826.46.

15.     Bloomberg Finance LP asserts an ordinary course defense.  After considering Bloomberg Finance LP's defenses, the parties resolved the matter such that Bloomberg Finance LP will pay the Trustee $4,000.00 in settlement of the preferential transfers.  A copy of the settlement agreement with Bloomberg Finance LP is attached as Exhibit D hereto.

**D.     DataArt Solutions, Inc. (Adv. P. No. 18-50146)**

16.     On January 24, 2018, the Trustee initiated an Avoidance Action and asserted, *inter alia*, that he is entitled to avoid and recover from DataArt Solutions, Inc., pursuant to Bankruptcy code sections 547, 548, and 550, alleged preferential transfers made by the Debtors during the Preference Period in an amount of not less than $25,200.00.

17. DataArt Solutions, Inc. asserts an ordinary course defense. After considering DataArt Solutions, Inc.'s defenses, the parties resolved the matter such that DataArt Solutions, Inc. will pay the Trustee $15,000.00 in settlement of the preferential transfers. A copy of the settlement agreement with DataArt Solutions, Inc. is attaches as <u>Exhibit E</u> hereto.

**E.    Ipreo Data, Inc. (Adv. P. No. 18-50154)**

18. On January 25, 2018, the Trustee initiated an Avoidance Action and asserted, *inter alia*, that he is entitled to avoid and recover from Ipreo Data, Inc., pursuant to Bankruptcy code sections 547, 548, and 550, alleged preferential transfers made by the Debtors during the Preference Period in an amount of not less than $15,000.00.

19. Ipreo Data, Inc. asserts an ordinary course defense. After considering Ipreo Data, Inc.'s defenses, the parties resolved the matter such that Ipreo Data, Inc. will pay the Trustee $9,000.00 in settlement of the preferential transfers. A copy of the settlement agreement with Ipreo Data, Inc. is attached as <u>Exhibit F</u> hereto.

**F.    Lyons, Benenson & Company, Inc. (Adv. P. No. 18-50155)**

20. On January 25, 2018, the Trustee initiated an Avoidance Action and asserted, *inter alia*, that he is entitled to avoid and recover from Lyons, Benenson & Company, Inc., pursuant to Bankruptcy code sections 547, 548, and 550, alleged preferential transfers made by the Debtors during the Preference Period in an amount of not less than $10,500.00

21. Lyons Benenson & Company asserts a significant new value defense. After considering Lyons Benenson & Company's defenses, the parties resolved the matter such that Lyons Benenson & Company will pay the Trustee $2,000.00 in settlement of the preferential transfers. A copy of the settlement agreement with Lyons, Benenson & Company, Inc. is attached as <u>Exhibit G</u> hereto.

**G.      The Blue Shirt Group LLC (Adv. P. No. 18-50145)**

22.      On January 24, 2018, the Trustee initiated an Avoidance Action and asserted, *inter alia*, that he is entitled to avoid and recover from The Blue Shirt Group LLC, pursuant to Bankruptcy code sections 547, 548, and 550, alleged preferential transfers made by the Debtors during the Preference Period in an amount of not less than $37,743.99.

23.      The Blue Shirt Group LLC asserts a prepayment defense and an ordinary course defense.  After considering The Blue Shirt Group LLC's defenses, the parties resolved the matter such that The Blue Shirt Group LLC will pay the Trustee $7,500.00 in settlement of the preferential transfers. A copy of the settlement agreement with The Blue Shirt Group is attached as Exhibit H hereto.

**H.       Trinet (Adv. P. No. 18-50158)**

24.      On January 25, 2018, the Trustee initiated an Avoidance Action and asserted, *inter alia*, that he is entitled to avoid and recover from Trinet, pursuant to Bankruptcy code sections 547, 548, and 550, alleged preferential transfers made by the Debtors during the Preference Period in an amount of not less than $347,317.83.

25.      Trinet asserts the transfers were not the result of an antecedent debt and an ordinary course defense.  After considering Trinet's defenses, the parties resolved the matter such that Trinet will pay the Trustee $3,000.00 in settlement of the preferential transfers.  A copy of the settlement agreement with Trinet is attached as Exhibit I hereto.

**I.      Actuate Corporation (Adv. P. No. 18-50141)**

26.      On January 24, 2018, the Trustee initiated an Avoidance Action and asserted, *inter alia*, that he is entitled to avoid and recover from Actuate Corporation, pursuant to Bankruptcy

code sections 547, 548, and 550, alleged preferential transfers made by the Debtors during the Preference Period in an amount of not less than $111,334.51.

27.     Actuate Corporation asserts a complete ordinary course defense.  After considering Actuate Corporation's defenses, the parties resolved the matter such that Actuate Corporation will pay the Trustee $27,000.00 in settlement of the preferential transfers. A copy of the settlement agreement with Actuate Corporation is attached hereto as <u>Exhibit J.</u>

### J.  American Express (Adv. P. No. 18-50163)

28.     On January 25, 2018, the Trustee initiated an Avoidance Action and asserted, *inter alia*, that he is entitled to avoid and recover from American Express, pursuant to Bankruptcy code sections 547, 548, and 550, alleged preferential transfers made by the Debtors during the Preference Period in an amount of not less than $26,568.10.

