# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>LIQUID HOLDINGS GROUP, INC., *et al*.,[1]<br><br>Debtors. | Chapter 7<br><br>Case No. 16-10202 (KG)<br>(Jointly Administered)<br><br>**Hearing Date: December 18, 2018 @ 2:00 p.m. ET**<br>**Objection Deadline: December 11, 2018 @ 4:00 p.m. ET** |
| ALFRED T. GIULIANIO, solely as Chapter 7 Trustee of the Estates of Liquid Holdings Group, Inc., et al.,<br><br>Plaintiff,<br><br>v.<br><br>See List of Defendants Attached as Exhibit "A" | Adv. Proc. No.: **See Defendants on Exhibit A** |

## CHAPTER 7 TRUSTEE'S SECOND OMNIBUS MOTION FOR AN ORDER APPROVING SETTLEMENTS OF AVOIDANCE ACTIONS PURSUANT TO FED. R. BANKR. P. 9019

Alfred T. Giuliano, Chapter 7 Trustee (the "Trustee") for the bankruptcy estates (the "Estates") of Liquid Holdings Group, Inc., et al. (the "Debtors"), hereby moves this Court for entry of an Order Approving Settlements of Avoidance Actions Pursuant to Fed. R. Bankr. P. 9019 (the "Motion"), and in support thereof, states as follows:

**JURISDICTION**

1.    The Court has jurisdiction over this Motion pursuant to 28 U.S.C. § 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

---

[1] The Debtors, along with the last four digits of each reorganized debtor's tax identification number, as applicable, are: Liquid Holdings Group, Inc. (2142), Liquid Prime Holdings, LLC (2135). The address of the Debtors' corporate headquarters is 111 River Street, Ste. 1204, Hoboken, New Jersey 07030.

2.  Venue of this proceeding and this Motion is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.  The predicates for relief sought herein are section 105(a) of Title 11 of the United States Code (the "Bankruptcy Code") and Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

## BACKGROUND

3.  On January 27, 2016 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware (the "Chapter 11 Cases").  On January 29, 2016, the Court entered an Order for the Joint Administration of the Debtors' bankruptcy cases.

4.  On January 24, 2018 and January 25, 2018, the Debtors commenced adversary proceedings against approximately 22 Defendants seeking, *inter alia*, to avoid and recover, pursuant to Bankruptcy Code sections 547, 548, and 550, alleged preferential transfers made during the Preference Period (the "Avoidance Actions").

5.  On February 25, 2016, an Order was entered by the Court converting the Debtors' chapter 11 cases to cases under chapter 7.

6.  On March 1, 2016, the Trustee was appointed as chapter 7 trustee of the Debtors' Estates pursuant to section 701(a) of the Bankruptcy Code.  The section 341(a) meeting of creditors was conducted on March 1, 2016, and concluded.

7.  The Trustee has since obtained Court approval to retain Shook, Hardy & Bacon L.L.P. ("Shook") as special counsel to pursue the Avoidance Actions.  (*See* Dkt. No. 183).

8.  Subject to Bankruptcy Court approval, the Trustee has settled 5 of the Avoidance Actions with the Defendants thereto (the "Settling Defendants").

## SETTLEMENT DETAILS

9. Both prior to and since filing the Avoidance Actions, the Trustee and each of the Settling Defendants conducted negotiations concerning the amount owed by each Settling Defendant to the Estates. The negotiations were conducted at arm's length and in good faith. The Settling Defendants asserted defenses to the Avoidance Actions which the Trustee has analyzed. The settlements with the five (5) Settling Defendants total $107,500. The details of these settlements are summarized below.[2]

### A.    Crystal & Company (Adv. P. No. 18-50144)

10. On January 24, 2018, the Trustee initiated an Avoidance Action and asserted, *inter alia*, that he is entitled to avoid and recover from Crystal & Company, pursuant to Bankruptcy Code sections 547, 548, and 550, alleged preferential transfers made by the Debtors during the Preference Period in an amount of not less than $595,773.50.

