# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 7 |
| | ) Case No. 16-10202-KG |
| Liquid Holdings Group, Inc., | ) |
| | ) |
| Debtor. | ) Re: D.I. 230, 232 |

## ORDER AUTHORIZING ADVANCEMENT BY INSURER OF DEFENSE AND SETTLEMENT COSTS OF INSURED INDIVIDUALS PURSUANT TO DIRECTORS AND OFFICERS LIABILITY INSURANCE POLICY

Upon consideration of the motion (the "Motion") of Darren Davy, Brian Ferdinand, David Francescani, Peter R. Kent, Thomas Ross, Richard Schaeffer, Kenneth D. Shifrin, Victor Simone, Jr., Brian M. Storms, Dennis Suskind, Jay Bernstein, and Allan Zavarro for relief from the automatic stay to the extent necessary, to permit Starr to advance Defense Costs[1] and Insured Inquiry Costs and to make Settlement Payments up to the Limit of Liability of the Starr Policy, and for good cause shown, it is hereby:

ORDERED, that the Motion is granted; and it is further

ORDERED, that, to the extent the automatic stay under 11 U.S.C. § 362(a) is applicable, it is hereby modified to the extent necessary to permit the disbursement of proceeds of the Starr Policy; and it is further

ORDERED, that, subject to the terms of this Order, Starr is permitted to follow the express terms of the Starr Policy by advancing Defense Costs and Insured Inquiry Costs incurred or that may be incurred in the future by the Insured Individuals, (subject to the terms and conditions of, and subject to the coverage limits set forth in the Starr Policy) in connection with the defense of the Litigations; and it is further

---

[1] Capitalized terms not defined herein have the meaning set forth in the Motion.

ORDERED, that, subject to the terms of this Order, the Defense Costs and Insured Inquiry Costs incurred and to be incurred by defense counsel of the Insured Individuals in the Litigations, and any service providers or expert consultants, may be advanced and reimbursed by Starr ("Defense Cost Advancements") in the ordinary course, pursuant to normal and customary billing policies and practices of Starr and the law firms, service providers, and consultants in question; and it is further

ORDERED, that, subject to the terms of this Order, Starr is permitted to advance Settlement Payments as reasonable and necessary to settle Claims arising from the Litigations; and it is further

ORDERED, that, Starr shall provide to the chapter 7 Trustee, on a quarterly basis, a report showing the aggregate amount of Defense Cost Advancements made during the previous quarter, and the aggregate amount of "total to date" Defense Cost Advancements made by Starr; and it is further

ORDERED, that, prior to making any Settlement Payments, written notice of such Settlement Payments ("Payment Notice") shall be provided to the chapter 7 Trustee, along with a summary of the terms of any settlement for which a Settlement Payment is to be made; and it is further

ORDERED, that if, within fifteen (15) days of receipt of a Payment Notice, the chapter 7 Trustee files an objection to a proposed Settlement Payment, such Settlement Payment may not be made until further order of this Court; provided however, that nothing in this Order shall be deemed to recognize, adjudicate or other acknowledge [WISE-] any right or standing of the chapter 7 Trustee to object to any proposed Settlement Payments; and it is further

2

ORDERED, that no Defense Cost Advancements or Settlement Payments shall be made that would cause the total amount of Defense Cost Advancements and Settlement Payments disbursed under the Starr Policy to exceed $2,000,000 without the consent of the chapter 7 Trustee or further order of this Court; and it is further

ORDERED, that, if any objection is filed by the Chapter 7 Trustee in accordance with this Order, such objection shall not disclose any confidential information related to any proposed settlement without consent of the Movants or further Order of this Court, except that such objection may be filed under seal; and it is further

ORDERED, that nothing in this Order shall modify or alter the contractual rights and obligations provided for under the terms and provisions of the Starr Policy, and it is further

ORDERED, that this Court shall retain jurisdiction to adjudicate any disputes arising under or with respect to any other matters related to the implementation of this Order; and it is further

ORDERED, that the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

Dated: November 27, 2018

*Kevin Gross*
UNITED STATES BANKRUPTCY JUDGE

#05422700v3