## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | |
| LIQUID HOLDINGS GROUP, INC., *et al.*,[1] | Chapter 7 |
| | Case No. 16-10202 (KG) |
| Debtors. | (Jointly Administered) |
| | **Hearing Date:  May 21, 2019 @ 2:00 p.m. ET** |
| | **Objection Deadline:  May 14, 2019 @ 4:00 p.m. ET** |
| ALFRED T. GIULIANO, solely as Chapter 7 Trustee of the Estates of Liquid Holdings Group, Inc., et al., | |
| Plaintiff, | |
| v. | |
| ACC/GP DEVELOPMENT, GIBSON, DUNN & CRUTCHER LLP and OLSHAN FROME WOLOSKY LLP, | Adv. Proc. No.:  18-50139 |
| | Adv. Proc. No:   18-50151 |
| | Adv. Proc. No.:  18-50156 |
| Defendants. | |

## CHAPTER 7 TRUSTEE'S THIRD OMNIBUS MOTION FOR AN ORDER APPROVING SETTLEMENTS OF AVOIDANCE ACTIONS PURSUANT TO FED. R. BANKR. P. 9019

Alfred T. Giuliano, Chapter 7 Trustee (the "Trustee") for the bankruptcy estates (the "Estates") of Liquid Holdings Group, Inc., et al. (the "Debtors"), hereby moves this Court for entry of an Order Approving Settlements of Avoidance Actions Pursuant to Fed. R. Bankr. P. 9019 (the "Motion"), and in support thereof, states as follows:

---

1  The Debtors, along with the last four digits of each reorganized debtor's tax identification number, as applicable, are: Liquid Holdings Group, Inc. (2142), Liquid Prime Holdings, LLC (2135).  The address of the Debtors' corporate headquarters is 111 River Street, Ste. 1204, Hoboken, New Jersey 07030.

## JURISDICTION

1.      The Court has jurisdiction over this Motion pursuant to 28 U.S.C. § 1334.  This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2.      Venue of this proceeding and this Motion is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.  The predicates for relief sought herein are section 105(a) of Title 11 of the United States Code (the "Bankruptcy Code") and Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

## BACKGROUND

3.      On January 27, 2016 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware (the "Chapter 11 Cases").  On January 29, 2016, the Court entered an Order for the Joint Administration of the Debtors' bankruptcy cases.

4.      On January 24, 2018 and January 25, 2018, the Debtors commenced adversary proceedings against approximately 22 Defendants seeking, *inter alia*, to avoid and recover, pursuant to Bankruptcy Code sections 547, 548, and 550, alleged preferential transfers made during the Preference Period (the "Avoidance Actions").

5.      On February 25, 2016, an Order was entered by the Court converting the Debtors' chapter 11 cases to cases under chapter 7.

6.      On March 1, 2016, the Trustee was appointed as chapter 7 trustee of the Debtors' Estates pursuant to section 701(a) of the Bankruptcy Code.  The section 341(a) meeting of creditors was conducted on March 1, 2016, and concluded.

7.      The Trustee has since obtained Court approval to retain Shook, Hardy & Bacon L.L.P. ("Shook") as special counsel to pursue the Avoidance Actions.  (*See* Dkt. No. 183).

8.     Subject to Bankruptcy Court approval, the Trustee has settled three (3) of the Avoidance Actions with the Defendants thereto (the "Settling Defendants").

## SETTLEMENT DETAILS

9.     Both prior to and since filing the Avoidance Actions, the Trustee and each of the Settling Defendants conducted negotiations concerning the amount owed by each Settling Defendant to the Estates.  The negotiations were conducted at arm's length and in good faith.  The Settling Defendants asserted defenses to the Avoidance Actions which the Trustee has analyzed.  The settlements with the three (3) Settling Defendants total $258,000.00.  The details of these settlements are summarized below.[2]

### A.     ACC/GP Development (Adv. P. No. 18-50139)

10.     On January 24, 2018, the Trustee initiated an Avoidance Action and asserted, *inter alia*, that he is entitled to avoid and recover from ACC/GP Development, pursuant to Bankruptcy Code sections 547, 548, and 550, alleged preferential transfers made by the Debtors during the Preference Period in an amount of not less than $25,062.70.

11.     ACC/GP Development did not answer the Complaint, and so the Trustee obtained a default Judgment against it for the $25,062.70 on July 16, 2018.  The Trustee then referred the matter to JNR Adjustment Company, Inc. ("JBN") for collection.

12.     Thereafter, ACC/GP Development contacted Shook, and after considering ACC/GP Development's defenses, the parties resolved the matter such that ACC/GP Development agreed to pay the Trustee $13,000.00 in settlement of the preferential transfers, in

---

[2]     The terms of each settlement agreement summarized in this Motion in no way alter, change, or amend the actual terms set forth in the applicable settlement agreement with each of the Settling Defendants.  In the event that there are any inconsistencies between this summary and the actual terms of any settlement agreement, the language set forth in that settlement agreement shall control.

exchange for satisfaction of the Judgment.  A copy of the settlement agreement with ACC/GP Development is attached as <u>Exhibit A</u> hereto.

> **B.    Gibson, Dunn & Crutcher LLP (Adv. P. No. 18-50151)**

13.    On January 25, 2018, the Trustee initiated an Avoidance Action and asserted, *inter alia*, that he is entitled to avoid and recover from Gibson, Dunn & Crutcher LLP, pursuant to Bankruptcy Code sections 547, 548, and 550, alleged preferential transfers made by the Debtors during the Preference Period in an amount of not less than $480,000.00.

