# **<u>EXHIBIT A</u>**

## SETTLEMENT AGREEMENT AND MUTUAL RELEASE

This *Settlement Agreement and Mutual Release* (the "Settlement Agreement") is entered into by and between Alfred T. Giuliano, solely as chapter 7 trustee (the "Trustee") for the estates of Liquid Holdings Group, Inc.., *et al.* (the "Debtors"),[1] and not in any individual capacity, on the one hand, ACC/GP Development ("Defendant"), on the other hand. Defendant and the Trustee may be referenced herein collectively as the "Parties" and/or each as a "Party."

### Background

WHEREAS, on January 27, 2016 (the "Petition Date"), the Debtors each commenced a case (the "Chapter 11 Cases") by filing a voluntary petition for relief in the United States Bankruptcy Court for the District of Delaware (the "Court") under chapter 11 of the United States Code (the "Bankruptcy Code"); and

WHEREAS, On February 25, 2016, the Bankruptcy Court entered an order (the "Conversion Order") converting the Chapter 11 Cases to cases under Chapter 7 of the Bankruptcy Code (collectively, these "Chapter 7 Cases") effective as of February 25, 2016 (the "Conversion Date");

WHEREAS, Alfred T. Giuliano was duly appointed as the Trustee in each of the Chapter 7 Cases; and

WHEREAS, the Debtors and Defendant had various business relationships prior to the Petition Date; and

WHEREAS, on January 24, 2018, the Trustee filed in the Court his *Complaint for Avoidance and Recovery of Preferential Transfers Pursuant to 11 U.S.C. §§ 547 and 550* (the

---

[1] The Debtors, along with the last four digits of each reorganized debtor's tax identification number, as applicable, are: Liquid Holdings Group, Inc. (2142), Liquid Prime Holdings, LLC (2135). The address of the Debtors' corporate headquarters is 111 River Street, Ste. 1204, Hoboken, New Jersey 07030.

"Complaint"), commencing that adversary proceeding assigned case number 18-50139 (the "Adversary Proceeding") asserting, *inter alia,* that the Trustee is entitled to avoid and recover from Defendant pursuant to Bankruptcy Code sections 547 and 550 alleged preferential transfers (the "Preferential Transfers") made by Debtors to Defendant in a total amount not less than $25,062.70  during the 90-day period prior to the Petition Date; and

WHEREAS, rather than proceed with litigation concerning the Preferential Transfers, the Complaint, and the Adversary Proceeding, the Parties engaged in good faith, arms' length negotiations to resolve the Preferential Transfers, the Complaint, and the Adversary Proceeding in their entireties;

NOW THEREFORE, for good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the Parties hereby agree that:

1.      **Recitals.** The recitals set forth above are incorporated herein by reference.

2.      **Settlement Amount.** Within ten (10) days after execution of this Settlement Agreement by all parties,, Defendant shall pay to the Trustee the total sum of $13,000.00 US (Thirteen Thousand Dollars) in full and complete settlement of the Preferential Transfers, the Complaint, and the Adversary Proceeding, including attorneys' fees and costs associated with the Complaint (the "Settlement Amount"). The Settlement Amount shall be mailed or wired in accordance with instructions to be provided by the Trustee.

3.      **Settlement Effective Date.** The effective date of this Settlement Agreement and all of its terms shall be the later of (i) execution by all Parties, (ii) the

date an order approving this Settlement Agreement is entered by the Court, or (iii)

payment of the Settlement Amount (the "Settlement Effective Date").

3.      **Dismissal with Prejudice.** Within fourteen (14) days following the

Settlement Effective Date, the Adversary Proceeding shall be dismissed with prejudice.

4.      **Claims Waiver.** Effective on the Settlement Effective Date, Defendant waives

any and all claims in the cases of the Debtors, including but not limited to any filed proof of

claim or scheduled claim, and waives the right to file or assert any claim under section 502(h)

of the Bankruptcy Code (the "Waived Claims").

