IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>LIQUID HOLDINGS GROUP, INC., *et al.*,[1]<br><br>                 Debtors. | Chapter 7<br><br>Case No. 16-10202 (KG) |
| ALFRED T. GIULIANO, in his capacity as Chapter 7 Trustee for the jointly administered Chapter 7 bankruptcy estates of Liquid Holdings Group, Inc. and Liquid Prime Holdings, LLC,<br><br>                 Plaintiff,<br>   v.<br><br>BRIAN FERDINAND, BRIAN M. STORMS, RICHARD SCHAEFFER, KENNETH D. SHIFRIN, FERDINAND HOLDINGS LLC, LT WORLD LIMITED, LLC, ROBERT KELLER, CMK HOLDINGS, LLC, SCHAEFFER HOLDINGS, LLC, and SHAF HOLDINGS, LLC.,<br><br>                 Defendants. | Adv. Pro. No. 17-50662 (KG)<br><br><br><br><br><br><br><br><br><br>**Hearing Date: October 7, 2019 at 2:00 pm**<br>**Objection Deadline: September 25, 2019 at 4:00pm** |

**MOTION OF THE CHAPTER 7 TRUSTEE FOR AN ORDER
PURSUANT TO FED. R. BANKR. P. 9019 (I) APPROVING SETTLEMENT
BY AND AMONG TRUSTEE, DEFENDANTS AND RELATED PARTIES,
<u>AND (II) GRANTING RELATED RELIEF</u>**

Alfred T. Giuliano, the chapter 7 trustee (the "<u>Trustee</u>") of the bankruptcy estates ("<u>Estates</u>") of Liquid Holdings Group, Inc. and Liquid Prime Holdings, LLC (collectively, the "<u>Debtors</u>"), hereby moves (the "<u>Motion</u>") this Court for entry of an Order pursuant to Fed. R. Bankr. P. 9019 approving the Settlement Agreement by and among the Trustee, the defendants in

---

[1] The Debtors are the following entities (the last four digits of their respective taxpayer identification numbers follow in parentheses): Liquid Holdings Group, Inc. (2142) and Liquid Prime Holdings, LLC (2135).

the above-captioned adversary proceeding, and related parties (the "Settlement Agreement"), and granting related relief.  In support hereof, the Trustee respectfully states as follows:

## JURISDICTION

1. The Court has jurisdiction over this Motion pursuant to 28 U.S.C. § 1334.  This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2. Venue of this proceeding and this Motion is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.  The predicates for the relief sought herein are section 105(a) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

## BACKGROUND

**A.    General Background**

3. On January 27, 2016 (the "Petition Date"), the Debtors each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code (the "Chapter 11 Cases").

4. On January 29, 2016, the Court entered an order jointly administering the Debtors' cases.

5. On February 25, 2016, the Court entered an order (the "Conversion Order") converting the Chapter 11 Cases to cases administered under chapter 7 of the Bankruptcy Code (the "Chapter 7 Cases").

6. On March 1, 2016, the Trustee was appointed as chapter 7 trustee of the Estates pursuant to section 701(a) of the Bankruptcy Code.

**B.     The Adversary Proceeding**

7.      On June 30, 2017, the Trustee filed the Complaint (as amended, the "Complaint") commencing the above-captioned adversary proceeding, Adv. Pro. No. 17-50662 (KG) (the "Adversary Proceeding").

8.      In the Adversary Proceeding, the Trustee asserts, *inter alia*, (a) claims against certain of the Defendants (as defined in the Settlement Agreement) for fraud and breach of fiduciary duty, and (b) claims against certain of the Defendants to avoid and recover alleged fraudulent transfers, and had asserted (c) claims against certain of the Additional Parties (as defined in the Settlement Agreement) for, *inter alia*, breach of fiduciary duty, which claims were dismissed by the Court, a decision which the Trustee has the right to appeal at the appropriate time.

9.      On September 21, 2015, Robert De Vito, on behalf of himself and all others similarly situated (the "Securities Plaintiffs"), initiated class action litigation against certain of the Defendants and the Additional Parties claiming violations of various federal securities laws, which litigation is pending in the United States District Court for the District of New Jersey and captioned *De Vito v. Liquid Holdings Group, Inc., et al.*, Case 2:15-cv-06969-KM-JBC (the "Securities Action").

10.     The Debtors purchased directors & officers liability insurance policies (the "Policies") from various insurance companies, including the following "Insurers": AXIS Insurance Company (Policy No. MNN775651/01/2013); Starr Indemnity & Liability Company (Policy No. SISIXFL21129513); XL Specialty Insurance Company, Inc. (Policy No. ELU130824-13); Argonaut Insurance Company (Policy No. MLX 7600587-00); QBE Insurance Corporation (Policy No. QPL0062566); Berkley Insurance Company (Policy No. 18010864); and Allied World Assurance Company (U.S.) Inc. (Policy No. 0309-1902).

11. On March 5, 2019, the Trustee, the Securities Plaintiffs, and the Defendants participated in a full day private in-person mediation session with Michelle Yoshida of Phillips ADR, which mediation continued until August 2019, via frequent emails and telephone conferences.

12. The mediation concluded successfully when the Trustee, the Securities Plaintiffs, and the Defendants accepted Ms. Yoshida's recommendation as to an appropriate global resolution of the Adversary Proceeding and the Securities Action.

