# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>Liquid Holdings Group, Inc., *et al*,[1]<br><br>Debtors. | Chapter 7<br><br>Case No. 16-10202 (KG)<br><br>**Hearing Date: October 30, 2019 at 10:00 am**<br>**Objection Date: October 11, 2019 at 4:00 pm** |

**FIRST INTERIM APPLICATION OF**
**KAUFMAN, COREN & RESS, P.C. FOR PAYMENT OF CONTINGENCY FEE AND**
**REIMBURSEMENT OF EXPENSES AS SPECIAL COUNSEL TO THE CHAPTER 7**
**TRUSTEE FROM SEPTEMBER 26, 2016 THROUGH AUGUST 31, 2019**

| | |
|---|---|
| Name of Applicant: | Kaufman, Coren & Ress, P.C. ("KCR") |
| Authorized to Provide Professional Services to: | Alfred T. Giuliano, Chapter 7 Trustee |
| Date of Retention: | Order entered November 10, 2016, granting *nunc pro tunc* retention as of September 26, 2016 |
| Period for which compensation and reimbursement is sought: | September 26, 2016 through August 31, 2019 |
| Amount of Compensation sought as actual, reasonable and necessary: | $1,421,875.00[2] contingent fee |
| Amount of Expense Reimbursement sought as actual, reasonable and necessary: | $12,467.51 |
| This is a ■ Interim □ Final □ Monthly Application | |

*No prior applications for fees or reimbursement/payment of expenses have been filed in this matter.*

---

[1] The Debtors are: Liquid Holdings Group, Inc., Case No. 16-10202 and Liquid Prime Holdings, LLC, Case No. 16-10203.

[2] In accordance with Paragraphs 17-22 of this Application, KCR seeks and is entitled to a contingent fee of $1,421,875.00, calculated as follows: Financial Benefit of $4,062,500.00 X 35% ='s a contingent fee of $1,421,875.00.

Case 16-10202-BLS    Doc 273    Filed 09/27/19    Page 2 of 10

2

## EXPENSE SUMMARY

| Expense Category | Service Provider | Total Expense |
|---|---|---:|
| Electronic Discovery | Conduent Legal & Compliance Solutions LLC | $1,542.40 |
| Shipping | Federal Express | $195.25 |
| Computer Assisted Legal Research | Westlaw | $2,221.30 |
| Postage | United States Postal Service | $374.42 |
| Process/Subpoena Service | Undisputed Legal Inc. | $100.00 |
| Process/Subpoena Service | ATG LegalServe, Inc. | $69.00 |
| Transportation | Amtrak | $580.00 |
| Mediation Expenses | Phillips ADR Enterprises P.C. | $7,290.00 |
| Miscellaneous Out-of-Town Travel Expenses (e.g., Taxi, Parking, Mileage Reimbursement) | Miscellaneous | $95.14 |
| | **TOTAL:** | **$12,467.51** |

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>Liquid Holdings Group, Inc., *et al,*[1]<br><br>Debtors. | Chapter 7<br><br>Case No. 16-10202 (KG)<br><br>**Hearing Date: October 30, 2019 at 10:00 am**<br>**Objection Date: October 11, 2019 at 4:00 pm** |

**FIRST INTERIM APPLICATION OF
KAUFMAN, COREN & RESS, P.C. FOR PAYMENT OF CONTINGENCY FEE AND
REIMBURSEMENT OF EXPENSES AS SPECIAL COUNSEL TO THE CHAPTER 7
TRUSTEE FROM SEPTEMBER 26, 2016 THROUGH AUGUST 31, 2019**

Kaufman, Coren & Ress, P.C. ("KCR"), as special counsel to the Chapter 7 Trustee, Alfred T. Giuliano, (the "Trustee") in the above-captioned Chapter 7 cases of Liquid Holdings Group, Inc., *et al.*, hereby applies (the "Application") for payment of a contingent fee in the amount of $1,421,875.00, and reimbursement of expenses in the amount of $12,467.51 for the period from September 26, 2016 through August 31, 2019 (the "Application Period").

KCR files this Application under sections 328, 330 and 331 of Title 11 of the United States Code (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure, Rule 2016-2 of the Local Rules of Bankruptcy Practice and Procedure, and the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Under 11 U.S.C. § 330.

In this Application, KCR seeks payment of a continent fee of $1,421,875.00 and reimbursement of expenses in the amount of $12,467.51 for the Application Period. In support of the Application, KCR respectfully represents as follows:

---

[1] The Debtors are: Liquid Holdings Group, Inc., Case No. 16-10202 and Liquid Prime Holdings, LLC, Case No. 16-10203.

## JURISDICTION AND VENUE

1.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.  This Application is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).  The statutory predicates for the relief sought in this application are Bankruptcy Code §§ 328, 330, and 331.

