UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 7 |
| LIQUID HOLDINGS GROUP, INC., *et al*.,[1] | Case No. 16-10202 (KG) <br> (Jointly Administered) |
| Debtors. | **Hearing Date: December 17, 2019 at 2:30 p.m.** <br> **Objection Deadline: December 10, 2019 at 4:00 p.m.** |

**MOTION OF THE CHAPTER 7 TRUSTEE FOR ENTRY OF AN ORDER UNDER
11 U.S.C. §§ 105(a) AND 363 AND FEDERAL RULES OF BANKRUPTCY PROCEDURE
2002 AND 6004 (I) APPROVING THE SALE OF CERTAIN SOFTWARE AND
RELATED INTELLECTUAL PROPERTY OF THE DEBTORS; AND (II) GRANTING
RELATED RELIEF**

Alfred T. Giuliano, the chapter 7 trustee (the "Trustee") of the bankruptcy estates of Liquid Holdings Group, Inc. and its affiliated debtor (the "Debtors"), hereby moves this Court (the "Motion") under sections 105(a) and 363 of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2002 and 6004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 6004-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") for entry of an order substantially in the form annexed hereto that: (i) approves the sale of certain software and related intellectual property of the Debtors to BellSolve Ltd. (or to a higher bidder) pursuant to the asset purchase agreement attached hereto as **Exhibit A** (as such may be modified or amended from time to time, and including all schedules and exhibits attached thereto, the "Purchase Agreement") free and clear of all liens, claims, interests, and encumbrances; and

---

[1] The Debtors are the following entities (the last four digits of their respective taxpayer identification numbers follow in parentheses): Liquid Holdings Group, Inc. (2142) and Liquid Prime Holdings, LLC (2135).

(ii) granting related relief. In support of this Motion, the Trustee respectfully represents as follows:

## JURISDICTION

1. This Court has jurisdiction over this Motion under 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A) and (N). Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory bases for the relief requested herein are sections 105(a) and 363 of the Bankruptcy Code, Bankruptcy Rules 2002 and 6004, and Local Rule 6004-1.

## BACKGROUND

3. On January 27, 2016 (the "Petition Date"), the Debtors each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code (the "Chapter 11 Cases").

4. On January 29, 2016, the Court entered an order jointly administering the Debtors' cases.

5. On February 25, 2016, the Court entered an order (the "Conversion Order") converting the Chapter 11 Cases to cases administered under chapter 7 of the Bankruptcy Code (the "Chapter 7 Cases").

6. On March 1, 2016, the Trustee was appointed as chapter 7 trustee of the estates (the "Estates") pursuant to section 701(a) of the Bankruptcy Code.

7. Prior to the Petition Date, the Debtors were involved in developing and marketing various software designed to assist businesses with marketing and market sector targeting, including LiquidTrade, LiquidMetrics, LiquidMobile, and LiquidView (collectively, the "Software").

8. BellSolve Ltd. ("BSL" or "Buyer") wishes to purchase certain of the Debtors' Software, the Software source code, and intellectual property rights in relation to the Software, as set forth more fully in the Purchase Agreement (the "Acquired Assets") from the Trustee for a purchase price of $20,000.00 (the "Purchase Price").

**RELIEF REQUESTED**

9. By this Motion, the Trustee is requesting entry of an order (a) approving the sale of the Acquired Assets free and clear of all pledges, liens, security interests, encumbrances, claims, charges, options and interests thereon and there against (collectively, the "Liens") (with such Liens attaching to the proceeds of sale in the same order of priority and to the same extent as if such Liens were valid, perfected and enforceable prior to entry of the sale order and subject to the terms of the Purchase Agreement), to the Buyer; and (b) granting related relief.

10. Given his experience selling assets in various cases, the Trustee believes that the purchase price offered by Buyer is fair and reasonable under the circumstances and represents the highest and best offer received by the Trustee.

11. The Trustee submits that a sale of the Acquired Assets free and clear of liens, claims, and encumbrances pursuant to section 363 of the Bankruptcy Code is the best way to maximize the value of the Estate under the facts and circumstances of this case.

