## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 7 |
| LIQUID HOLDINGS GROUP, INC., *et al.*,[1] | Case No. 16-10202 (KG) <br> (Jointly Administered) |
| Debtors. | Re: Docket No. 281 |

### ORDER PURSUANT TO U.S.C. §§ 105(a) AND 363, AND FEDERAL RULES OF BANKRUPTCY PROCEDURE 2002 AND 6004 (I) APPROVING THE SALE OF CERTAIN SOFTWARE OF THE DEBTORS AND RELATED INTELLECTUAL PROPERTY; AND (II) GRANTING RELATED RELIEF

Upon the motion (the "Motion")[2], of Alfred T. Giuliano, the chapter 7 trustee (the "Trustee") of the estates of the above-captioned debtors (the "Debtors"), for Entry of an Order Under 11 U.S.C. §§ 105(a) and 363, and Federal Rules of Bankruptcy Procedure 2002 and 6004 (I) Approving the Sale of Certain Software of the Debtors and Related Intellectual Property; and (II) Granting Related Relief; and adequate and sufficient notice of the Motion, the Purchase Agreement and this Sale Order having been given to all known parties in interest in this case; and all such parties having been afforded an opportunity to be heard with respect to the Motion and all relief requested therein; and the Court having reviewed and considered: (i) the Motion; (ii) the objections thereto, if any; and (iii) the arguments of counsel made, and the evidence proffered or adduced, at the Sale Hearing or submitted in advance of the Sale Hearing; and after due deliberation thereon; and good and sufficient cause appearing therefor, it hereby is

---

[1] The Debtors are the following entities (the last four digits of their respective taxpayer identification numbers follow in parentheses): Liquid Holdings Group, Inc. (2142) and Liquid Prime Holdings, LLC (2135).

[2] Unless otherwise defined herein, all capitalized terms shall have the meanings ascribed to them in the Motion or Purchase Agreement, as applicable.

FOUND AND DETERMINED THAT:[3]

A. This Court has jurisdiction over the Motion under 28 U.S.C. §§ 157 and 1334, and this matter is a core proceeding under 28 U.S.C. § 157(b)(2)(A) and (N). Venue of this case and the Motion in this District is proper under 28 U.S.C. §§ 1408 and 1409.

B. The statutory predicates for the relief sought in the Motion are sections 105(a) and 363 of the Bankruptcy Code, as complemented by Bankruptcy Rules 2002 and 6004.

C. As evidenced by the affidavits or certificates of service filed with this Court: (i) due, proper, timely, adequate and sufficient notice of the Motion, the sale hearing, and the other relief granted herein, and a substantially similar form of this Sale Order, have been provided in accordance with Bankruptcy Code sections 102(1), 105(a), and 363 and Bankruptcy Rules 2002 and 6004 and any orders of this Court regarding notice in this case; (ii) such notice was good, sufficient and appropriate under the circumstances, and reasonably calculated to reach and apprise all known holders of Liens (defined herein), and all other parties in interest about the Motion, the sale hearing, and the other relief granted herein; and (iii) no other or further notice of the Motion, the sale hearing, and the other relief granted herein is or shall be required.

D. As demonstrated by the testimony and/or other evidence proffered or adduced at the sale hearing or submitted by affidavit before the sale hearing, a reasonable opportunity has been given to any interested party to make a higher or better offer for the Acquired Assets.

E. The Buyer (i) is purchasing the Acquired Assets in good faith and (ii) is a good faith purchaser for value within the meaning of section 363(m) of the Bankruptcy Code and

---

[3] Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate. *See* Fed. R. Bankr. P. 7052.

therefore is entitled to the full protections of that provision and any other applicable or similar bankruptcy or non-bankruptcy law. The Buyer otherwise has proceeded in good faith in all respects in connection with this proceeding in that, among other things: (a) the Buyer recognized that the Trustee was free to deal with any other party interested in acquiring the Acquired Assets, (b) the Acquired Assets were subject to higher and better bids, (c) all payments to be made by the Buyer in connection with the Purchase Agreement have been disclosed, (d) the Buyer has not violated section 363(n) of the Bankruptcy Code by any action or inaction, and (e) the Purchase Agreement was negotiated, proposed and entered into in good faith and from arm's-length bargaining positions.

F.   The consideration provided by the Buyer pursuant to the Purchase Agreement, including the Purchase Price (as defined therein), is fair and adequate and constitutes reasonably equivalent value and fair consideration under the Bankruptcy Code and under the laws of the United States (including the Uniform Fraudulent Transfer Act and the Uniform Fraudulent Conveyance Act). The Purchase Agreement was not entered into, and neither the Trustee nor the Buyer has entered into the Purchase Agreement or propose to consummate the sale transaction for the purpose of hindering, delaying or defrauding the Debtors' present or future creditors.

G.   Subject to the entry of this Sale Order, the Trustee has full power and authority to execute the Purchase Agreement and all other documents contemplated thereby, and the sale transaction has been duly and validly authorized. No consents or approvals other than those provided for in the Purchase Agreement are required for the Trustee to consummate the sale transaction described therein.

H.  The transfer of the Acquired Assets to the Buyer shall be a legal, valid and effective transfer of the Acquired Assets and shall vest the Buyer at Closing with all right, title and interest of the Debtors in and to the Acquired Assets, free and clear of all claims (as defined in Section 101(5) of the Bankruptcy Code, "Claims"), liens (as defined in Section 101(37) of the Bankruptcy Code), encumbrances and all other interests (collectively including each of the foregoing, "Liens").

