**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 7 |
| LIQUID HOLDINGS GROUP, INC., *et al.*[1], | Case No. 16-10202 (BLS) |
| Debtors. | Hearing Date:  January 19, 2022 at 9:30 AM<br>Objection Deadline:  January 7, 2022 at 4:00 PM |

**CHAPTER 7 TRUSTEE'S FIRST OMNIBUS (SUBSTANTIVE)
OBJECTION TO (REDUCED; MODIFIED; AND NO LIABILITY) CLAIMS
PURSUANT TO 11 U.S.C. § 502(b) AND
FED. R. BANKR. P. 3001, 3002, 3003 AND 3007 AND LOCAL RULE 3007-1**

Alfred T. Giuliano, chapter 7 trustee (the "Chapter 7 Trustee") for the above-captioned debtors (the "Debtors"), by and through his counsel, Archer & Greiner, P.C., hereby files this objection (the "Objection") pursuant to 11 U.S.C. § 502(b), Rules 3001, 3002, 3003 and 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Local Rule 3007-1 of the Local Rules for the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), to certain claims asserted by various parties (the "Creditors" or the "Claimants") listed on **Exhibits A, B, and C** annexed to the proposed order (the "Proposed Order") submitted herewith (collectively, the "Disputed Claims").  In support of this Objection, the Chapter 7 Trustee submits the Declaration of Alfred T. Giuliano, a copy of which is attached hereto as **Exhibit 1** and incorporated herein by reference, and respectfully represents as follows:

**JURISDICTION**

1.     The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(B).

---

[1] The Debtors are the following entities (the last four digits of their respective taxpayer identification numbers follow in parentheses): Liquid Holdings Group, Inc. (2142) and Liquid Prime Holdings, LLC (2135).

2. The statutory predicates for the relief requested herein are section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Bankruptcy Rules 3001, 3003 and 3007 and Local Rule 3007-1.

## BACKGROUND

3. On January 27, 2016 (the "Petition Date"), the Debtors each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code (the "Chapter 11 Cases").

4. On January 29, 2016, the Court entered an order jointly administering the Debtors' cases.

5. On February 25, 2016, the Court entered an order converting the Chapter 11 Cases to cases administered under chapter 7 of the Bankruptcy Code.

6. On March 1, 2016, the Trustee was appointed as chapter 7 trustee of the estates (the "Estates") pursuant to section 701(a) of the Bankruptcy Code.

## RELIEF REQUESTED AND THE BASIS FOR RELIEF

7. The Chapter 7 Trustee seeks entry of an order, pursuant to Bankruptcy Code section 502(b), Bankruptcy Rules 3001, 3003 and 3007, and Local Rule 3007-1, modifying, reducing, and/or disallowing the Disputed Claims and/or having them deemed filed against another Debtor as reflected on **Exhibits A, B, and C** attached to the Proposed Order.

### Exhibit A- Reduced Claims

8. The Disputed Claims listed in **Exhibit A** to the Proposed Order (the "Reduced Claims") are claims that include amounts that are not liabilities of the Estates. The Chapter 7 Trustee proposes that such claims be reduced to the amounts set forth in the "Modified Claim Amount" column of **Exhibit A** to the Proposed Order, for the reasons set forth on **Exhibit A**. Unless the Reduced Claims are reduced as requested herein, each of the claimants may receive a

disproportionately large distribution than such claimants would otherwise be entitled to, thereby prejudicing other creditors in these chapter 7 cases.

### Exhibit B- Modified Claims

9. The Disputed Claims listed in **Exhibit B** to the Proposed Order (the "Modified Claims") are claims that include amounts that are not liabilities of the Estates or claims that understated the allowed priority amount of the claims. The Chapter 7 Trustee proposes that such claims be reduced or modified to the amounts set forth in the "Modified Claim Amount" column of **Exhibit B** to the Proposed Order, for the reasons set forth on **Exhibit B**. Unless the Modified Claims are reduced or modified as requested herein, each of the claimants may receive a disproportionately large distribution than such claimants would otherwise be entitled to, thereby prejudicing other creditors in these chapter 7 cases, or, where such claims are understated, may receive less than what they are otherwise entitled to receive.

### Exhibit C – No Liability Claims

10. The Disputed Claims listed in **Exhibit C** to the Proposed Order (the "No Liability Claims") are claims that are not liabilities of the Debtors. The Chapter 7 Trustee proposes that such claims be disallowed for the reasons set forth on **Exhibit C**. Unless the No Liability Claims are disallowed as requested herein, each of the claimants may receive a distribution in these chapter 7 cases to which they are not entitled.

### FILING AND SERVICE OF RESPONSES

11. To contest this Objection, the Claimants must file with the Court, and serve on the parties identified below, a written response to the Objection (a "Response") so that it is **RECEIVED NO LATER THAN 4:00 P.M. (ET) ON JANUARY 7, 2022**. The Claimants should read the Proposed Order and its attached exhibits carefully, as Disputed Claims may be

objected to on more than one ground and may, therefore, appear on more than one exhibit. A Response must address *each ground* upon which the Chapter 7 Trustee objects to the relevant Disputed Claim(s). In addition, if the Claimants timely file a written Response and wish to oppose the Objection, the Claimants must attend the hearing scheduled to be held on **JANUARY 19, 2022 at 9:30 A.M. (ET)**, in the courtroom of the Honorable Brendan L. Shannon, United States Bankruptcy Judge of the United States Bankruptcy Court for the District of Delaware, 824 N. Market Street, 6th Floor, Courtroom #1, Wilmington, Delaware 19801 (the "Hearing"). The Hearing will be conducted via Zoom.

