**PROPOSED ORDER**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>LIQUID HOLDINGS GROUP, INC., *et al.*,[1]<br><br>Debtors. | Chapter 7<br><br>Case No. 16-10202 (BLS)<br><br>**Re: Docket No.** |

**ORDER SUSTAINING CHAPTER 7 TRUSTEE'S FIRST OMNIBUS (SUBSTANTIVE) OBJECTION TO (REDUCED; MODIFIED; AND NO LIABILITY) CLAIMS PURSUANT TO 11 U.S.C. § 502(b) AND FED. R. BANKR. P. 3001, 3002, 3003 AND 3007 AND LOCAL RULE 3007-1**

Upon the *Chapter 7 Trustee's First Omnibus (Substantive) Objection to (Reduced; Modified; and No Liability) Claims Pursuant To 11 U.S.C. § 502(b) and Fed. R. Bankr. P. 3001, 3002, 3003 and 3007 and Local Rule 3007-1* (the "Objection")[2], and upon the declaration of Alfred T. Giuliano in support of the Objection, attached as **Exhibit 1** to the Objection (the "Alfred T. Giuliano Declaration"), seeking entry of an order disallowing, reducing, and/or reclassifying the claims listed on **Exhibits A, B, and C** attached hereto (collectively, the "Disputed Claims") on the grounds set forth in the Objection and in the attached exhibits; and the Court having found that it has jurisdiction over this matter pursuant to 28 U.S.C. § 157 and 1334; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having found that venue of this case and the Objection in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the Objection is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and the Court having found that the Trustee provided appropriate notice of the Objection

---

[1] The Debtors are the following entities (the last four digits of their respective taxpayer identification numbers follow in parentheses): Liquid Holdings Group, Inc. (2142) and Liquid Prime Holdings, LLC (2135).

[2] Capitalized terms not otherwise defined in this Order shall have the meanings ascribed to such terms in the Objection.

and the opportunity to heard on the Objection; and the Court having considered the Objection and any responses thereto; and after due deliberation thereon; and good and sufficient cause appearing therefor,

IT IS HEREBY ORDERED THAT:

1. The Objection is sustained as set forth herein.

2. The Reduced Claims set forth on the attached **Exhibit A** are hereby reduced as set forth in the "Modified Claim Amount" column of **Exhibit A**.

3. The Modified Claims set forth on the attached **Exhibit B** are hereby modified and allowed in the amount set forth in the "Modified Claim Amount" column of **Exhibit B**.

4. The No Liability Claims set forth on the attached **Exhibit C** are hereby disallowed in their entirety.

5. For the avoidance of doubt, to the extent that any remaining claim or portion thereof is listed as an administrative claim, such claim or portion thereof is a chapter 11 administrative expense claim, not a chapter 7 administrative expense claim.

6. Nothing in this Order or the Objection shall be deemed a waiver of the Trustee's causes of action against the Claimants whose Disputed Claims are subject to the Objection, pursuant to section 502(d) of the Bankruptcy Code, including, but not limited to, any actions to avoid preferential transfers or fraudulent conveyances.

7. This Order is without prejudice to the Trustee's, or any other party in interest's, right to object to any other claims filed against the Debtors.

8. Consistent with Bankruptcy Rule 3007(f), this Order shall be deemed a separate Order with respect to each of the Disputed Claims identified on **Exhibits A, B, and C** attached hereto. Any stay of this Order pending appeal by any Claimant whose claim(s) are subject to this Order shall only apply to the contested matter which involves such Claimant and shall not act to

stay the applicability and/or finality of this Order with respect to the other contested matters listed in the Objection or this Order.

9.  This Bankruptcy Court shall retain jurisdiction over the Trustee and Claimants whose Disputed Claims are subject to the Objection with respect to any matters related to or arising from the Objection or the implementation of this Order.

**Exhibit A – Reduced Claims**

| Name of Claimant | Claim Number | Claim Amount | Modified Claim Amount | Reason for Reduction |
|---|---|---|---|---|
| Hub Properties Trust c/o Equity Commonwealth Two North Riverside Plaza, Suite 2100 Chicago, IL 60606 | Claim No.: 13-2 Case No. 16-10202 | $23,851.41 Secured $301,207.56 General Unsecured | $301,207.56 General Unsecured | Pursuant to Order, Creditor was permitted to apply deposit of $23,851.00 [Docket No.: 114]. |
| IPC Network Services, Inc. P. O. Box 35634 Newark, New Jersey 07193 | Claim No.: 21 Case No. 16-10202 | $4,956.12 General Unsecured | $3,304.08 General Unsecured | No Supporting Documents. Reduced to scheduled amount. |
| Joseph P. Day Realty Corp. as agent c/o Platte, Klarsfeld, Levine & Lachtman 10 East 40th Street, 46th Floor New York, New York 10016 | Claim No.: 29 Case No. 16-10202 | $1,118,705.15 General Unsecured | $594,854.15 General Unsecured | Claim reduced to reflect amount due after application of security deposit ($523,851.00). Security deposit reflected in Lease attached to proof of claim and in Debtor's schedules. |

