# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>LIQUID HOLDINGS GROUP, INC., *et al.*,[1]<br><br>Debtors. | Chapter 7<br><br>Case No. 16-10202 (BLS)<br>(Jointly Administered)<br><br>**Hearing Date:  To be heard with TFR**<br>**Objection Deadline:  TBD** |

**FINAL (CONTINGENT FEE MATTERS) APPLICATION**
**FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES**
**OF SHOOK, HARDY & BACON L.L.P.**
**AS SPECIAL COUNSEL TO THE CHAPTER 7 TRUSTEE, FOR**
**THE PERIOD FROM JANUARY 2, 2018 THROUGH APRIL 19, 2019**

| Name of Applicant: | Shook, Hardy & Bacon L.L.P. |
|---|---|
| Authorized to Provide Professional Services to: | Chapter 7 Trustee |
| Date of Retention: | Effective *nunc pro tunc* to January 2, 2018 by order signed on or before February 16, 2018 |
| Period for which Compensation is Sought as Reasonable and Necessary: | January 2, 2018 through April 19, 2019 |
| Amount of Compensation Sought as Reasonable and Necessary: | $106,875 (25% of $427,500 plus $1,950.00 (15% of $13,000) for a total of $108,825 |
| Amount of Expense Reimbursement Sought as Actual, Reasonable and Necessary: | $2,505.92 |

This is a(an)          monthly          interim          x final application

---

[1] The Debtors, along with the last four digits of each reorganized debtor's tax identification number, as applicable, are: Liquid Holdings Group, Inc. (2142), Liquid Prime Holdings, LLC (2135).  The address of the Debtors' corporate headquarters is 111 River Street, Ste. 1204, Hoboken, New Jersey 07030.

## PRIOR APPLICATIONS FILED

| Date & Docket No. Filed | Filing Period | Recoveries | Requested Expenses (100%) | Order Approving Contingent Compensation | Fees (25%) |
|---|---|---|---|---|---|
| 9/21/2018 D.I. 212 (1st Interim) | January 2, 2018 – September 14, 2018 | $75,000.00 | $504.00 | D.I. 221 | $18,750.00 |
| 11/28/2018 D.I. 238 (Amended 2nd Interim) | September 15, 2018 – November 23, 2018 | $107,500.00 | $1,603.88 | D.I. 242 | $26,875.00 |
| 4/29/2019 D.I. 252 (3rd Interim) | November 24, 2018 – April 19, 2019 | $258,000 | $398.04 | D.I. 256 | $61,250 (25% of $245,000) plus $1,950 (15% of $13,000) for a total of $63,200 |

## SUMMARY OF RECOVERIES

| Matter | Recovery | 25% of Recovery |
|---|---|---|
| **First Omnibus Settlements** | | |
| *Activ Financial Systems* Adversary Pro. No. 18-50140 | $2,500.00 | $625.00 |
| *Actuate Corporation* Adversary Pro. No. 18-50141 | $27,000.00 | $6,750.00 |
| *Ballard Spahr LLP* Adversary Pro. No. 18-50143 | $5,000.00 | $1,250.00 |
| *Bloomberg Finance LP* Adversary Pro. No. 18-50142 | $4,000.00 | $1,000.00 |
| *DataArt Solutions, Inc.* Adversary Pro. No. 18-50146 | $15,000.00 | $3,750.00 |
| *Ipreo Data Inc.* Adversary Pro. No. 18-50153 | $9,000.00 | $2,250.00 |

| Matter | Recovery | 25% of Recovery |
|---|---|---|
| *Lyons Benenson & Company, Inc.*<br>Adversary Pro. No. 18-50155 | $2,000.00 | $500.00 |
| *The Blue Shirt Group LLC*<br>Adversary Pro. No. 18-50145 | $7,500.00 | $1,875.00 |
| *Trinet*<br>Adversary Pro. No. 18-50158 | $3,000.00 | $750.00 |

**Total of First Omnibus Settlements**  $75,000.00  $18,750.00

| Matter | Recovery | 25% of Recovery |
|---|---|---|
| **Second Omnibus Settlements** | | |
| *Crystal & Company*<br>Adversary Pro. No. 18-50144 | $15,000.00 | $3,750.00 |
| *David Francescani*<br>Adversary Pro. No. 18-50147 | $20,105.00 | $5,026.25 |
| *David Suskind*<br>Adversary Pro. No. 18-50148 | $17,765.00 | $4,441.25 |
| *Victor Simone*<br>Adversary Pro. No. 18-50159 | $41,045.00 | $10,261.25 |
| *Walter Racquet*<br>Adversary Pro. No. 18-50160 | $13,585.00 | $3,396.25 |