29.     American Express asserts ordinary course and new value defenses, and provided evidence of its defenses.  After considering American Express' defenses, the parties resolved the matter such that American Express will pay the Trustee $6,000.00, in settlement of the preferential transfers.  A copy of the settlement agreement with American Express is attached hereto as <u>Exhibit K.</u>

### <u>RELIEF REQUESTED</u>

30.     By this Motion, the Trustee seeks approval of the settlement agreements with each of the Settling Defendants as set forth in Exhibits B through J attached hereto.

31.     Bankruptcy Rule 9019 provides that "[o]n motion by the [T]rustee and after notice and a hearing, the court may approve a compromise or settlement. Notice shall be given to creditors, the United States trustee, the debtor . . . and to any other entity as the court may direct. Fed. R. Bankr. P. 9019(a); <u>see</u> also <u>Myers v. Martin (In re Martin)</u>, 91 F.3d 389, 393 (3d Cir. 1996).

Courts generally defer to a trustee's business judgment when there is a legitimate business justification for the trustee's decision. Id. at 395.

32.     In determining whether a settlement should be approved under Bankruptcy Rule 9019, the Court must "assess and balance the value of the claim that is being compromised against the value to the estate of the acceptance of the compromise proposal." Id. at 393. In striking this balance, the Court should consider "(i) the probability of success in the litigation; (ii) the likely difficulties in collection; (iii) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and (iv) the paramount interest of the creditors." Id. Bankruptcy Rule 9019(a) commits the approval or rejection of a settlement to the sound discretion of the bankruptcy Court. In re Michael, 183 B.R. 230, 232 (Bankr. D. Mont. 1995).

33.     Moreover, settlements should be approved if they fall above the lowest point on the continuum of reasonableness.  "[The] responsibility of the bankruptcy judge…is not to decide the numerous questions of law and fact raised by the appellants but rather to canvass the issues and see whether the settlement fall[s] below the lowest point in the range of reasonableness." In re W.T. Grant Co., 699 F.2d 599, 608 (2d Cir. 1983); In re Planned Protective Servs., Inc., 130 B.R. 94, 99 n.7 (Bankr. C.D. Cal. 1991); In re Blair, 538 F.2d 849, 851 (9th Cir. 1976) (court should not conduct a "mini-trial" on the merits of a proposed settlement).  Thus, the question is not whether a better settlement might have been achieved or a better result reached if litigation pursued. Instead, the court should approve settlements that meet a minimal threshold of reasonableness. Nellis v. Shugrue, 165 B.R. 115, 123 (S.D.N.Y. 1994); In re Tech. for Energy Corp., 56 B.R. 605, 608 (Bankr. N.D. Ohio 1985).

34.     A review of these four factors demonstrates that the settlements with each of the Settling Defendants should be approved.  The Trustee and his professionals have invested time

and effort in analyzing the transfers made to the Settling Defendants during the Preference Period. Similarly, the Trustee considered any defenses asserted by the Settling Defendants and any analyses provided by the Settling Defendants.

35.     The Trustee respectfully submits that the compromises reached with each of the Settling Defendants are fair, reasonable, and in the best interest of the Estates and creditors.  The Trustee likewise believes the settlements and compromises are founded on the exercise of sound business judgment by the Trustee.

## NOTICE

36.     Notice of this Motion has been given to: (a) the Office of the United States Trustee; (b) all parties that have previously requested notice in these cases pursuant to Bankruptcy Rule 2002; and (c) each of the Settling Defendants or their counsel.  Such notice is reasonable in light of the circumstances of these Chapter 7 cases and the nature of the relief sought herein.

## CONCLUSION

**WHEREFORE**, the Trustee respectfully requests that this Court enter the attached Order granting the Trustee's Motion approving the settlements with each of the Settling Defendants  and granting such other and further relief as the Court deems just and equitable.

8898737 v1

Dated:  September 21, 2018                    GELLERT SCALI BUSENKELL & BROWN, LLC


By: _/s/ Ronald S. Gellert_____

Ronald S. Gellert (Del. Bar No. 4259)
1201 N. Orange St., Suite 300
Wilmington, DE 19801
Telephone: (302) 425-5800
Fax: (302) 425-5814
E-mail: rgellert@gsbblaw.com

*Attorneys for Plaintiff Trustee*

            - and -

Michael B. Barnett
Ryan Foley
Mark Moedritzer
SHOOK, HARDY & BACON L.L.P.
2555 Grand Boulevard
Kansas City, Missouri 64108
Telephone: (816) 474-6550
Fax: (816) 421-5547
E-mail: mbarnett@shb.com
E-mail:  rfoley@shb.com
E-mail:  mmoedritzer@shb.com


*Attorneys for Plaintiff Trustee except as to the
American Express case*

8898737 v1