11. Crystal & Company asserts the payments at issue were not on account of an antecedent debt, and were a contemporaneous exchange, and also that it was just a conduit for certain amounts. After considering Crystal & Company's defenses, the parties resolved the matter such that Crystal & Company will pay the Trustee $15,000.00 in settlement of the preferential transfers. A copy of the settlement agreement with Crystal & Company is attached as Exhibit B hereto.

### B.    David Francescani (Adv. P. No. 18-50147)

12. On January 24, 2018, the Trustee initiated an Avoidance Action and asserted, *inter alia*, that he is entitled to avoid and recover from David Francescani, pursuant to Bankruptcy Code

---

[2] The terms of each settlement agreement summarized in this Motion in no way alter, change, or amend the actual terms set forth in the applicable settlement agreement with each of the Settling Defendants. In the event that there are any inconsistencies between this summary and the actual terms of any settlement agreement, the language set forth in that settlement agreement shall control.

3

sections 547, 548, and 550, alleged preferential transfers made by the Debtors during the Preference Period in an amount of not less than $96,250.00.

13. David Francescani asserts a significant ordinary course defense. After considering David Francescani's defenses, the parties resolved the matter such that David Francescani will pay the Trustee $20,105.00 in settlement of the preferential transfers. A copy of the settlement agreement with David Francescani is attached as <u>Exhibit C</u> hereto.

### C. Dennis Suskind (Adv. P. No. 18-50148)

14. On January 24, 2018, the Trustee initiated an Avoidance Action and asserted, *inter alia*, that he is entitled to avoid and recover from Dennis Suskind, pursuant to Bankruptcy Code sections 547, 548, and 550, alleged preferential transfers made by the Debtors during the Preference Period in an amount of not less than $85,000.00.

15. Dennis Suskind asserts a significant ordinary course defense. After considering Dennis Suskind's defenses, the parties resolved the matter such that Dennis Suskind will pay the Trustee $17,765.00 in settlement of the preferential transfers. A copy of the settlement agreement with Dennis Suskind is attached as <u>Exhibit D</u> hereto.

### D. Victor Simone (Adv. P. No. 18-50159)

16. On January 25, 2018, the Trustee initiated an Avoidance Action and asserted, *inter alia*, that he is entitled to avoid and recover from Victor Simone, pursuant to Bankruptcy Code sections 547, 548, and 550, alleged preferential transfers made by the Debtors during the Preference Period in an amount of not less than $196,360.10.

17. Victor Simone asserts a significant ordinary course defense. After considering Victor Simone's defenses, the parties resolved the matter such that Victor Simone will pay the Trustee $41,045.00 in settlement of the preferential transfers. A copy of the settlement agreement with Victor Simone is attaches as <u>Exhibit E</u> hereto.

E.  **Walter Racquet (Adv. P. No. 18-50160)**

18. On January 25, 2018, the Trustee initiated an Avoidance Action and asserted, *inter alia*, that he is entitled to avoid and recover from Walter Racquet pursuant to Bankruptcy Code sections 547, 548, and 550, alleged preferential transfers made by the Debtors during the Preference Period in an amount of not less than $65,000.00.

19. Walter Racquet asserts a significant ordinary course defense. After considering Walter Racquet's defenses, the parties resolved the matter such that Walter Racquet will pay the Trustee $13,585.00 in settlement of the preferential transfers. A copy of the settlement agreement with Walter Racquet is attached as Exhibit F hereto.

## RELIEF REQUESTED

20. By this Motion, the Trustee seeks approval of the settlement agreements with each of the Settling Defendants as set forth in Exhibits B through F attached hereto.