14.    Gibson, Dunn & Crutcher LLP asserts the Trustee cannot meet its prima facie case in material respects as well as ordinary course and new value defenses.  After considering Gibson, Dunn & Crutcher LLP's defenses, the parties resolved the matter such that Gibson, Dunn & Crutcher LLP will pay the Trustee $225,000.00 in settlement of the preferential transfers.  A copy of the settlement agreement with Gibson, Dunn & Crutcher LLP is attached as <u>Exhibit B</u> hereto.

> **C.    Olshan Frome Wolosky LLP (Adv. P. No. 18-50156)**

15.    On January 25, 2018, the Trustee initiated an Avoidance Action and asserted, *inter alia*, that he is entitled to avoid and recover from Olshan Frome Wolosky LLP, pursuant to Bankruptcy Code sections 547, 548, and 550, alleged preferential transfers made by the Debtors during the Preference Period in an amount of not less than $146,858.02.

16.    Olshan Frome Wolosky LLP asserts the Trustt cannot meet its prima facie case in material respects as well as an ordinary course defense.  After considering Olshan Frome Wolosky LLP's defenses, the parties resolved the matter such that Olshan Frome Wolosky LLP will pay the Trustee $20,000.00 in settlement of the preferential transfers.  A copy of the settlement agreement with Olshan Frome Wolosky LLP is attached as <u>Exhibit C</u> hereto.

> **<u>RELIEF REQUESTED</u>**

4

17.     By this Motion, the Trustee seeks approval of the settlements with each of the Settling Defendants as set forth in Exhibits A and B attached hereto, and as otherwise referenced herein.

18.     Bankruptcy Rule 9019 provides that "[o]n motion by the [T]rustee and after notice and a hearing, the court may approve a compromise or settlement. Notice shall be given to creditors, the United States trustee, the debtor . . . and to any other entity as the court may direct." Fed. R. Bankr. P. 9019(a); see also Myers v. Martin (In re Martin), 91 F.3d 389, 393 (3d Cir. 1996). Courts generally defer to a trustee's business judgment when there is a legitimate business justification for the trustee's decision. Id. at 395.

19.     In determining whether a settlement should be approved under Bankruptcy Rule 9019, the Court must "assess and balance the value of the claim that is being compromised against the value to the estate of the acceptance of the compromise proposal." Id. at 393. In striking this balance, the Court should consider "(i) the probability of success in the litigation; (ii) the likely difficulties in collection; (iii) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and (iv) the paramount interest of the creditors." Id. Bankruptcy Rule 9019(a) commits the approval or rejection of a settlement to the sound discretion of the Bankruptcy Court. In re Michael, 183 B.R. 230, 232 (Bankr. D. Mont. 1995).

20.     Moreover, settlements should be approved if they fall above the lowest point on the continuum of reasonableness.  "[The] responsibility of the bankruptcy judge…is not to decide the numerous questions of law and fact raised by the appellants but rather to canvass the issues and see whether the settlement fall[s] below the lowest point in the range of reasonableness." In re W.T. Grant Co., 699 F.2d 599, 608 (2d Cir. 1983); In re Planned Protective Servs., Inc., 130 B.R. 94, 99 n.7 (Bankr. C.D. Cal. 1991); In re Blair, 538 F.2d 849, 851 (9th Cir. 1976) (court should not

conduct a "mini-trial" on the merits of a proposed settlement). Thus, the question is not whether a better settlement might have been achieved or a better result reached if litigation pursued. Instead, the court should approve settlements that meet a minimal threshold of reasonableness. Nellis v. Shugrue, 165 B.R. 115, 123 (S.D.N.Y. 1994); In re Tech. for Energy Corp., 56 B.R. 605, 608 (Bankr. N.D. Ohio 1985).

21.     A review of these four factors demonstrates that the settlements with each of the Settling Defendants should be approved. The Trustee and his professionals have invested time and effort in analyzing the transfers made to the Settling Defendants during the Preference Period. Similarly, the Trustee considered any defenses asserted by the Settling Defendants and any analyses provided by the Settling Defendants.

22.     The Trustee respectfully submits that the compromises reached with each of the Settling Defendants are fair, reasonable, and in the best interest of the Estates and creditors. The Trustee likewise believes the settlements and compromises are founded on the exercise of sound business judgment by the Trustee.

## NOTICE

23.     Notice of this Motion has been given to: (a) the Office of the United States Trustee; (b) all parties that have previously requested notice in these cases pursuant to Bankruptcy Rule 2002; and (c) each of the Settling Defendants or their counsel. Such notice is reasonable in light of the circumstances of these Chapter 7 cases and the nature of the relief sought herein.

## CONCLUSION

**WHEREFORE**, the Trustee respectfully requests that this Court enter the attached Order granting the Trustee's Motion approving the settlements with each of the Settling Defendants and granting such other and further relief as the Court deems just and equitable.

6

Dated:  April 29, 2019                    GELLERT SCALI BUSENKELL & BROWN, LLC


                                          By: _/s/ Ronald S. Gellert_____
                                          Ronald S. Gellert (Del. Bar No. 4259)
                                          1201 N. Orange St., Suite 300
                                          Wilmington, DE 19801
                                          Telephone: (302) 425-5800
                                          Fax: (302) 425-5814
                                          E-mail: rgellert@gsbblaw.com
                                                    - and -

                                          Michael B. Barnett, Esq.
                                          Ryan Foley, Esq.
                                          Mark Moedritzer, Esq.
                                          SHOOK, HARDY & BACON L.L.P.
                                          2555 Grand Boulevard
                                          Kansas City, Missouri 64108
                                          Telephone: (816) 474-6550
                                          Fax: (816) 421-5547
                                          E-mail: mbarnett@shb.com
                                          E-mail:  rfoley@shb.com
                                          E-mail:  mmoedritzer@shb.com


                                          *Attorneys for Plaintiff Trustee*

7