5.      **Trustee's Limited Release.** Effective on the Settlement Effective Date, the

Trustee solely in his capacity as Trustee, and not in any individual or other capacity, shall be

deemed to have irrevocably and unconditionally, fully, finally and forever waived, released,

acquitted and discharged Defendant, its attorneys, accountants, financial advisors, directors,

employees, officers, parents, agents, subsidiaries, and the successors and assigns of any of them

(collectively, the "Defendant Releasees") from any and all claims, manner of actions, causes of

action, suits, costs, debts, liabilities, obligations, dues, sums of money, accounts, reckonings,

bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances,

trespasses, damages, judgments, executions and demands whatsoever, of whatever kind or

nature, whether known or unknown, suspected or unsuspected, in law or equity, which the

Trustee has, had, may have, or may claim to have against the Defendant Releasees solely in

connection with the Preferential Transfers, the Complaint, and the Adversary Proceeding.

6.      **Defendant's Limited Release**. Effective on the Settlement Effective Date, the

Defendant Releasees shall be deemed to have irrevocably and unconditionally, fully, finally and

forever waived, released, acquitted and discharged the Trustee, the Debtors, their past or present

attorneys, accountants, financial advisors, directors, employees, officers, parents, agents, subsidiaries, and the successors and assigns of any of them (collectively, the "Trustee Releasees"), from any and all claims, manner of actions, causes of action, suits, costs, debts, liabilities, obligations, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, executions and demands whatsoever, of whatever kind or nature, whether known or unknown, suspected or unsuspected, in law or equity, which the Defendant Releasees has, had, may have, or may claim to have against any of the Trustee Releasees solely in connection with the Preferential Transfers, the Complaint, and the Adversary Proceeding.

7.      **No Admissions**. This Settlement Agreement is not and shall not in any way be construed as an admission by the Parties of any allegations made in connection with the Preferential Transfers, the Complaint, or the Adversary Proceeding.

8.      **Expenses**. The Parties shall bear their own costs, expenses, and attorneys' fees incurred to date in connection with the Complaint, the Adversary Proceeding, and this Settlement Agreement. In the event of any dispute in connection with the enforcement of this Settlement Agreement, the prevailing Party shall be entitled to its reasonable attorneys' fees, costs and all necessary disbursements and out-of-pocket expenses, whether statutorily approved or non-approved costs, incurred in connection with such action or proceeding, as determined by the Court.

9.      **Severability**. The Parties agree that if any provision of this Settlement Agreement is determined by a court of competent jurisdiction to be illegal, invalid or unenforceable, that provision shall not be a part of this Settlement Agreement. The legality,

validity and enforceability of the remaining provisions shall not be affected by a provision of this Settlement Agreement that is illegal, invalid, or unenforceable.

**10.    Miscellaneous**.

(a)    Neither this Settlement Agreement, nor any statement made or action taken in connection with the negotiation of this Settlement Agreement, shall be offered or received in evidence or in any way referred to in any legal action or administrative proceeding among or between the Parties hereto, other than as may be necessary (i) to obtain approval of and to enforce this Settlement Agreement (including the mutual releases contained herein) or (ii) to seek damages or injunctive relief in connection therewith.

(b)    Each of the Parties hereto shall execute and deliver any and all additional papers, documents and other assurances, and shall do any and all acts and things reasonably necessary or appropriate in conjunction with the performance of each of the Parties' respective obligations hereunder.

(c)    No provision of this Settlement Agreement is intended to confer any rights, benefits, remedies, obligations or liabilities hereunder upon any person other than the Parties hereto and their respective successors.

(d)    This Settlement Agreement shall be governed by and construed in accordance with the law of the State of Delaware without regard to any choice of law provisions.

(e)    This Settlement Agreement may be signed in counterpart originals and delivered by facsimile or email, which, when fully executed, shall constitute a single original.

(f)    The United States Bankruptcy Court for the District of Delaware shall retain exclusive jurisdiction (and the Parties consent to such retention of jurisdiction) with

respect to any disputes arising from or related to, or other actions to interpret, administer or enforce the terms and provisions of, this Settlement Agreement.

(g)     If this Settlement Agreement is not approved by the Court, then the Settlement Agreement shall be null and void and of no force or effect, and the Trustee shall return the Settlement Amount to the Defendant within ten (10) days after the Court declines to approve the Settlement Agreement. In such event, each of the Parties shall be returned to the Parties' position *status quo ante,* and the Parties reserve all of their respective rights, claims, and defenses with respect to all of the matters set forth herein.

(h)     Any statute or period of limitations, statutes of repose, or other time-based limitations or defenses, whether at law, in equity, under statute, contract, or otherwise (including, but not limited to, the doctrine of laches or waiver), which might be asserted as a time bar and/or limitation in connection with the Preferential Transfers is hereby tolled until the Settlement Effective Date. Nothing in this Settlement Agreement shall operate to revive or extend the time for filing any claim that is now time barred or barred by any applicable statute or period of limitations, statutes of repose, or other time-related defense as of the date this Settlement Agreement is executed as set forth below.