13. To resolve their disputes without the need for further litigation, the Trustee, the Defendants, and the Additional Parties have negotiated a settlement resolving the claims asserted in the Adversary Proceeding. This agreement is set forth more fully in the Settlement Agreement attached hereto as **Exhibit A** and incorporated herein.

14. Generally, the Settlement Agreement provides that: (a) the Defendants shall cause to be paid to the Trustee the total sum of $4,062,500.00 in immediately available funds no later than 10 business days after an order approving the Settlement Agreement becomes a final non-appealable order; (b) the parties grant each other mutual releases; (c) the Defendants and Additional Parties waive and release any and all claims in the Chapter 7 Cases, including any filed proof of claim; and (d) the execution of the Settlement Agreement is not and may not be construed as an admission of liability by any party. The Settlement Agreement also requires that this Court authorize, consistent with prior Orders entered in this case *(e.g.*, D.I. Nos. 124, 145, 236, collectively, the "Prior Comfort Orders"), payments from the Policies as necessary to fund the settlement herein, the settlement of the Securities Action, and the advancement of any further defense costs and insured inquiry costs necessary to conclude this settlement, the settlement of

the Securities Action, the SEC investigation of the Debtors and related parties, and payment of any currently outstanding and unpaid defense costs and insured inquiry costs.[2]

## RELIEF REQUESTED AND BASIS THEREFOR

15. By this Motion, the Trustee is seeking the Court's approval of the Settlement Agreement, authority to execute the same and perform thereunder, and related relief regarding the various Policies.

16. Bankruptcy Rule 9019 provides that "[o]n motion by the [T]rustee and after notice and a hearing, the court may approve a compromise or settlement. Notice shall be given to creditors, the United States trustee, the debtor . . . and to any other entity as the court may direct. Fed. R. Bankr. P. 9019(a); *see also Myers v. Martin (In re Martin)*, 91 F.3d 389, 393 (3d Cir. 1996). Courts generally defer to a trustee's business judgment when there is a legitimate business justification for the trustee's decision. *Id.* at 395.

17. In determining whether a settlement should be approved under Bankruptcy Rule 9019, the Court must "assess and balance the value of the claim that is being compromised against the value to the estate of the acceptance of the compromise proposal." *Id.* at 393. In striking this balance, the Court should consider "(i) the probability of success in the litigation; (ii) the likely difficulties in collection; (iii) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and (iv) the paramount interest of the creditors." *Id.* Bankruptcy Rule 9019(a) commits the approval or rejection of a settlement to the sound discretion of the bankruptcy court. *In re Michael*, 183 B.R. 230, 232 (Bankr. D. Mont. 1995).

18. Moreover, a settlement should be approved if it falls above the lowest point on the continuum of reasonableness. "[The] responsibility of the bankruptcy judge…is not to decide the

---

[2] This is intended to be a summary only. Parties are directed to review the Settlement Agreement for all of its terms and conditions.

numerous questions of law and fact raised by the appellants but rather to canvass the issues and see whether the settlement fall[s] below the lowest point in the range of reasonableness." *In re W.T. Grant Co.*, 699 F.2d 599, 608 (2d Cir. 1983); *In re Planned Protective Servs., Inc.*, 130 B.R. 94, 99 n.7 (Bankr. C.D. Cal. 1991); *In re Blair*, 538 F.2d 849, 851 (9th Cir. 1976) (court should not conduct a "mini-trial" on the merits of a proposed settlement). Thus, the question is not whether a better settlement might have been achieved or a better result reached if litigation pursued. Instead, the court should approve settlements that meet a minimal threshold of reasonableness. *Nellis v. Shugrue*, 165 B.R. 115, 123 (S.D.N.Y. 1994); *In re Tech. for Energy Corp.*, 56 B.R. 605, 608 (Bankr. N.D. Ohio 1985).

19. A review of these four factors demonstrates that the Settlement Agreement should be approved. The Trustee and his professionals have invested substantial time and effort in analyzing and prosecuting the claims asserted in the Adversary Proceeding and believe that the Settlement Agreement reflects a fair resolution of the disputes being resolved therein in that the Settlement Agreement provides for: (i) a recovery of $4,062,500.00 for the Estates, (ii) the end of litigation under eroding Policies; (iii) mutual releases, and (iv) the waiver of certain claims asserted against the Debtors (thereby shrinking the amount of unsecured claims asserted against the Debtors).

20. The Trustee respectfully submits that the compromise reached is fair and reasonable under the circumstances. The Trustee likewise believes the Settlement Agreement is founded on the exercise of his sound business judgment.

## **NOTICE**

21. Notice of this Motion has been given to: (a) the Office of the United States Trustee; (b) all parties that have previously requested notice in this case pursuant to Bankruptcy Rule 2002;

(c) counsel for Defendants; and (d) counsel for the Additional Parties.  Such notice is reasonable in light of the circumstances of these Chapter 7 Cases and the nature of the relief sought herein.

**WHEREFORE**, the Trustee respectfully requests that this Court enter the attached Order granting the relief requested herein and such other and further relief as the Court deems just and equitable.

Dated:  September 9, 2019  **ARCHER & GREINER, P.C.**

/s/ *David W. Carickhoff*
David W. Carickhoff (No. 3715)
300 Delaware Ave., Suite 1100
Wilmington, DE  19801
Phone:  (302) 777-4350
Fax:   (302) 777-4352
Email:  dcarickhoff@archerlaw.com

*Attorneys for the Chapter 7 Trustee*