## BACKGROUND

2.      Alfred T. Giuliano is the duly appointed Chapter 7 Trustee (the "Trustee") of the Debtors Liquid Holdings Group, Inc. and Liquid Prime Holdings, LLC.

3.      On January 27, 2016 (the "Petition Date"), Liquid Holdings Group, Inc. and Liquid Prime Holdings, LLC each filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"), each of which was converted into a case under Chapter 7 of the Bankruptcy Code on February 26, 2016, with the cases being jointly administered under the caption *Liquid Holdings Group, Inc., et al.*, U.S.B.C. D. Del., Case No. 16-10202 (KG) (collectively, the "Liquid Bankruptcy Case").

4.      On November 10, 2016, this Court entered an order authorizing the employment and retention of KCR as Special Counsel for the Trustee *nunc pro tunc* from September 26, 2016 (the "Retention Order").  A true and correct copy of the Retention Order is attached hereto as **Exhibit A**.  At all relevant times, KCR has been a disinterested person as that term is defined in Section 101(14) of the Bankruptcy Code (the "Code") and has not represented nor held any interest adverse to the interest of the Debtors or the Debtors' estates in connection with the matter for which KCR is engaged.

5.      The Retention Order approved the Trustee's application to employ KCR, pursuant to a Fee Agreement which provided, *inter alia*, as follows: KCR shall be entitled to receive a contingent fee in an amount equal to thirty-five percent (35%) of the "Financial Benefit" (as defined in the Fee Agreement) hereafter recovered or obtained by or on behalf of the Trustee and/or the Debtors.  A true and correct copy of the Fee Agreement is attached hereto as **Exhibit B**.

6.      Pursuant to the Retention Order and Fee Agreement, the Trustee from the Debtors' estates shall be responsible to pay, and shall reimburse KCR for all out-of-pocket costs and expenses incurred in connection with the investigation and prosecution of the Litigation Claims, including, but not limited to, costs and expenses for filing fees, expert fees, postage, travel, couriers, meals, lodging, court reports, transcripts, secretarial overtime, and photocopying.

## SUMMARY OF SERVICES

7.      On behalf of the Trustee and the Debtors, KCR commenced an investigation and analysis into claims as it relates to the Debtors' relationship with their former officers, directors, service providers, and other related individuals and entities.  The investigation involved the collection, review, and analysis of multiple voluminous sources of debtor records and electronically stored information.

8.      On June 30, 2017 – via a 57-page, 279-paragraph Complaint prepared by KCR – the Trustee commenced an adversary proceeding in this Court captioned *Giuliano v. Ferdinand, et al.*, Adv. Pro. No. 17-50662-KG (the "Adversary Proceeding"), asserting claims against nineteen entities and individuals (the "Adversary Proceeding Defendants") for fraud and breach of fiduciary duty and seeking the avoidance and recovery of various fraudulent transfers.

9. In turn, the Adversary Proceeding Defendants filed a total of seven motions to dismiss, in response to which KCR prepared an omnibus opposition, which was filed with this Court on December 15, 2017.

10. After holding oral argument, this Court granted in part and denied in part the motions to dismiss by Order dated June 6, 2018.

11. Certain of the Adversary Proceeding Defendants filed a motion for reconsideration of this Court's Order, which was opposed by KCR and the Trustee, and which – after oral argument – this Court granted by Order dated September 4, 2018, allowing the Trustee leave to amend.

12. The Trustee filed his KCR-prepared First Amended Complaint, after which certain of the Adversary Proceeding Defendants filed a total of three motions to dismiss.

13. KCR prepared the Trustee's Opposition to the second set of motions to dismiss and, after oral argument, this Court denied the second set of motions to dismiss by Order dated July 25, 2019.

14. On March 5, 2019, the Trustee and certain of the Adversary Proceeding Defendants participated in a full day private in-person mediation session with Michelle Yoshida of Phillips ADR, which mediation continued until August 2019, by frequent emails and telephone calls. The mediation concluded successfully when, in order to avoid the potential costs, risks, and delays of litigation, the mediation participants accepted Ms. Yoshida's recommendation as to an appropriate global resolution of the Adversary Proceeding.

15. On September 9, 2019, the Trustee filed a motion pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "9019 Motion") seeking approval of the settlement agreement entered into by the Trustee and the Adversary Proceeding Defendants (the

"Settlement Agreement"). The Objection Deadline on the 9019 Motion is September 25, 2019, and the Hearing Date is currently scheduled for October 7, 2019 at 2:00 p.m.

16. Generally, the Settlement Agreement provides, *inter alia*, that: (a) the Defendants shall cause to be paid to the Trustee the total sum of $4,062,500.00 in immediately available funds no later than 10 business days after an order approving the Settlement Agreement becomes a final nonappealable order; (b) the parties grant each other mutual releases; (c) the Defendants and Additional Parties waive and release any and all claims in the Chapter 7 Cases, including any filed proof of claim; and (d) the execution of the Settlement Agreement is not and may not be construed as an admission of liability by any party.