12. The Purchase Agreement contemplates the sale of the Acquired Assets, subject to higher and/or better bids, on terms that include the following:[2]

- **Purchase Price**. The Purchase Price for the purchase, sale, assignment and conveyance of Debtors' rights, title and interest in and to the Acquired Assets shall be: Twenty Thousand Dollars ($20,000.00). Buyer shall pay $20,000.00 in cash upon the execution of the Purchase Agreement. The

---

[2] The following summary is not comprehensive and is provided for convenience only. In the event of any inconsistency between the summary and the Purchase Agreement, the latter shall control. Parties are encouraged to review the Purchase Agreement in its entirety. Unless otherwise defined herein, capitalized terms used in this summary shall have the meanings ascribed to them in the Purchase Agreement.

3

cash shall be deposited with the Trustee, to be held in escrow on behalf of the Estates and paid to the Estates upon Closing. In the event that the sale contemplated by the Purchase Agreement is not approved by the Bankruptcy Court or shall fail to occur (other than as a result of a material breach by Buyer), the Trustee shall return the cash to Buyer without interest. (Purchase Agreement, § 1.03)

- **Assets to be Sold**. The assets being sold under the Purchase Agreement are described in Section 1.01 of the Purchase Agreement and include all of the Estates' right title and interest in and to the Acquired Assets identified on Schedule 1.01; (Purchase Agreement, § 1.01)

- **Excluded Assets**. Excluded assets are all assets not specifically included in the Acquired Assets (the "Excluded Assets"). For the avoidance of doubt, the following, without limitation, are Excluded Assets, (i) any personally identifiable information of the Debtors' former employees, (ii) any cash of the Debtors, (iii) any accounts receivable of the Debtors, (iv) any deposits of the Debtors, and (v) any causes of action of the Debtors. The Excluded Assets are not being sold to Buyer. To the extent any personally identifiable information of the Debtors' former employees or any Excluded Assets developed by the Debtors are inadvertently included with the Acquired Assets, Buyer shall not use such items and shall promptly delete such items. (Purchase Agreement, § 1.02).

- **Closing.** Closing shall occur within ten (10) days after the sale of the Acquired Assets is approved by an order of the Bankruptcy Court (the "Sale Order"). (Purchase Agreement, § 2.01)

- **Subject to Higher and Better Offers**. The Purchase Agreement and sale contemplated therein is subject to higher and better offers. (Purchase Agreement, § 1.05)

- **Relief from Bankruptcy Rule 6004(h)**. The Trustee seeks relief from the fourteen-day stay imposed by Bankruptcy Rule 6004(h).

13. While the Trustee believes that the purchase price under the Purchase Agreement is fair and reasonable, the Trustee notes that the proposed sale to Buyer is subject to higher or better offers. If the Trustee receives any higher and better offers on or before the December 10, 2019 objection deadline, he will conduct an auction before the sale hearing. A higher and better offer must be for cash in an amount higher than the Purchase Price.

4

**BASIS FOR RELIEF REQUESTED**

A.     **The Proposed Sale of Assets Should Be Approved As a Product Of The Trustee's Exercise of Sound and Reasonable Business Judgment.**

14.    Section 363(b)(1) of the Bankruptcy Code provides: "[t]he trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate."[3] Section 105(a) of the Bankruptcy Code provides in relevant part: "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."

15.    This Court should approve the proposed sale if the Trustee demonstrates a sound business reason or justification in support thereof. *Myers v. Martin* (*In re Martin*), 91 F.3d 389, 395 (3d Cir. 1996); *In re Delaware & Hudson Ry. Co.*, 124 B.R. 169, 179 (D. Del. 1991); *In re Phoenix Steel Corp.,* 82 B.R. 334, 335-36 (Bankr. D. Del. 1987) (section 363 sale should be approved if "the proposed sale is fair and equitable . . . a good business reason [exists] for completing the sale and the transaction is in good faith"); *In re Lionel Corp.,* 722 F.2d 1063, 1070 (2d Cir. 1983).

16.    Here, the proposed sale of Acquired Assets easily meets the "sound business reason" test and it is clear the proposed sale is necessary to preserve the value of the Acquired Assets. The Purchase Agreement is the good faith product of arms'-length and extensive negotiations among the parties. Further, the Purchase Agreement is subject to higher and better offers.

17.    The Acquired Assets have been marketed for sale since the Petition Date. An investment banker was retained to sell the Acquired Assets. The investment banker, however, was not able to find any buyers.

---

[3] The requirements of section 332(b)(1) of the Bankruptcy Code are inapplicable to the sale proposed herein. *See* 11 U.S.C. § 363(b)(1).

18. In light of the current circumstances, the Trustee's decision to sell the Acquired Assets at this time pursuant to the Purchase Agreement is fully consistent with and should be approved as an exercise of sound business judgment.