I.  The Buyer would not have entered into the Purchase Agreement and the Buyer will not consummate the sale transaction contemplated by the Purchase Agreement if the sale of the Acquired Assets is not free and clear of all Liens of any kind or nature whatsoever, or if the Buyer upon the closing of the sale transaction would, or in the future could, be liable for any such liens, claims and interests.  The total consideration to be provided under the Purchase Agreement reflects the Buyer's reliance on the entry of this Order to provide it, pursuant to sections 105 and 363 of the Bankruptcy Code, with title to and possession of the Acquired Assets.

J.  The Debtor may sell the Acquired Assets to the Buyer free and clear of all Liens in accordance with, and to the extent permitted by, section 363(f) of the Bankruptcy Code because, in each case, one or more of the standards set forth in sections 363(f)(1)-(5) of the Bankruptcy Code has been satisfied.  Those holders of Liens against the Debtors, their Estates or any of the Acquired Assets who did not object, or who withdrew their objections, to the Motion are deemed to have consented thereto pursuant to section 363(f)(2) of the Bankruptcy Code. Except as otherwise set forth in the Purchase Agreement or in this Sale Order, the transfer of the Acquired Assets to the Buyer does not and will not subject the Buyer to any liability whatsoever

with respect to the operation of the Debtors' business and/or the ownership of the Acquired Assets prior to the Closing.

K.  It is a reasonable exercise of the Trustee's business judgment to consummate the sale transaction contemplated by the Purchase Agreement, and such actions are in the best interests of the Debtors' estates and their creditors. The consummation of the sale transaction is legal, valid and properly authorized under all applicable provisions of the Bankruptcy Code, including, without limitation, sections 105(a), 363(b), 363(f), and 363(m) of the Bankruptcy Code, and all of the applicable requirements of such sections have been complied with in respect of the sale transaction.

L.  The Purchase Agreement is a valid and binding contract between the Trustee and the Buyer, which is and shall be enforceable according to its terms.

M.  The Trustee has articulated good and sound business reasons for waiving the stay otherwise imposed by Bankruptcy Rules 6004(h).

THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED THAT:

1.  The Motion is granted as set forth herein.

2.  Any objections to the entry of this Sale Order or the relief granted herein and requested in the Motion that have not been withdrawn, waived or settled, and all reservations of rights included therein, hereby are denied and overruled.

3.  The Purchase Agreement and the transactions contemplated thereunder are hereby approved.

4. The Trustee is authorized and directed to execute and deliver, and empowered to perform under, consummate and implement the Purchase Agreement, together with all additional instruments and documents that the Buyer reasonably deems necessary or appropriate to implement the Purchase Agreement and effectuate the transactions, and to take all other and further actions as may be reasonably requested by the Buyer for the purpose of assigning, transferring, granting, conveying and conferring to Buyer or reducing to possession the Acquired Assets, or as may be necessary or appropriate to the performance of the obligations as contemplated by the Purchase Agreement.

5. The transfer of the Acquired Assets to the Buyer pursuant to the Purchase Agreement constitutes a legal, valid and effective transfer of the Acquired Assets, and shall vest the Buyer with all right, title and interest of the Debtors in and to the Acquired Assets, free and clear of all Liens.

6. This Sale Order: (a) shall be effective as a determination that at Closing, all Liens of any kind or nature whatsoever existing as to the Acquired Assets prior to the Closing have been unconditionally released, discharged and terminated to the Acquired Assets being sold (but not, for the avoidance of doubt, released, discharged or terminated as to the proceeds of those Acquired Assets), and that the conveyances described herein have been effected, and (b) shall be binding upon and shall govern the acts of all entities, including, without limitation, all filing agents, filing officers, title agents, title companies, recorders of mortgages, recorders of deeds, registrars of deeds, administrative agencies, governmental departments, secretaries of state, federal, state and local officials, and all other persons and entities who may be required by operation of law, the duties of their office or contract to accept, file, register or otherwise record or release any documents or instruments, or who may be required to report or insure any title or

state of title in or to any of the Acquired Assets.  All Liens will attach to the proceeds of sale with the same validity, extent, and priority that they had with respect to the assets pre-sale.

7. All entities who are presently, or at Closing may be, in possession of some or all of the Acquired Assets are hereby directed to surrender possession of the Acquired Assets to the Buyer before or at Closing.

8. The Purchase Agreement and any related agreements, documents or other instruments may be modified, amended or supplemented by the parties thereto, in a writing signed by such parties, and in accordance with the terms thereof, without further order of the Court, provided that any such modification, amendment or supplement (a) does not have a material adverse effect on the Debtors' estates; (b) is not inconsistent with the relief requested in the Motion or any other provision of this Order; and (c) does not affect the rights of entities who are not party to the present sale transaction.

9. The failure specifically to include any particular provisions of the Purchase Agreement in this Sale Order shall not diminish or impair the effectiveness of such provisions, it being the intent of the Court that the Purchase Agreement is hereby authorized and approved in its entirety, as it may be amended or supplemented in accordance with its terms and this Sale Order.

10. To the extent of any conflict between the Purchase Agreement and this Sale Order as they relate to the rights and obligations of the Seller and the Buyer with respect to each other, the Sale Order shall govern.  To the extent of any conflict between the Purchase Agreement and this Sale Order not within the scope of the immediately preceding sentence, including, without

limitation, as they relate to the rights and obligations of third parties and the rights and obligations of the Buyer with respect to third parties, this Sale Order shall govern.

11.    The fourteen-day stay otherwise imposed by Bankruptcy Rule 6004(h) is hereby waived, and this Sale Order shall be effective immediately upon entry.

12.    This Court shall retain jurisdiction to interpret, implement and enforce this Sale Order.

**Dated: December 12th, 2019**
**Wilmington, Delaware**

KEVIN GROSS
UNITED STATES BANKRUPTCY JUDGE