12. Every Response shall be served upon the following entities at the following addresses so as to be received no later than **OCTOBER [], 2021 at []:00 P.M.**:

    a. Counsel for the Chapter 7 Trustee, Archer & Greiner, P.C., 300 Delaware Avenue, Suite 1100 Wilmington, Delaware 19801 (Attn: David W. Carickhoff, Esq.); and

    b. The Office of the United States Trustee, J. Caleb Boggs Federal Building, 844 N. King Street, Room 2207, Lockbox 35, Wilmington, Delaware 19801 (Attn: Benjamin Hackman, Esq.).

16. Contents of Response. A Response to the Objection must contain, at a minimum, the following:

    a. a caption setting forth the name of the Bankruptcy Court, the name of the Debtors, the case number and the title of the Objection to which the Response is directed;

    b. the name of the Claimant and description of the basis for the amount of the Disputed Claim;

    c. a concise statement setting forth the reasons why the Disputed Claim should not be disallowed and expunged or reduced including, but not limited to, the specific factual and legal bases upon which the Claimant will rely in opposing the Objection;

    d. all documentation or other evidence in support of the Disputed Claim, not previously filed with the Bankruptcy Court (or claims agent) with the

      Claimant's claim, upon which the Claimant will rely in opposing the Objection at the Hearing; and

  e. the name, address, telephone number and fax number of the person(s) (which may be the Claimant or his/her/its legal representative) to whom counsel for the Chapter 7 Trustee should serve a reply to the Response and who possesses authority to reconcile, settle, or otherwise resolve the Objection to the Disputed Claim on behalf of the Claimant.

17. <u>Timely Response Required</u>. If any Claimant fails to file and serve a timely Response, the Chapter 7 Trustee will present to the Bankruptcy Court an order disallowing and expunging or reducing the Disputed Claim of the Claimant without a hearing or further notice to the Claimant.

18. <u>Service Address</u>. If a Response contains an address for the Claimant that is different from the address shown on the Disputed Claim, the address in the Response shall constitute the service address for future service of papers upon the Claimant until the Chapter 7 Trustee's counsel receives written notice of a change of address from the Claimant or the Claimant's counsel.

## **REPLIES TO RESPONSES**

19. The Trustee may, at his option, file and serve a reply to any Response so that it is received by the Claimant (or the Claimant's counsel, if represented) no later than the day prior to the deadline for filing the agenda.

## **ADJOURNMENT OF HEARING**

20. The Chapter 7 Trustee reserves the right to seek an adjournment of the Hearing on any Response to the Objection.  In the event that the Chapter 7 Trustee seeks such an adjournment, it will be noted on the notice of agenda for the Hearing, and such agenda will be served on the Claimants by serving the person designated in the Response.

## RESERVATION OF RIGHTS

21.   The Chapter 7 Trustee expressly reserves the right to amend, modify or supplement this Objection, and to file additional objections to any other claims (filed or not) that may be asserted against the Debtors.  Should one or more of the grounds of objection stated in this Objection be overruled, the Chapter 7 Trustee reserves his right to object to the Disputed Claims on any other ground that bankruptcy and non-bankruptcy law permits.

## FURTHER INFORMATION

22.   Questions about or requests for additional information about the proposed disposition of the Disputed Claims hereunder should be directed to the Chapter 7 Trustee's counsel in writing as follows: Archer & Greiner, P.C., 300 Delaware Avenue, Suite 1100 Wilmington, Delaware 19801 (Attn: David W. Carickhoff, Esq. – dcarickhoff@archerlaw.com ). **Claimants should not contact the Clerk of the Court to discuss the merits of the Disputed Claims or this Objection**

## COMPLIANCE WITH LOCAL RULES

23.   The undersigned certifies that the Objection substantially complies with Local Rule 3007-1.  To the extent that the Objection does not comply in all respects with the requirements of Local Rule 3007-1, the Chapter 7 Trustee believes that such deviations are not material and respectfully requests that such deviations be waived.

*Remainder of page intentionally left blank*

## **NOTICE**

24. A copy of the Objection has been served upon: (i) the United States Trustee for the District of Delaware, and (ii) the affected Claimants. A copy of the Notice was served on the parties on the Rule 2002 Service List. The Chapter 7 Trustee submits that no further notice is required.

**WHEREFORE**, the Chapter 7 Trustee respectfully requests that the Bankruptcy Court enter an order (i) reclassifying, reducing, and/or disallowing the Disputed Claims and/or having them deemed allowed against another Debtor as set forth on **Exhibits A, B, and C** annexed to the Proposed Order; and (ii) granting such other and further relief as is just and proper.

Dated: December 6, 2021                              */s/ David W. Carickhoff*
                                                    David W. Carickhoff (No. 3715)
                                                    ARCHER & GREINER, P.C.
                                                    300 Delaware Avenue, Suite 1100
                                                    Wilmington, DE 19801
                                                    (302) 356-6621 - Telephone
                                                    (302) 777-4352 - Facsimile
                                                    dcarickhoff@archerlaw.com - Email

                                                    *Counsel for Chapter 7 Trustee*