**Exhibit B – Modified Claims**

| Name of Claimant | Claim Number | Claim Amount | Modified Claim Amount | Reason for Reclassification or Modification |
|---|---|---|---|---|
| Deutsche Boerse AG<br>Attn: Kateryna Kilpa<br>60485 Frankfurt am Main<br>Germany | Claim No.: 6<br>Case No.: 16-10202 | 7,828.02 Euros General Unsecured | $8,489.49 USD General Unsecured | The claim amount has been converted from Euros to USD at the conversion rate as of the petition date. |
| Filoso, Anthony<br>344 Lowell Avenue<br>Floral Park, NY 11001 | Claim 27<br>Case No. 16-10202 | $1,449.42 Priority<br>$385,431.12 General Unsecured | $12,475 Priority<br>$374,405.54 General Unsecured | The priority amount should be higher (the capped amount), as it relates to priority pre-petition wages. *See* 11 U.S.C. § 507(a)(4). |
| Ibietatorremendia, Jose<br>77 Bleeker Street, Apt. 112<br>New York, NY 10012 | Claim 36<br>Case No. 16-10202 | $243,750.00 General Unsecured | $12,475 Priority<br>$231,275 General Unsecured | A portion of the claim should receive priority treatment up to the cap, as it relates to priority pre-petition wages. *See* 11 U.S.C. § 507(a)(4). |
| Kent, Peter R.<br>118 Hiawatha Avenue<br>Oceanport, NJ 07757 | Claim No.: 31<br>Case No. 16-10202 | $337,500.00 Priority (Wages) | $12,475 Priority<br>$325,025 General Unsecured | The priority amount claimed is subject to the cap of 11 U.S.C. § 507(a)(4) as of the petition date. |
| O'Boyle, Robert<br>114 Eunice Avenue<br>Fairfield, CT 06824 | Claim No.: 26<br>Case No. 16-10202 | $455,800.00 General Unsecured | $12,475 Priority<br>$443,325 General Unsecured | A portion of the claim should receive priority treatment up to the cap, as it relates to priority pre-petition wages. *See* 11 U.S.C. § 507(a)(4). |
| Oslo Bors ASA<br>Postboks 460 Sentrum<br>N-0105 Oslo<br>Norway | Claim No.: 8<br>Case No. 16-10202 | 37,850.00 Norwegian Kroner General Unsecured | $4,327.13 USD General Unsecured | The claim amount has been converted from Norwegian Kroner to USD at the conversion rate as of the petition date. |

**Exhibit C – No Liability Claims**

| Name of Claimant | Claim Number | Claim Amount | Reason for Disallowance |
|---|---|---|---|
| Kent, Peter R.<br>118 Hiawatha Avenue<br>Oceanport, NJ  07757 | Claim No.: 48<br>Case No. 16-10202 | Unliquidated<br>General Unsecured | This is an unliquidated claim for coverage under a D&O insurance policy.  Based upon the Trustee's analysis, the Debtor has no liability and the claim should be disallowed in its entirety. |
| New York State Dept. of Tax and Finance<br>Bankruptcy Section<br>P. O. Box 5300<br>Albany, NY  12205-0300 | Claim No.: 57<br>Case No. 16-10202 | $1,166.57 Priority (Tax) (Estimated) | This is a claim for taxes for the period ending May 31, 2016.  The Debtor ceased operations on February 25, 2016. Based upon the Trustee's analysis, the Debtor has no liability and the claim should be disallowed in its entirety. |
| U. S. Securities & Exchange Commission<br>Brookfield Place, 200 Vasey Street, Suite 400<br>New York, NY  10281 | Claim No.: 56<br>Case No. 16-10202 | Unliquidated<br>General Unsecured | This is an unliquidated claim relating to the SEC's investigation of potential violations of federal law.  Based upon the Trustee's analysis, the Debtor has no liability and the claim should be disallowed in its entirety. |