**Total of Second Omnibus Settlements**  $107,500.00  $26,875.00

| Matter | Recovery | Percentage of Recovery |
|---|---|---|
| **Third Omnibus Settlements** | | |
| *ACC/GP Development*<br>Adversary Pro. No. 18-50139 | $13,000.00 | $1,950.00 (15% of recovery) |
| *Gibson, Dunn & Crutcher LLP*<br>Adversary Pro. No. 18-50151 | $225,000.00 | $56,250.00 (25% of recovery) |
| *Olshan Frome Wolosky LLP*<br>Adversary Pro. No. 18-50156 | $20,000.00 | $5,000.00 (25% of recovery) |

**Total of Third Omnibus Settlements**  $258,000.00  $63,200.00

## EXPENSE SUMMARY

| Expense Category | Service Provider (if applicable) | Total Expenses |
|---|---|---|
| Reproduction Expense | Imaging Services | $107.30 |
| Legal Research | Pacer / Westlaw / Accurint | $342.00 |
| Special Postage | Special Postage / Federal Express | $54.70 |

**Total Expenses in First Omnibus Settlements:    $504.00**

| Expense Category | Service Provider (if applicable) | Total Expenses |
|---|---|---|
| Reproduction Expense | Imaging Services | $33.40 |
| Legal Research | Pacer / Westlaw / Accurint | $25.10 |
| Special Postage | Special Postage / Federal Express | $122.26 |
| Travel Related Expenses | Travel for Oct. 25, 2018 Hearing | $1,423.12 |

**Total Expenses in Second Omnibus Settlements:  $1,603.88**

| Expense Category | Service Provider (if applicable) | Total Expenses |
|---|---|---|
| Reproduction Expense | Imaging Services | $243.30 |
| Legal Research | Pacer / Courtlink | $56.57 |
| Special Postage | Special Postage / Federal Express | $23.17 |
| Travel Related Expenses | Additional Airfare – M. Barnett 10/25/18 | $75.00 |

**Total Expenses in Third Omnibus Settlements: $398.04**

**Grand Total Expenses:     $2,505.92**

4

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>LIQUID HOLDINGS GROUP, INC., *et al.*,[2]<br><br>　　　　　　　　　　　Debtors. | Chapter 7<br><br>Case No. 16-10202 (BLS)<br>(Jointly Administered)<br><br>**Hearing Date: To be heard with TFR<br>Objection Deadline: TBD** |

**FINAL (CONTINGENT FEE MATTERS) APPLICATION
FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES
OF SHOOK, HARDY & BACON L.L.P.
AS SPECIAL COUNSEL TO THE CHAPTER 7 TRUSTEE, FOR
THE PERIOD FROM JANUARY 2, 2018 THROUGH APRIL 19, 2019**

Pursuant to sections 330 and 331 of Title 11 of the United States Code (the "Bankruptcy Code"), and Rule 2016 of the Federal Rules of Bankruptcy Procedure (collectively, the "Bankruptcy Rules"), Shook, Hardy & Bacon L.L.P, ("Shook" or the "Firm"), Special Counsel to the Chapter 7 Trustee, hereby submits its *Final (Contingent Fee Matters) Application for Compensation and for Reimbursement of Expenses for the Period from January 2, 2018 through April 19, 2019* (the "Application").

By this Application Shook seeks a final allowance of compensation in the amount of $108,825, and actual and necessary expenses in the amount of $2,505.92 for a total allowance of $111,330.92, and payment of the unpaid amount of such fees and expenses, for the period

---

[2] The Debtors, along with the last four digits of each reorganized debtor's tax identification number, as applicable, are: Liquid Holdings Group, Inc. (2142), Liquid Prime Holdings, LLC (2135). The address of the Debtors' corporate headquarters if 111 River Street, Ste. 1204, Hoboken, New Jersey 07030.