21. Bankruptcy Rule 9019 provides that "[o]n motion by the [T]rustee and after notice and a hearing, the court may approve a compromise or settlement. Notice shall be given to creditors, the United States trustee, the debtor . . . and to any other entity as the court may direct." Fed. R. Bankr. P. 9019(a); see also Myers v. Martin (In re Martin), 91 F.3d 389, 393 (3d Cir. 1996). Courts generally defer to a trustee's business judgment when there is a legitimate business justification for the trustee's decision. Id. at 395.

22. In determining whether a settlement should be approved under Bankruptcy Rule 9019, the Court must "assess and balance the value of the claim that is being compromised against the value to the estate of the acceptance of the compromise proposal." Id. at 393. In striking this balance, the Court should consider "(i) the probability of success in the litigation; (ii) the likely difficulties in collection; (iii) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and (iv) the paramount interest of the creditors."

Id. Bankruptcy Rule 9019(a) commits the approval or rejection of a settlement to the sound discretion of the Bankruptcy Court. In re Michael, 183 B.R. 230, 232 (Bankr. D. Mont. 1995).

23. Moreover, settlements should be approved if they fall above the lowest point on the continuum of reasonableness. "[The] responsibility of the bankruptcy judge…is not to decide the numerous questions of law and fact raised by the appellants but rather to canvass the issues and see whether the settlement fall[s] below the lowest point in the range of reasonableness." In re W.T. Grant Co., 699 F.2d 599, 608 (2d Cir. 1983); In re Planned Protective Servs., Inc., 130 B.R. 94, 99 n.7 (Bankr. C.D. Cal. 1991); In re Blair, 538 F.2d 849, 851 (9th Cir. 1976) (court should not conduct a "mini-trial" on the merits of a proposed settlement). Thus, the question is not whether a better settlement might have been achieved or a better result reached if litigation pursued. Instead, the court should approve settlements that meet a minimal threshold of reasonableness. Nellis v. Shugrue, 165 B.R. 115, 123 (S.D.N.Y. 1994); In re Tech. for Energy Corp., 56 B.R. 605, 608 (Bankr. N.D. Ohio 1985).

24. A review of these four factors demonstrates that the settlements with each of the Settling Defendants should be approved. The Trustee and his professionals have invested time and effort in analyzing the transfers made to the Settling Defendants during the Preference Period. Similarly, the Trustee considered any defenses asserted by the Settling Defendants and any analyses provided by the Settling Defendants.

25. The Trustee respectfully submits that the compromises reached with each of the Settling Defendants are fair, reasonable, and in the best interest of the Estates and creditors. The Trustee likewise believes the settlements and compromises are founded on the exercise of sound business judgment by the Trustee.

## **NOTICE**

26. Notice of this Motion has been given to: (a) the Office of the United States Trustee; (b) all parties that have previously requested notice in these cases pursuant to Bankruptcy Rule 2002; and (c) each of the Settling Defendants or their counsel. Such notice is reasonable in light of the circumstances of these Chapter 7 cases and the nature of the relief sought herein.

## **CONCLUSION**

**WHEREFORE**, the Trustee respectfully requests that this Court enter the attached Order granting the Trustee's Motion approving the settlements with each of the Settling Defendants and granting such other and further relief as the Court deems just and equitable.

Dated: November 27, 2018   GELLERT SCALI BUSENKELL & BROWN, LLC

By: */s/ Ronald S. Gellert*_____

Ronald S. Gellert (Del. Bar No. 4259)
1201 N. Orange St., Suite 300
Wilmington, DE 19801
Telephone: (302) 425-5800
Fax: (302) 425-5814
E-mail: rgellert@gsbblaw.com

   *- and -*

Michael B. Barnett
Ryan Foley
Mark Moedritzer
SHOOK, HARDY & BACON L.L.P.
2555 Grand Boulevard
Kansas City, Missouri 64108
Telephone: (816) 474-6550
Fax: (816) 421-5547
E-mail: mbarnett@shb.com
E-mail: rfoley@shb.com
E-mail: mmoedritzer@shb.com

*Attorneys for Plaintiff Trustee*