(i)     Each person or entity who executes this Settlement Agreement on behalf of another person or entity represents and warrants that he, she, or it is duly authorized to execute this Settlement Agreement on behalf of such person or entity, has the requisite authority to bind such person or entity, and such person or entity has full knowledge of and has consented to this Settlement Agreement. The representations and warranties set forth in this paragraph shall survive execution of this Settlement Agreement.

(j)      In executing the Settlement Agreement, each of the Parties represents and warrants, for itself, that: (a) it does so with full knowledge of its available rights, (b) it is not relying and has not relied upon any representations made .by any person with regard to the Settlement Agreement, other than any written representations and agreements contained herein, (c) it has had available to it such information as it or its counsel considered necessary to making an informed judgment concerning the Settlement Agreement, and (d) it has conducted such investigation as it or its counsel deemed appropriate regarding the settlement and its rights and asserted rights in connection with the matters that are the subject of the Settlement Agreement.

(k)      The Parties acknowledge that this Settlement Agreement constitutes the entire agreement between the Parties with respect to the subject matter hereof, and all prior agreements, negotiations and understandings with respect to the subject matter hereof are canceled and superseded by this Settlement Agreement.

(1)      This Settlement Agreement shall not be modified, altered, amended or vacated without the written consent of all parties hereto or order of the Court.

(m)      This Settlement Agreement shall inure to the benefit of and be binding upon the successors and assigns of the Parties hereto.

(n)      The Parties each agree to indemnify the other for any and all costs incurred as a result of any breach of any representation, warranty, or covenant set forth in this Settlement Agreement, including, without limitation, court costs and reasonable attorneys' fees and expenses.

(o)      The headings of all sections of this Settlement Agreement are inserted solely for the convenience of reference and are not a part of and are not intended to govern, limit, or aid in the construction or interpretation of any term or provision hereof.

IN WITNESS WHEREOF, this Settlement Agreement is hereby executed as of the

date(s) set forth below:·


ACCEPTED AND AGREED TO BY:                                    _____, 2018

    ALFRED T. GUILIANO,                          ACC/GP Development
    CHAPTER 7 TRUSTEE



By:_____          By:_____
Alfred T. Guiliano, solely in his capacity as
Chapter 7 Trustee of Liquid Holdings, Inc., *et al.*

IN WITNESS WHEREOF, this Settlement Agreement is hereby executed as of the date(s) set forth below:

ACCEPTED AND AGREED TO BY:

ALFRED T. GUILIANO,
CHAPTER 7 TRUSTEE

By: _____
Alfred T. Guiliano, solely in his capacity as
Chapter 7 Trustee of Liquid Holdings, Inc., *et al.*

12/24 , 2018

ACC/GP Development

By: _Frances Shapiro, Pres._
FRANCES SHAPIRO

8764607 v1

IN WITNESS WHEREOF, this Settlement Agreement is hereby executed as of the

date(s) set forth below:

ACCEPTED AND AGREED TO BY:                                    12/24         , 2018

   ALFRED T. GUILIANO,                          ACC/GP Development
   CHAPTER 7 TRUSTEE


By:_____          By:_Frances Shapiro, Pres.
Alfred T. Guiliano, solely in his capacity as        FRANCES   SHAPIRO
Chapter 7 Trustee of Liquid Holdings, Inc., *et al.*

8764607 v1

# EXHIBIT B

SETTLEMENT AGREEMENT AND MUTUAL RELEASE

This *Settlement Agreement and Mutual Release* (the "Settlement Agreement") is entered into by and between Alfred T. Giuliano, solely as chapter 7 trustee (the "Trustee") for the estates of Liquid Holdings Group, Inc., *et al.* (the "Debtors"),[1] and not in any individual capacity, on the one hand, and Gibson, Dunn & Crutcher LLP ("Defendant"), on the other hand. Defendant and the Trustee may be referenced herein collectively as the "Parties" and/or each as a "Party."