## RELIEF REQUESTED

### Contingent Fee

17. KCR submits that all services for which it seeks compensation were performed for, or on behalf of, Alfred T. Giuliano, Chapter 7 Trustee.

18. The efforts put forth and the activities engaged in by KCR as Special Counsel to the Trustee include, but are not limited to, the following:

　　a. KCR's expenditure of more than 1819 hours of attorney time and 43 hours of paralegal time from inception through August 31, 2019, with a time value, based on KCR's normal billing rates, of $769,740.00 (the hours expended by attorney and the time value of services at KCR's normal billing rates are reflected on **Exhibit C** attached hereto);

　　b. Conducting a substantial investigation into the claims in dispute;

　　c. Reviewing and analyzing numerous sources of information obtained from the Debtors and their former counsel;

　　d. Numerous telephone conferences, face-to-face meetings, and correspondence concerning the investigation;

　　e. Researching numerous legal issues;

      f. Preparation of a voluminous Complaint asserting claims against nineteen different Defendants and amending that Complaint several times in response to the Orders of this Court;

      g. Reviewing, analyzing, researching, opposing, and arguing a total of ten motions to dismiss and one motion for reconsideration;

      h. Conducting further analysis into the voluminous email databases of the Debtor; and

      i. Engaging in extensive settlement negotiations over a period of multiple months which ultimately resulted in the Settlement Agreement with respect to which KCR now seeks a contingent fee.

19. In accordance with the Fee Agreement, KCR is entitled to a contingent fee equal to thirty-five percent (35%) of the "Financial Benefit" recovered or obtained by or on behalf of the Trustee and/or the Debtors in connection with the Adversary Proceeding. For purposes of determining KCR's contingent fee, the Financial Benefit is the amount of the Trustee Settlement Proceeds, i.e., Four Million Sixty-Two Thousand Five Hundred Dollars ($4,062,500.00).

20. Accordingly, KCR seeks and is entitled to a contingent fee of $1,421,875.00, calculated as follows: Financial Benefit of $4,062,500.00 X 35% ='s $1,421,875.00.

21. KCR agrees that its entitlement to the requested contingent fee is contingent upon the Bankruptcy Court's approval of the Settlement Agreement and the Trustee's receipt of the settlement proceeds contemplated therein.

22. In accordance with 11 U.S.C. § 328 and the factors enumerated in 11 U.S.C. § 330, it is respectfully submitted that the amount requested by KCR is fair and reasonable given (a) the preapproval of the terms and conditions of the engagement, (b) the complexity of the case, (c) the time expended, (d) the nature and extent of the services rendered, (e) the value of such services, (f) the costs of comparable services other than in a case under this title, and (g) the recovery of $4,062,500.00 on behalf of the Trustee and the Estate.

**Actual and Necessary Expenses**

23. A summary of actual and necessary expenses incurred/paid by KCR for the Application Period is attached hereto as **Exhibit D**. On-line legal research (Westlaw) is charged to clients at KCR's discounted cost. The standard cost of Westlaw research sessions is discounted each month by allocating the savings realized during that month pursuant to special contracts KCR has negotiated with Westlaw.

24. KCR believes that the charges for which it seeks payment/reimbursement are in accordance with the American Bar Association ("ABA") guidelines, as set forth in the ABA's Statement of Principles, dated January 12, 1995, regarding billing for disbursements and other charges.

**Local Rule 2016-2 Certification**

25. KCR hereby certifies that it has reviewed the requirements of Rule 2016-2 of the Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware and that this Application and the exhibits attached hereto substantially comply with Bankruptcy Rules 2016-2. KCR further certifies that it has not included Local Form 102 but has instead included the information sought by that form in the body of this Application or in the attachments to the Application.

WHEREFORE, Kaufman, Coren & Ress, P.C., respectfully requests: (a) that it be awarded a contingent fee of $1,421,875.00 as provided in this Application, contingent upon the Bankruptcy Court's approval of the Settlement Agreement and the Trustee's receipt of the settlement proceeds discussed therein; (b) that it be allowed reimbursement/payment of expenses in the amount of $12,467.51 for the period from September 26, 2016 through August 31, 2019; (c) that the Court approve the Trustee's allocation of the contingent fee and expenses requested

in this Application; and (d) that the Court authorize and direct the Trustee to pay Kaufman, Coren & Ress, P.C. the amounts approved by and consistent with the Order of the Court.

Date:   September 26, 2019

Respectfully submitted,

KAUFMAN, COREN & RESS, P.C.

*/s/ Steven M. Coren*
Steven M. Coren
Two Commerce Square, Suite 3900
2001 Market Street
Philadelphia, PA 19103
Tel: (215) 735-8700

*Special Counsel for the Chapter 7 Trustee*