**B.    The Sale of Assets Should Be Approved Free And Clear Of Liens Pursuant to Section 363(f) Of The Bankruptcy Code.**

19. Pursuant to section 363(f) of the Bankruptcy Code, the Trustee seeks authority to sell and transfer the Acquired Assets free and clear of all Liens, with such Liens to attach to the proceeds of the sale in the same order of priority, and to the same extent as if such Liens were valid, perfected, and/or enforceable immediately prior to the sale, subject to the terms of the Purchase Agreement and any rights and defenses of the Trustee and other parties in interest with respect thereto. Section 363(f) of the Bankruptcy Code is written in the disjunctive and provides, in pertinent part:

> The trustee may sell property under subsection (b) or (c) of this section free and clear of any interest in such property of an entity other than the estate, only if –
>
> (1) applicable nonbankruptcy law permits sale of such property free and clear of such interest;
>
> (2) such entity consents;
>
> (3) such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property;
>
> (4) such interest is in bona fide dispute; or
>
> (5) such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest.

11 U.S.C. § 363(f).

20. A sale free and clear of Liens is necessary to maximize the value of the Acquired Assets. A sale subject to Liens would result in a lower purchase price and be of substantially

less benefit to the bankruptcy estate. A sale free and clear of Liens is particularly appropriate under the circumstances because any Lien that exists immediately prior to the closing of any sale will attach to the sale proceeds with the same validity, priority, force and effect as it had at such time, subject to the rights and defenses of the Trustee or any party in interest. Moreover, any holder of a Lien that receives notice of the proposed sale and which fails to object should be deemed to consent to the proposed sale, thereby complying with section 363(f)(2) of the Bankruptcy Code. Thus, the proposed sale(s) satisfies section 363(f) of the Bankruptcy Code.

### C.  Notice Of The Proposed Sale Is Reasonable Under The Circumstances.

21. The Trustee will send a copy of this Motion to: (i) the Office of the United States Trustee for the District of Delaware; (ii) the Buyer; (iii) any entities known to have expressed in writing an interest in purchasing the Acquired Assets to the Trustee; and (iv) all entities that filed a notice of appearance and request for service of papers in this case in accordance with Bankruptcy Rule 2002.

22. Accordingly, the Trustee submits that the notice to be provided to parties in interest is reasonable and appropriate and will be adequate to ensure that the value of the Acquired Assets has been tested in the marketplace and that all interested parties have the opportunity to object to the proposed sale.

### D.  The Automatic Fourteen Day Stay Under Bankruptcy Rule 6004(h) Should Be Waived.

23. Pursuant to Bankruptcy Rule 6004(h), unless the Court orders otherwise, all orders authorizing the sale of property pursuant to section 363 of the Bankruptcy Code are automatically stayed for fourteen days after entry of the order.

24. Although Bankruptcy Rule 6004(h) and the Advisory Committee Notes are silent as to when a court should "order otherwise" and eliminate or reduce the 14-day stay period,

Collier on Bankruptcy suggests that the stay period should be eliminated to allow a sale or other transaction to close immediately where there has been no objection to the procedure.  10 *Collier on Bankruptcy* ¶ 6004.09 (15th ed. 1999).  Furthermore, Collier on Bankruptcy provides that if an objection is filed and overruled, and the objecting party informs the court of its intent to appeal, the stay may be reduced to the amount of time necessary to file such appeal.  *Id.*

25. To preserve and maximize the value of the Acquired Assets, the Trustee seeks to close the sale within 10 days of an order entered approving the sale.  Thus, waiver of any applicable stay afforded by the Bankruptcy Rule 6004(h) is appropriate under the facts and circumstances of this case.

WHEREFORE, for the foregoing reasons, the Trustee respectfully requests entry of an order substantially in the form attached hereto (i) approving the sale of the Acquired Assets free and clear of all Liens (with such Liens attaching to the proceeds of sale as described above); and (ii) granting related relief.

Dated:  November 25, 2019                      **ARCHER & GREINER, P.C.**

*/s/ David W. Carickhoff*
David W. Carickhoff (No. 3715)
Kevin F. Shaw (No. 6239)
300 Delaware Avenue, Suite 1100
Wilmington, DE 19801
Telephone: 302-777-4350
Facsimile:  302-777-4352
E-mail: dcarickhoff@archerlaw.com
              kshaw@archerlaw.com

*Counsel for the Chapter 7 Trustee*