5

January 2, 2018 through April 19, 2019 (the "Final Period"). In support of this Application, Shook respectfully represents as follows:

## Background

1. On January 27, 2016 (the "Petition Date"), the Debtors each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware (the "Chapter 11 Cases"). On January 29, 2016, the Court entered an Order for the Joint Administration of the Debtors' bankruptcy cases.

2. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

3. On February 25, 2016, an Order was entered by the Court converting the Debtor's chapter 11 cases to cases under chapter 7.

4. On March 1, 2016, Alfred T. Giuliano was appointed chapter 7 trustee (the "Trustee") in the above-captioned estates. Archer & Greiner, P.C. was retained as general bankruptcy counsel for the Trustee. The retention of Shook, as special counsel to the Trustee, was approved effective as of January 2, 2018 by this Court's "Order Granting Application of the Chapter 7 Trustee Pursuant to Sections 327 and 328(a) of the Bankruptcy Code, Authorizing the Retention and Employment of Shook, Hardy & Bacon, L.L.P. as Special Counsel to the Chapter 7 Trustee to Pursue Avoidance Actions, *Nunc Pro Tunc* to January 2, 2018," signed on or about January 16, 2018 (the "Retention Order"). The Retention Order granted the application to retain Shook as special counsel to assist the Trustee with the investigation, prosecution, and resolution of actions under chapter 7 of the Bankruptcy Code and related matters, and authorized Shook to be compensated on a contingent fee basis of 25% of the gross recovery (the "Recovery") from

each avoidance matter (30% where the matter involves post-judgment collection work), plus reimbursement of all reasonable expenses.

## SHOOK'S APPLICATION FOR COMPENSATION AND FOR REIMBURSEMENT OF EXPENSES

### Compensation Paid and Its Source

5. All services for which Shook requests compensation were performed for or on behalf of the Trustee.

6. Shook has received no payment and no promises for payment from any source other than the Trustee for services rendered or to be rendered in any capacity whatsoever in connection with the matters covered by this Application.

### Recoveries

7. On September 21, 2018, the Trustee filed his *First Omnibus Motion for an Order Approving Settlements of Avoidance Actions Pursuant to Fed. R. Bankr. P. 9019*, (Docket No. 211) ("First Omnibus Settlement Motion"). On October 10, 2018, the Court entered an *Order Granting the Chapter 7 Trustee's First Omnibus Motion for an Order Approving Settlements of Avoidance Actions Pursuant to Fed. R. Bankr. P. 9019* (Docket No. 218) ("First Omnibus Settlement Order"). By virtue of the First Omnibus Settlement Motion and First Omnibus Settlement Order, the estates are to recover cash of $75,000, of which Shook is entitled to twenty-five per cent (25%), or $18,750.

8. On November 28, 2018, the Trustee filed the *Chapter 7 Trustee's Amended Second Omnibus Motion for an Order Approving Settlements of Avoidance Actions Pursuant to Fed. R. Bankr. P. 9019*, (Docket No. 238) ("Second Omnibus Settlement Motion"). On December

13, 2018, the Court entered an *Order Granting the Chapter 7 Trustee's Third Omnibus Motion for an Order Approving Settlements of Avoidance Actions Pursuant to Fed. R. Bankr. P. 9019* (Docket No. 242) ("Second Omnibus Settlement Order"). By virtue of the Second Omnibus Settlement Motion and Second Omnibus Settlement Order, the estates are to recover cash of $107,500, of which Shook is entitled to twenty-five per cent (25%), or $26,875.

9. On April 29, 2019, the Trustee filed the *Chapter 7 Trustee's Third Omnibus Motion for an Order Approving Settlements of Avoidance Actions Pursuant to Fed. R. Bankr. P. 9019*, (Docket No. 252) ("Third Omnibus Settlement Motion"). On May 17, 2019, the Court entered an *Order Granting the Chapter 7 Trustee's Third Omnibus Motion for an Order Approving Settlements of Avoidance Actions Pursuant to Fed. R. Bankr. P. 9019* (Docket No. 255) ("Third Omnibus Settlement Order"). By virtue of the Third Omnibus Settlement Motion and Third Omnibus Settlement Order, the estates are to recover cash of $258,000, comprised of $245,000 of which Shook is entitled to twenty-five per cent (25%), or $61,250.00, and another $13,000.00, of which Shook is entitled to fifteen per cent (15%), or $1,950.00.