Background

WHEREAS, on January 27, 2016 (the "Petition Date"), the Debtors each commenced a case (the "Chapter 11 Cases") by filing a voluntary petition for relief in the United States Bankruptcy Court for the District of Delaware (the "Court") under chapter 11 of the United States Code (the "Bankruptcy Code"); and

WHEREAS, On February 25, 2016, the Bankruptcy Court entered an order (the "Conversion Order") converting the Chapter 11 Cases to cases under Chapter 7 of the Bankruptcy Code (collectively, these "Chapter 7 Cases") effective as of February 25, 2016 (the "Conversion Date");

WHEREAS, Alfred T. Giuliano was duly appointed as the Trustee in each of the Chapter 7 Cases; and

WHEREAS, the Debtors and Defendant had various business relationships prior to the Petition Date; and

WHEREAS, on April 1, 2016, Defendant timely filed a proof of claim for "[a]t least $1,922,604.01" against the Debtors in respect of certain fees and expenses purportedly incurred

---

[1] The Debtors, along with the last four digits of each reorganized debtor's tax identification number, as applicable, are: Liquid Holdings Group, Inc. (2142), Liquid Prime Holdings, LLC (2135). The address of the Debtors' corporate headquarters is 111 River Street, Ste. 1204, Hoboken, New Jersey 07030.

1

by Defendant in connection with its prior representation of the Debtors and related settlement and collection efforts (collectively, the "Prepetition Representation and Settlement");

WHEREAS, on January 24, 2018, the Trustee filed in the Court his *Complaint for Avoidance and Recovery of Transfers Pursuant to 11 U.S.C. §§ 547, 548 and 550* (the "Initial Complaint"), commencing that adversary proceeding assigned case number 18-50151 (the "Adversary Proceeding"). On December 14, 2018, the Trustee filed in the Court his *First Amended Complaint to Avoid and Recover Transfers Pursuant to 11 U.S.C. §§ 547 and 550* (the "Amended Complaint") asserting, *inter alia,* that the Trustee is entitled to avoid and recover from Defendant pursuant to Bankruptcy Code sections 547 and 550 alleged preferential transfers (the "Purported Preferential Transfers") made by Debtors to Defendant in a total amount not less than $480,000.00 during the 90-day period prior to the Petition Date;

WHEREAS, on January 31, 2019, Defendant filed an Answer to the Amended Complaint denying the substantive contentions set forth in the Amended Complaint and asserting certain affirmative and separate defenses to the Trustee's claims; and

WHEREAS, the Parties have engaged in good faith, arms' length negotiations and have agreed to settle their disputes rather than proceed with litigation concerning the Purported Preferential Transfers, the Amended Complaint, and the Adversary Proceeding;

NOW THEREFORE, for good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the Parties hereby agree that:

1.    **Recitals.** The recitals set forth above are incorporated herein by reference.

2

2.    **Effective Date.** Except as otherwise provided herein, and subject to Section 12(g) below, this Settlement Agreement shall be effective upon the date of execution by all Parties (the "Effective Date").

3.    **9019 Motion.** Within a reasonable period of time following the Effective Date, the Trustee shall file a motion seeking Court approval of this Settlement Agreement pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "9019 Motion"). The 9019 Motion shall be in form and substance acceptable to the Trustee and the Defendant prior to filing. The date on which the Court enters an order approving this Settlement Agreement is referred to herein as the "Approval Date."

4.    **Settlement Payment.** Within ten (10) days after the Approval Date (the "Payment Date"), Defendant shall pay (subject to the provision of a W-9 by the Trustee) to the Trustee the total sum of $225,000.00 US (Two Hundred Twenty-Five Thousand Dollars) in full and complete settlement of the Purported Preferential Transfers, the Amended Complaint, and the Adversary Proceeding, including any claim for attorneys' fees and costs associated with the Amended Complaint (the "Settlement Amount"). The Settlement Amount shall be mailed or wired on the Payment Date in accordance with instructions to be provided by the Trustee.

5.    **Dismissal with Prejudice.** Within fourteen (14) days following the Approval Date, and upon payment of the Settlement Amount by Defendant, the Trustee shall voluntarily dismiss the Adversary Proceeding with prejudice.

6.    **Claims Waiver.** Effective on the Approval Date and upon payment of the Settlement Amount, Defendant waives any and all claims in the cases of the

3

Debtors, including but not limited to any filed proof of claim or scheduled claim, and waives the right to file or assert any claim under section 502(h) of the Bankruptcy Code (the "Waived Claims").