10. The $13,000 recovery of which Shook is seeking a fifteen per cent (15%) fee relates to the adversary proceeding against ACC/GP Development. ACC/GP Development did not answer the Complaint, and so the Trustee obtained a default Judgment against it for the $25,062.70 sought on July 16, 2018. Thereafter, ACC/GP Development contacted the Trustee, and after considering ACC/GP Development's defenses, the parties resolved the matter such that ACC/GP Development agreed to pay the Trustee $13,000.00 in settlement of the preferential transfers, in exchange for satisfaction of the Judgment.

8

11. The Trustee is proposing that 15% of the $13,000 payment made by ACC/GP be paid to Shook, and that another 15% of such amount be paid to a collection agency JNR Adjustment Company, Inc., whose employment was previously approved [Docket No. 259]. Under the terms of Shook's retention, Shook is entitled to 30% of amounts collected post-judgment. As such, the aggregate proposed payment will not exceed 30% of the amount collected from ACC/GP. While Shook does not view the Trustee's proposal as a fee sharing agreement, it has identified the issue simply to reflect why Shook will be receiving less than it is otherwise entitled to receive under the terms of its retention.

### Actual and Necessary Expenses

12. A summary of actual and necessary expenses incurred by Shook for the Final Period is attached hereto as **Exhibit A**.

13. Shook believes the rates it charges are the market rates that the majority of law firms charge clients for such services. In addition, Shook believes that such charges are in accordance with the American Bar Association's ("ABA") guidelines, as set forth in the ABA's Statement of Principles, dated January 12, 1995, regarding billing for disbursements and other charges.

14. The total amount of reasonable costs incurred and to be reimbursed to Shook is $2,505.92.

**Summary of Services Rendered**

15.     Shook has performed its work as special counsel in assisting the Trustee with the recovery of assets, and performed all necessary professional services pursuant to the terms of its retention.

16.     The reasonable value of the services rendered by Shook for the Trustee during the Final Period (comprising 25% and 15% of the amounts recovered) is $108,825.

17.     In accordance with the factors enumerated in section 330 of the Bankruptcy Code, it is respectfully submitted that the amount requested by Shook is fair and reasonable given (a) the complexity of the case, (b) the time expended, (c) the nature and extent of the services rendered, (d) the value of such services, and (e) the costs of comparable services other than in a case under the Bankruptcy Code. Moreover, Shook has reviewed the requirements of Del. Bankr. LR 2016-2 and believes that this Application complies with such Rule.

18.     WHEREFORE, Shook respectfully requests that, for the period January 2, 2018 through April 19, 2019, a final allowance be made to Shook for compensation in the amount of $108,825, and actual and necessary expenses in the amount of $2,505.92 for a total allowance of $111,330.92; that payment of such allowed amounts be authorized on a final basis; and for such other and further relief as this Court may deem just and proper.

*[signature on following page]*

Dated:  January 17, 2022    GELLERT SCALI BUSENKELL & BROWN LLC

    */s/  Ronald S. Gellert*_____
Ronald S. Gellert (DE 4259)
1201 N. Orange Street, Suite 300
Wilmington, Delaware 19801
Telephone:  302.425.5800
Facsimile:  302.425.5814
E-mail:  rgellert@sgbblaw.com

  - and -

Michael B. Barnett
Mark Moedritzer
SHOOK, HARDY & BACON L.L.P.
2555 Grand Boulevard
Kansas City, Missouri 64108
Telephone:  816.474.76550
Facsimile:  816.421.5547
E-mail:  mbarnett@shb.com
E-mail:  mmoedritzer@shb.com

*Attorneys for Plaintiff Trustee*

## **DECLARATION**

Mark Moedritzer, after being duly sworn according to law, deposes and says:

    a)    I am a partner with the applicant law firm Shook, Hardy & Bacon L.L.P., and have been admitted to appear before this Court *pro hac vice*.

    b)    I am familiar with the legal services rendered by Shook, Hardy & Bacon L.L.P. as special counsel to the chapter 7 Trustee.

    c)    I have reviewed the foregoing Application and the facts set forth therein are true and correct to the best of my knowledge, information and belief, Moreover, I have reviewed Del. Bankr. LR 2016-2 and submit that the Application substantially complies with such Rule.

*s/ Mark Moedritzer*
Mark Moedritzer