7.    **Trustee's Limited Release.** Effective on the Approval Date and upon receipt of the Settlement Amount, the Debtors, their estates, and the Trustee (solely in his capacity as Trustee, and not in any individual or other capacity), shall be deemed to have irrevocably and unconditionally, fully, finally and forever waived, released, acquitted and discharged Defendant, its attorneys, accountants, financial advisors, directors, employees, officers, parents, agents, subsidiaries, and the successors and assigns of any of them (collectively, the "Defendant Releasees") from any and all claims, manner of actions, causes of action, suits, costs, debts, liabilities, obligations, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, executions and demands whatsoever, of whatever kind or nature, whether known or unknown, suspected or unsuspected, in law or equity, which the Debtors, their estates, or the Trustee has, had, may have, or may claim to have against the Defendant Releasees solely in connection with the Prepetition Representation and Settlement, the Purported Preferential Transfers, the Initial Complaint, the Amended Complaint, the Adversary Proceeding, and the Chapter 11 Cases.

8.    **Defendant's Limited Release.** Effective on the Approval Date and upon payment of the Settlement Amount, the Defendant Releasees shall be deemed to have irrevocably and unconditionally, fully, finally and forever waived, released, acquitted and discharged the Trustee (solely in his capacity as Trustee, and not in any individual

4

or other capacity), the Debtors, their past or present attorneys, accountants, financial advisors, directors, employees, officers, parents, agents, subsidiaries, and the successors and assigns of any of them (collectively, the "Trustee Releasees"), from any and all claims, manner of actions, causes of action, suits, costs, debts, liabilities, obligations, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, executions and demands whatsoever, of whatever kind or nature, whether known or unknown, suspected or unsuspected, in law or equity, which the Defendant Releasees has, had, may have, or may claim to have against any of the Trustee Releasees solely in connection with the Purported Preferential Transfers, the Initial Complaint, the Amended Complaint, the Adversary Proceeding, and the Chapter 11 Cases.

9. **No Admissions**. This Settlement Agreement is not and shall not in any way be construed as an admission by the Parties of any allegations made in connection with the Purported Preferential Transfers, the Initial Complaint, the Amended Complaint, or the Adversary Proceeding.

10. **Expenses**. The Parties shall bear their own costs, expenses, and attorneys' fees incurred to date in connection with the Initial Complaint, the Amended Complaint, the Adversary Proceeding, and this Settlement Agreement. In the event of any dispute in connection with the enforcement of this Settlement Agreement, the prevailing Party shall be entitled to its reasonable attorneys' fees, costs and all necessary disbursements and out-of-pocket expenses, whether statutorily approved or

non-approved costs, incurred in connection with such action or proceeding, as determined by the Court.

11.    **Severability**. The Parties agree that if any provision of this Settlement Agreement is determined by a court of competent jurisdiction to be illegal, invalid or unenforceable, that provision shall not be a part of this Settlement Agreement. The legality, validity and enforceability of the remaining provisions shall not be affected by a provision of this Settlement Agreement that is illegal, invalid, or unenforceable.

12.    **Miscellaneous**.

(a)    Neither this Settlement Agreement, nor any statement made or action taken in connection with the negotiation of this Settlement Agreement, shall be offered or received in evidence or in any way referred to in any legal action or administrative proceeding among or between the Parties hereto, other than as may be necessary (i) to obtain approval of and to enforce this Settlement Agreement (including the mutual releases contained herein) or (ii) to seek damages or injunctive relief in connection therewith.

(b)    Each of the Parties hereto shall execute and deliver any and all additional papers, documents and other assurances, and shall do any and all acts and things reasonably necessary or appropriate in conjunction with the performance of each of the Parties' respective obligations hereunder.

(c)    No provision of this Settlement Agreement is intended to confer any rights, benefits, remedies, obligations or liabilities hereunder upon any person other than the Parties hereto and their respective successors.

(d)    This Settlement Agreement shall be governed by and construed in accordance with the law of the State of New York without regard to any choice of law provisions.

6

(e)      This Settlement Agreement may be signed in counterpart originals and delivered by facsimile or email, which, when fully executed, shall constitute a single original.

(f)      The United States Bankruptcy Court for the District of Delaware shall retain exclusive jurisdiction (and the Parties consent to such retention of jurisdiction) with respect to any disputes arising from or related to, or other actions to interpret, administer or enforce the terms and provisions of, this Settlement Agreement.

(g)      If this Settlement Agreement is not approved by the Court, then the Settlement Agreement shall be null and void and of no force or effect. In such event, each of the Parties shall be returned to the Parties' position *status quo ante,* and the Parties reserve all of their respective rights, claims, and defenses with respect to all of the matters set forth herein.

(h)      Any statute or period of limitations, statutes of repose, or other time-based limitations or defenses, whether at law, in equity, under statute, contract, or otherwise (including, but not limited to, the doctrine of laches or waiver), which might be asserted by either Party against the other Party as a time bar and/or limitation in connection with the Purported Preferential Transfers, the Initial Complaint, the Amended Complaint, the Adversary Proceeding, or the Chapter 11 Cases is hereby tolled until the Approval Date. Nothing in this Settlement Agreement shall operate to revive or extend the time for filing any claim that is now time barred or barred by any applicable statute or period of limitations, statutes of repose, or other time-related defense as of the Approval Date.

(i)      Each person or entity who executes this Settlement Agreement on behalf of another person or entity represents and warrants that he, she, or it is duly authorized to execute this Settlement Agreement on behalf of such person or entity, has the requisite authority to bind such person or entity, and such person or entity has full knowledge of and has consented to this

Settlement Agreement. The representations and warranties set forth in this paragraph shall survive execution of this Settlement Agreement.

(j)      In executing the Settlement Agreement, each of the Parties represents and warrants, for itself, that: (a) it does so with full knowledge of its available rights, (b) it is not relying and has not relied upon any representations made .by any person with regard to the Settlement Agreement, other than any written representations and agreements contained herein, (c) it has had available to it such information as it or its counsel considered necessary to making an informed judgment concerning the Settlement Agreement, and (d) it has conducted such investigation as it or its counsel deemed appropriate regarding the settlement and its rights and asserted rights in connection with the matters that are the subject of the Settlement Agreement.

(k)      The Parties acknowledge that this Settlement Agreement constitutes the entire agreement between the Parties with respect to the subject matter hereof, and all prior agreements, negotiations and understandings with respect to the subject matter hereof are canceled and superseded by this Settlement Agreement.

(1)      This Settlement Agreement shall not be modified, altered, amended or vacated without the written consent of all Parties hereto or order of the Court.

(m)      This Settlement Agreement shall inure to the benefit of and be binding upon the successors and assigns of the Parties hereto.

(n)      The headings of all sections of this Settlement Agreement are inserted solely for the convenience of reference and are not a part of and are not intended to govern, limit, or aid in the construction or interpretation of any term or provision hereof.

IN WITNESS WHEREOF, this Settlement Agreement is hereby executed as of the

date(s) set forth below:

ACCEPTED AND AGREED TO BY:                             April 24 , 2019

ALFRED T. GUILIANO,                              GIBSON, DUNN AND CRUTCHER LLP
CHAPTER 7 TRUSTEE

By: _____          By: _____
Alfred T. Guiliano, solely in his capacity as      Keith Martorana, on behalf of Gibson Dunn
Chapter 7 Trustee of Liquid Holdings, Inc., *et al.*   & Crutcher, LLP

9

# **EXHIBIT C**

## SETTLEMENT AGREEMENT AND MUTUAL RELEASE

This *Settlement Agreement and Mutual Release* (the "Settlement Agreement") is entered into by and between Alfred T. Giuliano, solely as chapter 7 trustee (the "Trustee") for the estates of Liquid Holdings Group, Inc.., *et al.* (the "Debtors"),[1] and not in any individual capacity, on the one hand, Olshan Frome Wolosky LLP ("Defendant"), on the other hand. Defendant and the Trustee may be referenced herein collectively as the "Parties" and/or each as a "Party."

### Background

WHEREAS, on January 27, 2016 (the "Petition Date"), the Debtors each commenced a case (the "Chapter 11 Cases") by filing a voluntary petition for relief in the United States Bankruptcy Court for the District of Delaware (the "Court") under chapter 11 of the United States Code (the "Bankruptcy Code"); and

WHEREAS, on February 25, 2016, the Bankruptcy Court entered an order (the "Conversion Order") converting the Chapter 11 Cases to cases under Chapter 7 of the Bankruptcy Code (collectively, these "Chapter 7 Cases") effective as of February 25, 2016 (the "Conversion Date");

WHEREAS, Alfred T. Giuliano was duly appointed as the Trustee in each of the Chapter 7 Cases; and

WHEREAS, the Debtors and Defendant had various business relationships prior to the Petition Date; and

WHEREAS, on January 25, 2018, the Trustee filed in the Court his *Complaint for Avoidance and Recovery of Preferential Transfers Pursuant to 11 U.S.C. §§ 547 and 550* (the "Complaint"),

---

[1] The Debtors, along with the last four digits of each reorganized debtor's tax identification number, as applicable, are: Liquid Holdings Group, Inc. (2142), Liquid Prime Holdings, LLC (2135). The address of the Debtors' corporate headquarters is 111 River Street, Ste. 1204, Hoboken, New Jersey 07030.

commencing that adversary proceeding assigned case number 18-50156 (the "Adversary Proceeding") asserting, *inter alia,* that the Trustee is entitled to avoid and recover from Defendant pursuant to Bankruptcy Code sections 547 and 550 alleged preferential transfers (the "Preferential Transfers") made by Debtors to Defendant in a total amount not less than $146,858.02 during the 90-day period prior to the Petition Date; and

WHEREAS, rather than proceed with litigation concerning the Preferential Transfers, the Complaint, and the Adversary Proceeding, the Parties engaged in good faith, arms' length negotiations to resolve the Preferential Transfers, the Complaint, and the Adversary Proceeding in their entireties;

NOW THEREFORE, for good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the Parties hereby agree that:

1.      **Recitals.** The recitals set forth above are incorporated herein by reference.

2.      **Settlement Amount.** Within ten (10) days after execution of this Settlement Agreement by all parties, Defendant shall pay to the Trustee the total sum of $20,000.00 US (Twenty Thousand Dollars) in full and complete settlement of the Preferential Transfers, the Complaint, and the Adversary Proceeding, including attorneys' fees and costs associated with the Complaint (the "Settlement Amount"). The Settlement Amount shall be mailed or wired in accordance with instructions to be provided by the Trustee.

3.      **Settlement Effective Date.** The effective date of this Settlement Agreement and all of its terms shall be the later of (i) execution by all Parties, (ii) the date an order approving this Settlement Agreement is entered by the Court, or (iii) payment of the Settlement Amount (the "Settlement Effective Date").

4839-6566-4403 v1

3. **Dismissal with Prejudice.** Within fourteen (14) days following the Settlement Effective Date, the Trustee shall cause the Adversary Proceeding to be dismissed with prejudice.

4. **Claims.** Effective on the Settlement Effective Date, Defendant waives the right to file or assert any claim under section 502(h) of the Bankruptcy Code, and also waives any filed proof of claim or scheduled claim.

5. **Trustee's Release.** Effective on the Settlement Effective Date, the Trustee solely in his capacity as Trustee, and not in any individual or other capacity, shall be deemed to have irrevocably and unconditionally, fully, finally and forever waived, released, acquitted and discharged Defendant, its attorneys, accountants, financial advisors, directors, employees, officers, parents, agents, subsidiaries, and the successors and assigns of any of them (collectively, the "Defendant Releasees") from any and all claims, manner of actions, causes of action, suits, costs, debts, liabilities, obligations, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, executions and demands whatsoever, of whatever kind or nature, whether known or unknown, suspected or unsuspected, in law or equity, which the Trustee has, had, may have, or may claim to have against the Defendant Releasees.

6. **Defendant's Release.** Effective on the Settlement Effective Date, the Defendant Releasees shall be deemed to have irrevocably and unconditionally, fully, finally and forever waived, released, acquitted and discharged the Trustee, the Debtors, their past or present attorneys, accountants, financial advisors, directors, employees, officers, parents, agents, subsidiaries, and the successors and assigns of any of them (collectively, the "Trustee Releasees"), from any and all claims, manner of actions, causes of action, suits, costs, debts, liabilities, obligations, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies,

3

agreements, promises, variances, trespasses, damages, judgments, executions and demands whatsoever, of whatever kind or nature, whether known or unknown, suspected or unsuspected, in law or equity, which the Defendant Releasees has, had, may have, or may claim to have against any of the Trustee Releasees.

7.    **No Admissions**. This Settlement Agreement is not and shall not in any way be construed as an admission by the Parties of any allegations made in connection with the Preferential Transfers, the Complaint, or the Adversary Proceeding.

8.    **Expenses**. The Parties shall bear their own costs, expenses, and attorneys' fees incurred to date in connection with the Complaint, the Adversary Proceeding, and this Settlement Agreement. In the event of any dispute in connection with the enforcement of this Settlement Agreement, each party shall bear its own costs.

9.    **Severability**. The Parties agree that if any provision of this Settlement Agreement is determined by a court of competent jurisdiction to be illegal, invalid or unenforceable, that provision shall not be a part of this Settlement Agreement. The legality, validity and enforceability of the remaining provisions shall not be affected by a provision of this Settlement Agreement that is illegal, invalid, or unenforceable.

10.    **Miscellaneous.**

(a)    Neither this Settlement Agreement, nor any statement made or action taken in connection with the negotiation of this Settlement Agreement, shall be offered or received in evidence or in any way referred to in any legal action or administrative proceeding among or between the Parties hereto, other than as may be necessary (i) to obtain approval of and to enforce this Settlement Agreement (including the mutual releases contained herein) or (ii) to seek damages or injunctive relief in connection therewith.

4

(b)     Each of the Parties hereto shall execute and deliver any and all additional papers, documents and other assurances, and shall do any and all acts and things reasonably necessary or appropriate in conjunction with the performance of each of the Parties' respective obligations hereunder.

(c)     No provision of this Settlement Agreement is intended to confer any rights, benefits, remedies, obligations or liabilities hereunder upon any person other than the Parties hereto and their respective successors.

(d)     This Settlement Agreement shall be governed by and construed in accordance with the law of the State of Delaware without regard to any choice of law provisions.

(e)     This Settlement Agreement may be signed in counterpart originals and delivered by facsimile or email, which, when fully executed, shall constitute a single original.

(f)     The United States Bankruptcy Court for the District of Delaware shall retain exclusive jurisdiction (and the Parties consent to such retention of jurisdiction) with respect to any disputes arising from or related to, or other actions to interpret, administer or enforce the terms and provisions of, this Settlement Agreement.

(g)     If this Settlement Agreement is not approved by the Court, then the Settlement Agreement shall be null and void and of no force or effect, and the Trustee shall return the Settlement Amount to the Defendant within ten (10) days after the Court declines to approve the Settlement Agreement. In such event, each of the Parties shall be returned to the Parties' position *status quo ante,* and the Parties reserve all of their respective rights, claims, and defenses with respect to all of the matters set forth herein.

(h)     Each person or entity who executes this Settlement Agreement on behalf of another person or entity represents and warrants that he, she, or it is duly authorized to execute this

5

Settlement Agreement on behalf of such person or entity, has the requisite authority to bind such person or entity, and such person or entity has full knowledge of and has consented to this Settlement Agreement. The representations and warranties set forth in this paragraph shall survive execution of this Settlement Agreement.

(i)       In executing the Settlement Agreement, each of the Parties represents and warrants, for itself, that: (a) it does so with full knowledge of its available rights, (b) it is not relying and has not relied upon any representations made .by any person with regard to the Settlement Agreement, other than any written representations and agreements contained herein, (c) it has had available to it such information as it or its counsel considered necessary to making an informed judgment concerning the Settlement Agreement, and (d) it has conducted such investigation as it or its counsel deemed appropriate regarding the settlement and its rights and asserted rights in connection with the matters that are the subject of the Settlement Agreement.

(j)       The Parties acknowledge that this Settlement Agreement constitutes the entire agreement between the Parties with respect to the subject matter hereof, and all prior agreements, negotiations and understandings with respect to the subject matter hereof are canceled and superseded by this Settlement Agreement.

(k)       This Settlement Agreement shall not be modified, altered, amended or vacated without the written consent of all parties hereto or order of the Court.

(l)       This Settlement Agreement shall inure to the benefit of and be binding upon the successors and assigns of the Parties hereto.

(m)       The headings of all sections of this Settlement Agreement are inserted solely for the convenience of reference and are not a part of and are not intended to govern, limit, or aid in the construction or interpretation of any term or provision hereof.

4839-6566-4403 v1

IN WITNESS WHEREOF, this Settlement Agreement is hereby executed as of the date(s) set forth below:

ACCEPTED AND AGREED TO BY:                          April 12, 2019

ALFRED T. GUILIANO,                                 OLSHAN FROME WOLOSKY LLP
CHAPTER 7 TRUSTEE

By                                                  By
Alfred T. Guiliano, solely in his capacity as              Kyle C B scgte
Chapter 7 Trustee of Liquid Holdings, Inc., *et al.*

7